HANSON BRIDGETT LLP
SANDRA L. RAPPAPORT, SBN 172990
srappaport@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
KYLE A. MABE, SBN 295735
kmabe@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Defendants
LEPRINO FOODS COMPANY AND LEPRINO FOODS DAIRY PRODUCTS COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| VICTOR VASQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT LEPRINO FOODS COMPANY'S NOTICE OF REMOVAL - CLASS ACTION** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS VICTOR VASQUEZ AND LINDA HEFKE AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Leprino Foods Company ("Defendant" or "Leprino") hereby removes to this Court the state court action described below:

1. Jurisdiction: This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332(d)(2) and is one that may be removed to this Court from the Superior Court of the State of California, County of Kings, where the action was initiated. This action may be removed by Defendant pursuant to the provisions of 28 U.S.C. sections

1441(a), 1453(b) and 1446. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 (CAFA) in that the Complaint purports to be a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and there is minimal diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(d)(2). Additionally, the number of putative class members exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B). Defendant has not previously removed this case under CAFA.

2. State Court Action

a. On May 8, 2017, Plaintiffs Victor Vasquez and Linda Hefke ("Plaintiffs") filed this class action in the Superior Court of the State of California for the County of Kings, entitled *Victor Vasquez, et al. v. Leprino Foods Company, et al.*, Case No. 17 C0129. A true and correct copy of Plaintiffs' Complaint For Damages is attached hereto as Exhibit A ("Complaint"). Their Complaint asserts five causes of action: (1) Failure to Pay Reporting Time Pay in violation of IWC Order 8-2001, Section 5; (2) Failure to Provide Off Duty Meal & Rest Periods; (3) Failure to Properly Itemize Pay Stubs in Violation of California Labor Code §§226(a) and 226(e); (4) Conversion; and (5) violation of Business & Professions Code Section 17200, *et seq.*

b. The first date on which Defendant received a copy of the Complaint was May 18, 2017, when it was served with a copy of the state court Complaint and Summons. A true and correct copy of the Summons and the Service of Process Transmittal sent to Defendant by "CT Corporation" indicating personal service on Defendant on May 18, 2017, is attached hereto as Exhibit B.

c. On June 8, 2017, Defendants Leprino Foods Company and Leprino Foods Dairy Products Company filed an Answer to Plaintiffs' unverified Complaint in the Superior Court of California, County of Kings. A true and correct copy of Defendants' Answer is attached hereto as Exhibit D.

3. Citizenship:

a. Plaintiffs have been citizens of the State of California before the filing of their Complaint to present. Plaintiffs allege that they are residents of Kings County, California. (Complaint, ¶ 10.)

b. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State in which it has been incorporated, and of the State where it has its principal place of business . . ." Leprino was, and still is, a corporation incorporated under the laws of the State of Colorado, having its principal place of business in the State of Colorado. (Exhibit E, Declaration of Paul Adams ("Adams Decl."), ¶ 2.)

c. The citizenship of fictitious and unknown defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. 28 U.S.C. §§ 1441(a), (b)(1); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

d. Thus, minimal diversity under CAFA exists where, as here, Plaintiffs, who are citizens of California, are diverse from Defendant Leprino Foods Company, whose principal place of business is in Colorado and who is incorporated in Colorado. *See* 28 U.S.C. § 1332(d)(2). This action may be removed by Defendant Leprino Foods Company without the consent of all defendants. 28 U.S.C. § 1453(b).

4. Amount in Controversy:

a. The amount in controversy in Class Action Fairness Act cases may be determined on the basis of the aggregate value to the Plaintiff class members. 28 U.S.C. § 1332(d)(6). Plaintiffs bring this action on behalf of a class of persons who: "are currently employed, or formerly have been employed, as nonexempt hourly employees at Defendants' Lemoore West facilities in Lemoore, California, at any time within four years prior to filing of the original complaint until resolution of this action." (Complaint, ¶ 20.) The class seeks unpaid wages to the extent Defendant allegedly failed to pay compensation for the additional hour of pay for each day a meal break or rest break allegedly was not provided, compensation for allegedly failing to pay reporting time pay, penalties for allegedly failing to provide accurate wage statements, and reasonable attorneys' fees.

b. Among other causes of action, Plaintiffs seek relief in their Second Cause of Action on behalf of themselves and all current and former employees of Defendant under Labor Code section 226.7(b) to recover "one hour of pay at the employee's regular rate of compensation

for each workday that the duty free rest or meal period was not provided." (Complaint, ¶ 37.) In this matter, there is a four-year statute of limitations for these claims. Cal. Civ. Proc. Code § 338(a); Cal. Bus. & Prof. Code § 17208. For every day an employee works six or more hours and the employer fails to provide a 30-minute uninterrupted meal period, the employee is entitled to a premium payment equal to a full hour of pay at the employee's regular rate of pay. Cal. Lab. Code § 226.7(c). Additionally, for every day an employee works four or more hours and the employer fails to provide a 10-minute off-duty rest period, the employee is entitled to an additional premium payment equal to a full hour of pay at the employee's regular rate of pay. (*Id.*) An employer may be liable for up to two premiums per day -- one for failure to provide a meal period and one for failure to provide one or more rest breaks. *United Parcel Service v. Superior Court*, 196 Cal.App.4th 57, 70 (2011). Plaintiffs allege that they and all other putative class members were "*never* afforded duty free meal and rest breaks." (Complaint, ¶ 38 (emphasis added).) For three[1] of the four years preceding May 8, 2017, Plaintiffs' alleged penalty recovery would be as follows:

i. During the year 2014, Defendant employed 768 non-exempt full-time employees at its Lemoore West plant, each of whom was regularly scheduled to work five eight-hour shifts per week.[2] (Adams Decl., ¶ 3.) Conservatively estimating that Defendant's full-time employees worked at least 48 weeks a year, the 768 employees worked a total of 184,320 eight-hour shifts in 2014. [768 (number of full-time employees that worked all of 2014) x 240 (number of work days in 48 weeks) = 184,320]. The average regular hourly rate of pay of the employees who worked for Defendant at the Lemoore West plant in 2014 was $23.93. (Adams Decl., ¶ 3.) Thus, the

---

[1] To simplify these calculations, and to provide a fair and reasonable estimate of the amount of Plaintiff's claims, the periods between May 8, 2013 and December 31, 2013, and between January 1, 2017 and May 8, 2017 (totaling an entire year), are not included in the penalty calculation for this cause of action.

[2] This number of employees does not include individuals who worked at the Lemoore West Plant in 2014 for less than the full calendar year.

amount in controversy for this claim in 2014 is calculated as follows: (184,320 (number of shifts worked in 2014 by full-time hourly employees) x $23.93 (average penalty for a missed meal period)) + (184,320 (number of shifts worked in 2014 by full-time hourly employees) x $23.93 (average penalty for a missed rest period)) = $8,821,555.20.

ii. During the year 2015, Defendant employed 810 non-exempt full-time employees at its Lemoore West plant, each of whom was regularly scheduled to work five eight-hour shifts per week.[3] (Adams Decl., ¶ 4.) Conservatively estimating that Defendant's full-time employees worked at least 48 weeks a year, the 810 employees worked a total of 194,400 eight-hour shifts in 2015. [810 (number of full-time employees that worked all of 2015) x 240 (number of work days in 48 weeks) = 194,400]. The average regular hourly rate of pay of the employees who worked for Defendant at the Lemoore West plant in 2015 was $24.51 (Adams Decl., ¶ 4.) Thus, the amount in controversy for this claim in 2015 is calculated as follows: (194,200 (number of shifts worked in 2015 by full-time hourly employees) x $24.51 (average penalty for a missed meal period)) + (194,200 (number of shifts worked in 2015 by full-time hourly employees) x $24.51 (average penalty for a missed rest period)) = $9,529,488.

iii. During the year 2016, Defendant employed 805 non-exempt full-time employees at its Lemoore West plant, each of whom was regularly scheduled to work five eight-hour shifts per week.[4] (Adams Decl., ¶ 5.) Conservatively estimating that Defendant's full-time employees worked at

---

[3] This number of employees does not include individuals who worked at the Lemoore West Plant in 2015 for less than the full calendar year.

[4] This number of employees does not include individuals who worked at the Lemoore West Plant in 2016 for less than the full calendar year.

least 48 weeks a year, the 805 employees worked a total of 193,200 eight-hour shifts in 2016. [805 (number of full-time employees that worked all of 2016) x 240 (number of work days in 48 weeks) = 193,200]. The average regular hourly rate of pay of the employees who worked for Defendant at the Lemoore West plant in 2016 was $24.82. (Adams Decl., ¶ 5.) Thus, the amount in controversy for this claim in 2016 is calculated as follows: (193,200 (number of shifts worked in 2016 by full-time hourly employees) x $24.82 (average penalty for a missed meal period)) + (193,200 (number of shifts worked in 2016 by full-time hourly employees) x $24.82 (average penalty for a missed rest period)) = $9,590,448.

c. Thus, for the years 2014, 2015, and 2016, and without including potential penalties for alleged violations between May 8, 2013 and December 31, 2013, or the potential penalties for alleged violations between January 1, 2017 to present, the amount in controversy for Plaintiffs' meal and rest break claims totals $27,941,491.20.

d. In addition, Plaintiffs claim in their First Cause of Action that Defendant failed to pay reporting time pay such that they and the putative class "have been damaged in an amount according to proof at time of trial." (Complaint, ¶ 33.)

e. In their Third Cause of Action, Plaintiffs additionally claim they and the other putative class members are entitled to penalties pursuant to California Labor Code section 226, for Defendant's alleged "failure to furnish them with proper itemized wage statements." (Complaint, ¶ 43.) California Labor Code section 226(e) provides that a nonexempt employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000). Cal. Lab. Code § 226(e). There is a one-year statute of limitations for such penalty claims. Cal. Civ. Proc. Code § 340(a).

f. In addition to their damages claims, Plaintiffs' claim for attorneys' fees also further increases the amount in controversy. Attorneys' fees can be included if the fees are

provided for by contract; or if a statute mandates or allows payment of attorney's fees. *Lowdermilk v. United States Bank N.A.*, 479 F.3d 994, 1000 (9th Cir. 2007). In this instance, Plaintiffs seek attorneys' fees based on the following statutes: California Labor Code Sections 218.5, 226(e), 1194, and California Code of Civil Procedure Section 1021.5. (Complaint, ¶¶ 33, 38, 44, 64, Prayer for Relief, ¶ 9.)

g. Without taking these additional factors into account, the amount in controversy is $27,941,491.20, exclusive of interests and costs – well above the required $5,000,000 required for the Class Action Fairness Act. 28 U.S.C. § 1332(d)(6).

5. Timeliness: This Notice of Removal is timely because no more than thirty (30) days have elapsed since Defendant was served with a copy of the Complaint. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999).

6. Venue: Venue lies in the Fresno Division for the United States District Court for the Eastern District of California in that the state complaint was filed and is pending in the Superior Court of County of Kings, which is within this judicial district and division. 28 U.S.C. §§ 1441, 1446(a).

7. State Court Documents: Pursuant to the provisions of 28 U.S.C. section 1446(a), Defendant attaches and incorporates herein by reference the following documents, which comprise all the papers filed in the Superior Court of California, County of Kings, prior to the filing of this Notice of Removal:

a. Class Action Complaint For Damages, Injunctive Relief And Restitution, filed May 8, 2017 (Exhibit A);

b. Summons, filed May 8, 2017, and Service of Process Transmittal sent to Defendant by "CT Corporation" and showing service on Defendant Leprino Foods Company on May 18, 2017 (Exhibit B);

c. Civil Case Cover Sheet, filed May 8, 2017 (Exhibit C); and

d. Defendant Leprino Foods Company and Defendant Leprino Foods Dairy Company's Answer to Complaint and Affirmative Defenses, filed June 8, 2017, and its Proof of Service (Exhibit D).

8. Supporting Declaration: Declaration of Paul Adams in Support of Leprino Foods Company's Notice of Removal, attached hereto as Exhibit E.

9. Filing with State Court: A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Kings, in accordance with 28 U.S.C. § 1446(d).

10. Service: Written notice and Proof of Service of this filing of this Notice of Removal by Defendant has been or will be served by all parties as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this action now proceed against it in this Court as an action properly removed.

DATED: June 12, 2017

HANSON BRIDGETT LLP

By: */s/ Kyle A. Mabe*
SANDRA L. RAPPAPORT
LISA M. POOLEY
KYLE A. MABE
Attorneys for Defendants
LEPRINO FOODS COMPANY AND LEPRINO FOODS DAIRY PRODUCTS COMPANY

# EXHIBIT A

## NOTICE OF REMOVAL -CLASS ACTION

***Vasquez and Hefke v. Leprino Foods Company, et al.***

COPY

CONFORMED COPY
ORIGINAL FILED ON
MAY 8 2017
JEFFREY E. LEWIS, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
DEPUTY

Cory G. Lee, Esq. (SBN 216921)
**The Downey Law Firm, LLC** (*Of Counsel*)
9595 Wilshire Blvd. Suite 900
Beverly Hills, CA 90212
downeyjusticelee@gmail.com
Phone: 213/291-3333
Fax: 610/813-4579
downeyjusticelee@gmail.com
Attorneys for Plaintiffs and the proposed Class

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF KINGS**

VICTOR VASQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals,

Plaintiffs,

vs.

LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,
Defendants.
Defendants.

Case No.: 17C0129

**CLASS ACTION COMPLAINT FOR**

1. Failure to Pay Reporting Time Pay in violation of IWC Order 8-2001, Section 5.
2. Failure to Provide Off Duty Meal & Rest Periods.
3. Failure to Properly Itemize Pay Stubs in Violation of California Labor Code §§226(a) and 226(e).
4. Conversion.
5. Violation of California Business and Professions Code §§17200, et seq.

BY FAX

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all other similarly situated individuals, alleges as follows:

**INTRODUCTION**

1. Plaintiffs and Class Members are non-exempt, hourly employees.

2. This is a class action against Leprino Foods Company, Leprino Foods Dairy

Products Company, and Does 1-50 (collectively "Leprino" or "Defendants") on behalf of its hourly employees at Defendants' Lemoore West dairy/cheese processing facility(ies) to challenge Defendants' illegal policies and practices.

3. **Reporting Time Pay Violations** (IWC Order 8-2001, Section 5 and other applicable wage orders): Up until May, 2017 it was Leprino's custom and policy to "de crew" on days in which Leprino had misjudged its production and labor needs. "De crew" is code at Leprino for sending workers home prior to the start of their scheduled shift without pay. De crewing occurs because Leprino had misjudged it labor and production needs and, rather than eating the costs for its mistake, Leprino instead chose to pass on the costs for its mistake onto the backs of its hourly workers. Under the de crewing policy, workers would arrive for their regularly scheduled shifts and then, without prior warning, be informed by Leprino there was a need to "de crew" and be sent away without pay.

4. To hide its illegal conduct from legal action and upon information and belief, the state of California, Leprino would require that those workers being sent home fill out Time Off Request forms (TOR). To compound the injury already felt by workers, those workers brave enough to demand their pay were ordered to forfeit a vacation day if they wished to be paid in lieu of Leprino paying them 4 hours of Reporting Time Pay (RTP) as required under law.

5. **On Duty Meal and Rest Breaks** (§§226.7 and 512 and the applicable IWC wage orders). This is also a class wide action to recover premium wages for all meal and rest periods during the statutory period of this action. The meal and rest period allegations stem from Defendants' policy of requiring Plaintiffs and workers to remain on duty and subject to return to discuss business matters and/or return to their work stations if called upon to do so during their rest and meal breaks if called upon to do so by supervisory personnel.

6. These illegal and outrageous break/meal, pay and vacation practices have caused substantial financial and emotional hardship to the Plaintiffs, members of the putative class, and their families.

7. As a result of these violations, Defendants are also liable for various other penalties

under the Labor Code, and for violation the Unfair Business Practices Act ("UCL"), Business and Professions Code §§17200, *et seq.*

8. As a result of Defendants' outrageous, fraudulent, deceitful, malicious and belligerent conduct, Plaintiffs seek full compensation and punitive damages on behalf of themselves and all others whom have been affected by this course of illegal conduct. Plaintiffs further seek penalties, on behalf of themselves and the proposed California-law class, for Defendants' violations of the Labor Code and California Industrial Welfare Commission ("IWC") wage orders, as set forth below. Plaintiffs also seek declaratory and injunctive relief, including restitution. Finally, Plaintiffs seeks punitive damages reasonable attorneys' fees and costs under the California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law.

9. The practice of coercing employees to fill out TORs and/or if they demand RTP to take a vacation day, constitutes corporate ratification by the Defendants of the oppressive, fraudulent, reprehensible and malicious conduct of its supervisory and administrative personnel.

**PARTIES**

10. Plaintiffs are residents of King's County and have been employed by Defendants at their "Lemoore West", Lemoore, King's County, California facilities within the statutory period in this case. All matters complained of herein took place in Kings County, California.

11. Defendant, Leprino Foods Company, is a Colorado corporation, and at all times relevant to this complaint has been, upon information and belief, a food processor in West Lemoore, California.

12. Defendant, Leprino Foods Dairy Products Company, is a Colorado corporation, and at all times relevant to this complaint has been, upon information and belief, a food processor in West Lemoore, California.

13. The true names and capacities, whether individual, corporate, associate, or otherwise of Does 1-50, inclusive, are unknown to Plaintiff, who therefore sue the Doe Defendants by fictitious names. Plaintiff is informed, believes, and thereon alleges that each of these

fictitiously-named Defendants is responsible in some manner for the occurrences and Plaintiff's and the Class' damages as herein alleged. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

14. At all relevant times, upon information and belief, Defendants have done business under the laws of California, have had places of business in California, including in this judicial district, and have employed Class Members in this judicial district. At all relevant times, Defendants have exercised control over the wages, hours and/or working conditions of Plaintiffs and Class Members, suffered or permitted Plaintiffs and Class Members to work, and/or engaged Plaintiffs and Class Members, thereby creating a common law employment relationship. Defendants are "persons" as defined in California Labor Code §18 and California Business and Professions Code § 17201. Defendants are also "employers" as that term is used in the California Labor Code and the IWC's Orders regulating wages, hours and working conditions.

**JURISDICTION**

15. This Court has jurisdiction over Plaintiffs' and Class Members' claims for unpaid wages and denied meal and rest periods pursuant to the California Labor Code, including Labor Code §§218 and 1194, and the wage orders of the IWC. Jurisdiction is proper in this Court because alleged damages exceed $25,000.00 and because Plaintiffs seek equitable relief.

16. This Court has jurisdiction over Plaintiffs' and Class Members' claims for injunctive relief, including restitution of earned wages and benefits, which are the money and property of Plaintiffs and Class Members, arising from Defendants' unfair competition under Business & Professions Code §§17203 and 17204. This Court also has jurisdiction over Plaintiffs' and Class Members' claims for penalties in violation of the Labor Code pursuant to Business and Professions Code § 17202, as well as pursuant to the applicable Labor Code provisions.

17. Venue as to Defendants is proper in this County pursuant to Code of Civil Procedure §395(a). Defendants conduct business, employ Class Members, and have locations in this County, and the events complained of occurred in this County.

**FACTUAL ALLEGATIONS**

18. The policies and practices of Defendants, including failure to pay Reporting Time Pay ("RTP"), coercing workers being sent home to fill out TOR forms, requiring workers who demand their right to 4 hours of RTP to take a vacation day and requiring workers to remain on duty during meal and rest periods, the uniform failure to pay meal and rest break premiums to workers forced to remain on duty during rest periods and meal periods, at all relevant times have been substantially similar for Plaintiffs and Class Members.

19. Leprino has had paid vacation time policies in effect throughout the applicable class period at its Lemoore West cheese processing that applied to the Plaintiffs and all members of the putative class.

## CLASS ACTION ALLEGATIONS

20. Plaintiffs bring this case as a class action on behalf of themselves and all others similarly situated pursuant to California Code of Civil Procedure ("CCP") §382. The Class that Plaintiffs seeks to represent is defined as follows:

> All non exempt hourly workers who are currently employed, or formerly have been employed, as nonexempt hourly employees at Defendants' Lemoore West facilities in Lemoore, California, at any time within four years prior to the filing of the original complaint until resolution of this action.

21. Class Members are so numerous that joinder is impracticable. Although the exact number of Class Members is unknown to Plaintiffs, Plaintiffs avers, upon information and belief, that the Class includes hundreds, if not thousands, of employees.

22. This action has been brought and may properly be maintained as a class action under CCP §382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

23. Questions of law and fact common to the Class include:

i. Whether Defendants, through their policy of requiring workers to report to work for shifts of 8 hours or longer, but then sending them home after they report for work without pay is in violation of the California Labor Code;

ii. Whether Defendants' policy of requiring workers who demand to be paid

reporting time pay, involuntarily take a vacation day before Defendants will pay them violated California law;

iii. Whether Defendants pay, work and meal- and rest-period policies were in violation of Business and Professions Code § 17200 *et seq.*;

iv. Whether Defendants, through their policy of not affording Plaintiffs and Class Members ten minutes of off-duty net rest time per four hours, or major fraction thereof, of work is in violation of the California Labor Code;

v. Whether Defendants, because of their policy of requiring their non-exempt hourly employees to answer radio calls, to speak with group leaders and/or superiors and/or return to their work stations during their 10 minute Rest Breaks and 30 minute meal breaks when asked to do so is in violation of the California Labor Code;

vi. Whether Defendants uniform failure to pay Meal and Rest Period premiums is in violation of California law.

vii. Whether Defendants, through their policy of requiring their non-exempt hourly employees to remain on duty and thus work during meal and rest periods, violated Business and Professions Code § 17200 *et seq.*;

viii. Whether Defendants' systemic failure to afford Plaintiffs and Class Members off-duty meal and rest periods was an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*;

ix. Whether Defendants' policy and practice of failing to pay Plaintiffs and Class Members all wages due upon the end of their employment violated the California Labor Code;

x. Whether Defendants' uniform failure to pay RTP and attempting to disguise Reporting Time violations as TOR and/or Vacation resulted in Plaintiffs and Class Members being paid with non-complaint wage statements in violation

of the California Labor Code; and

xi. Whether Defendants' policy and practice of failing to pay Plaintiffs and Class Members all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*

xii. Whether the Defendants policy and practice of pressuring Plaintiffs and members of the putative class to fill out TOR forms and/or, if they demand to be paid RTP to take vacation day, is oppressive, fraudulent, reprehensible and malicious conduct meriting punitive damages.

xiii. Whether Defendants policy of requiring workers who demand their right to RTP to fill out a vacation request form and, against their will, take a vacation day constitutes wage theft and/or conversion.

24. Typicality: Plaintiffs' claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs and Class Members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

25. Adequacy of Representation: Plaintiffs are members of the Class, do not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs and the Class are competent and experienced in litigating large employment class actions, including large minimum-wage and overtime class actions. Plaintiffs will fairly and adequately represent and protect the interests of Class Members.

26. Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is

most efficient and economical for the parties and the judicial system.

**FIRST CAUSE OF ACTION**

**Failure to Pay Reporting Time Pay in violation of IWC Order 8-2001, Section 5 (and other applicable wage orders)**

**(Against All Defendants)**

27. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

28. **Reporting Time Pay**

- (A) Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.
- (B) If an employee is required to report for work a second time in any one workday and is furnished less than two (2) hours of work on the second reporting, said employee shall be paid for two (2) hours at the employee's regular rate of pay, which shall not be less than the minimum wage.

IWC Order 8-2001 (5) (Reporting Time Pay)

29. Pursuant to its authority under Labor Code § 1173, the Industrial Welfare Commission promulgated Wage Order 8-2001. All IWC orders, including but not limited to, 8-2001 at section 5(A) mandate that nonexempt employee be paid reporting time pay as follows: "Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage." *Id.*

30. The "primary purpose of the reporting time regulation" is "to guarantee at least partial compensation for employees who report to work expecting to work a specified number of

hours, and who are _deprived of that amount because of inadequate scheduling or lack of proper notice by the employer." *Aleman v. AirTouch Cellular,* 209 Cal. App. 4th 556 (2012).

31. Plaintiffs and the Class were required by Defendants to work without compensation, i.e. required to show up for scheduled work, but then, without prior warning, sent home, not paid as required under California law. Thus, Plaintiffs and Class Members were forced to perform work for the benefit of Defendants without compensation.

32. In violation of state law, Defendants knowingly and willfully refused to perform their obligations to provide Plaintiffs and the class RTP as required under law, on days that Plaintiffs and Class members reported to work their scheduled shifts, but without prior warning were de crewed by Leprino and ordered to leave the premises without pay. Only those willing to forfeit an earned vacation day would be paid. Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the class, and with improper motives amounting to malice, and in conscious disregard of the rights of Plaintiffs and the class. Plaintiffs and the class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

33. As a proximate result of the these knowing and deliberate violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial. Pursuant to Labor Code § 218.5 and 218.6, Plaintiffs and Class Members are entitled to an award of reasonable attorneys' fees and costs and to interest on all due and unpaid wages.

34. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**

**Failure to Provide Off Duty Meal & Rest Periods**

**(Against All Defendants)**

35. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

36. California Labor Code §§226.7 and 512 and the applicable IWC wage orders require Defendants to provide off duty meal and rest periods to their nonexempt, hourly

employees. Labor Code §§226.7 and 512 and the IWC wage orders require employers to provide off duty meal and rest breaks. Unless the employee is relieved of all duty during meal and rest breaks, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

37. Under §226.7(b) and the applicable wage orders, an employer who fails to provide a required off duty rest period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the duty free rest or meal period was not provided. Similarly, under California Code of Regulations, Title 8, sec. 11040 an employer who does not provide its employees with duty free meal breaks, must one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided. *Title 8, sec. 11040.*

38. Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to provide Plaintiffs and the Class duty free rest and meal breaks. Plaintiffs and Class Members were still required to discuss work issues and/or report back to their work stations, if called upon to do so, during their rest & meal periods and thus were never afforded duty free rest and meal breaks. Defendants have also uniformly failed to pay Plaintiffs and the Class one hour of pay per violation of not having provided Plaintiffs and class members with off-duty meal and rest periods, free of obligations to communicate with supervisory personnel concerning work issues and/or to return to the production floor if needed. Defendants' conduct described herein violated California Labor Code §§226.7 and 512, and the applicable wage orders. Therefore, pursuant to Labor Code §226.7(b) and California Code of Regulations, Title 8, sec. 11040, Plaintiffs and the Class are entitled to compensation for the failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

39. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**

**Failure to Properly Itemize Pay Stubs**

**in Violation of California Labor Code §§226(a) and 226(e)**

**(Against All Defendants)**

40. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

41. At all times relevant to this Complaint, California Labor Code section 226 was in effect and provided (*inter alia*) that, upon paying and employee his or her wages, the employer must:

> furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

42. Plaintiffs believe, and therefore allege, that, as a result of Defendants uniformly having failed to pay them Reporting Time Pay, Defendants uniformly failed to furnish them, and all others similarly-situated, with proper and accurate itemized written statements containing (without limitation): all the hours that Plaintiffs (and others similarly-situated) worked; gross wages earned; net wages earned; total hours worked on weeks which contained work days in which workers were sent home.

43. Plaintiffs allege that Defendants' failure to furnish them with proper itemized wage statements was done knowingly and intentionally, and that they (and others similarly-situated) suffered injury thereby. Thus, under California Labor Code section 226(e), Plaintiffs (and others

similarly-situated) is "entitled to recover greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) [per employee]..."

44. Plaintiffs are also entitled to, and seek on behalf of themselves and all other similarly situated individuals, all reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(e).

**FOURTH CAUSE OF ACTION**

**Conversion**

**(Against All Defendants)**

45. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

46. As alleged above, Defendants wrongfully withheld earned wages and/or coerced Plaintiffs and class members into forfeiting vacation days in lieu of being paid RTP. Defendants oppressively, fraudulently, reprehensibly, and maliciously deliberately failed to pay Plaintiffs and Class Members all wages they earned and were owed on work days in which Plaintiffs and members of the putative class reported for scheduled shifts, but were sent home without pay and coerced those brave enough to demand their RTP into forfeiting vacation days in lieu of paying RTP.

47. Likewise, Defendants oppressively, fraudulently, reprehensibly, and maliciously deliberately coerced Plaintiffs and Class Members to remain on duty during meal and rest breaks, or risk the possibility of being disciplined and/or fired. Defendants have uniformly failed to pay Plaintiffs and all members of the putative class for requiring them to remain on duty and to respond to work instructions of supervisory personnel during meal and rest breaks.

48. At all relevant times, Defendants had and continue to have a legal obligation imposed by law to pay Plaintiffs and Class Members all RTP and meal/rest break premium pay

due to them. Such wages and compensation vested to Plaintiffs and Class Members at the time of each violation and, accordingly, such wages and compensation are the property of Plaintiffs and Class Members, not Defendants.

49. Defendants knowingly and intentionally failed to pay Plaintiffs and Class Members all wages earned. Instead, Defendants converted Plaintiffs' and Class Members' property, including wages and earned vacation time, and converted it to Defendants' own use and benefit. The amount of property (wages belonging to Plaintiffs and the Class) wrongfully converted is capable of being ascertained using Defendants' own records and other data.

50. Plaintiffs and Class Members have been injured by Defendants' intentional conversion of such wages and vacation benefits. Plaintiffs and the Class are entitled to immediate possession of all amounts converted by Defendants, with interest, as well as any and all profits that Defendants acquired by their unlawful conversion, as well as having their earned vacation days returned to them for use by Plaintiffs and class members as they see fit.

51. Defendants' actions constituting conversion were oppressive, malicious, and fraudulent, and were concealed by Defendants, and each of them, from Plaintiffs and the Class. Plaintiffs and the Class have been injured by Defendants' oppressive, malicious, intentional and fraudulent actions, entitling Plaintiffs and the Class to punitive and exemplary damages.

**FIFTH CAUSE OF ACTION**

**Violation of California Business and Professions Code §§17200, *et seq.***

**(Against All Defendants)**

52. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

53. California Business and Professions Code §§17200 *et seq*. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

54. California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

55. Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

56. Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

a. violations of Labor Code §204 pertaining to the payment of wages for all hours worked;

b. violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest periods;

c. violations of IWC Wage Orders pertaining to Reporting Time Pay;

d. violations of Labor Code §§201-203;

e. theft of vacation time pay and vacation time from their hourly work force.

57. The violations of these laws and regulations, as well as of the fundamental California public policies involved serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200, *et seq.*

58. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, *et seq*. Among other things, the acts and practices have taken from Plaintiffs and the Class wages rightfully earned by them and vacation time, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

59. Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to

prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

60. As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and Class Members have suffered a loss of money and property, in the form of unpaid wages that are due and payable to them.

61. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition. Plaintiffs and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

62. Business and Professions Code § 17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiffs and Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

63. Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sues on behalf of themselves as well as others similarly situated. Plaintiffs and the Class seek, and are entitled to, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

64. Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

65. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1. Damages and restitution according to proof at trial for all unpaid wages, unpaid minimum wages, unpaid overtime, and other injuries, as provided by the California Labor Code;

2. For a declaratory judgment that Defendants have violated the California Labor Code and public policy as alleged herein;

3. For a declaratory judgment that Defendants have violated Business and Professions Code §§17200 *et seq.*, as a result of the aforementioned violations of the Labor Code and California public policy protecting wages;

4. For preliminary, permanent and mandatory injunctive relief prohibiting Defendants, their officers, agents and all those acting in concert with them, from committing in the future the violations of law herein alleged;

5. For an equitable accounting to identify, locate and restore to all current and former employees the wages and vacation time they are due, with interest thereon;

6. For an order awarding Plaintiffs and Class Members compensatory damages, including lost wages, earnings, return of stolen vacation days and other employee benefits and all other sums of money owed to Plaintiffs and Class Members, together with interest on these amounts, according to proof;

7. For an order awarding Plaintiffs and the Class civil penalties pursuant to the Labor Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

8. For punitive damages for Defendants' oppressive, fraudulent and malicious conversion of wages, vacation time, and RPT owed to Plaintiffs and class members.

9. For an award of reasonable attorneys' fees as provided by the California Labor

Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

10. For all costs of suit; and

11. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

The Downey Law Firm, LLC

Cory Lee
*Of Counsel*
Counsel for the Plaintiffs and the putative class

Dated: May 5, 2017

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a jury trial on all claims and issues for which Plaintiffs is entitled to a jury.

Respectfully submitted,

The Downey Law Firm, LLC

Cory Lee
*Of Counsel*
Counsel for the Plaintiffs and the putative class

Dated: May 5, 2017

# EXHIBIT B

## NOTICE OF REMOVAL -CLASS ACTION

***Vasquez and Hefke v. Leprino Foods Company, et al.***

5/18/17 @3Pm

COPY

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

CONFORMED COPY
ORIGINAL FILED ON
MAY 8 2017
JEFFREY E. LEWIS, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation;

**YOU ARE BEING SUED BY PLAINTIFF:** and DOES 1-50 inclusive
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

VICTOR VASQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Kings County Superior Court
1640 Kings County Drive, Hanford, California 93230

CASE NUMBER: *(Número del Caso):* 17C0129

BY FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cory G. Lee, Esq., 9595 Wilshire Blvd., Suite 900. Beverly Hills, CA. 90212, (213)291-3333

DATE: *(Fecha)* MAY - 8 2017 JEFFREY E. LEWIS Clerk, by *(Secretario)* KARIN NOBLE, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] COURT SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Leprino Foods Dairy Products Company, a Colorado Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

CT Corporation

**Service of Process Transmittal**
05/18/2017
CT Log Number 531251537

**TO:** Jon B Alby, Attorney
Leprino Foods Company
1830 W 38th Ave
Denver, CO 80211-2200

**RE: Process Served in California**

**FOR:** Leprino Foods Dairy Products Company (Domestic State: CO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VICTOR VASQUEZ and LINDA HEFKE on behalf of all Other similarly situated individuals, Pltfs. vs. LEPRINO FOODS COMPANY, etc., et al., Dfts. // To: Leprino Foods Dairy Products Company |
| **DOCUMENT(S) SERVED:** | Summons, Class Action Complaint, Attachment(s) |
| **COURT/AGENCY:** | Kings County Superior Court, CA<br>Case # 17C0129 |
| **NATURE OF ACTION:** | Plaintiffs pray for relief Damages and restitution according to proof at trial for all unpaid wages, unpaid minimum wages, unpaid overtime, and other injuries, as provided by the California Labor Code (see documents for additional information) |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/18/2017 at 15:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons |
| **ATTORNEY(S) / SENDER(S):** | Cory G. Lee<br>The Downey Law Firm, LLC<br>9595 Wilshire Blvd. Suite 900<br>Beverly Hills, CA 90212<br>213/291-3333 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1Z0399EX0105743976<br>Image SOP<br>Email Notification, Jon B Alby JALBY@LEPRINOFOODS.COM<br>Email Notification, Tracy Welfringer twelfringer@leprinofoods.com<br>Email Notification, Richard Russeth rrusseth@leprinofoods.com<br>Email Notification, Susanne Jennings sjennings@leprinofoods.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / MJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT C

## NOTICE OF REMOVAL -CLASS ACTION

***Vasquez and Hefke v. Leprino Foods Company, et al.***

COPY

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Cory G. Lee, Esq. (SBN 216921)
THE DOWNEY LAW FIRM, LLC (Of Counsel)
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA. 90212
TELEPHONE NO.: (213) 291-3333 FAX NO.: (610) 813-4579
ATTORNEY FOR (Name): downeyjusticelee@gmail.com

FOR COURT USE ONLY
CONFORMED COPY
ORIGINAL FILED ON
MAY 8 2017
JEFFREY E. LEWIS, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kings
STREET ADDRESS: 1640 Kings County Drive
MAILING ADDRESS: 1640 Kings County Drive
CITY AND ZIP CODE: Hanford, 93230
BRANCH NAME: Hanford Courthouse

CASE NAME:
Vasquez et al., v. Leprino Foods Company, et al.

CASE NUMBER: 17C0129

## CIVIL CASE COVER SHEET

- [x] Unlimited (Amount demanded exceeds $25,000)
- [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
- [ ] Counter
- [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

BY FAX

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 5- Reporting Time Pay, Meal & Rest Periods, Pay Stub, Conversion, 17200
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 5, 2017
Cory G. Lee
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

# EXHIBIT D

**NOTICE OF REMOVAL -CLASS ACTION**

***Vasquez and Hefke v. Leprino Foods Company, et al.***

HANSON BRIDGETT LLP
SANDRA L. RAPPAPORT, SBN 172990
srappaport@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
KYLE A. MABE, SBN 295735
kmabe@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Defendants
LEPRINO FOODS COMPANY and LEPRINO FOODS DAIRY PRODUCTS COMPANY

CONFORMED COPY
ORIGINAL FILED ON
JUN 08 2017
JEFFREY E. LEWIS, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF KINGS

FILED BY FAX

| | |
|---|---|
| VICTOR VASQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 17C0129<br><br>**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT**<br><br>Assigned for All Purposes to the Hon. James LaPorte<br><br>Action Filed: May 8, 2017<br>Trial Date: TBA |

**GENERAL DENIAL**

Defendants LEPRINO FOODS COMPANY and LEPRINO FOODS DAIRY PRODUCTS COMPANY (collectively "Defendants"), under California Code of Civil Procedure §431.30(d), generally deny each and every material allegation contained in Plaintiffs VICTOR VASQUEZ and LINDA HEFKE's ("Plaintiffs") Complaint and further deny that Plaintiffs have suffered damages in the manner alleged or in any amount as a result of the alleged acts and omissions of Defendants.

**SEPARATE AND AFFIRMATIVE DEFENSES**

Defendants assert the following separate and affirmative defenses to Plaintiffs' complaint:

**FIRST DEFENSE**

Plaintiffs' Complaint does not allege facts sufficient to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred, in whole or in part, to the extent they allege actions barred by the applicable statutes of limitations, including but not limited to those set forth in California Code of Civil Procedure Sections 337, 338, 339 and 340, California Labor Code sections 203, and 226, and California Business and Professions Code Section 17208.

**THIRD DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred to the extent that Defendants acted in accordance with the applicable law, state regulations, and applicable order of the California Industrial Welfare Commission in effect during the relevant time periods.

**FOURTH DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred, in whole or in part, and/or recovery is precluded because Defendants' alleged acts or omissions, if any, were made in good faith, not willful, not knowing and intentional, and Defendants had reasonable grounds for believing that the alleged acts or omissions did not violate any California Labor Code provision or any orders of the California Industrial Welfare Commission.

**FIFTH DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred by the principles of fairness and public policy relating to changes in the law upon which Defendants relied during the relevant time periods.

**SIXTH DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred to the extent that the nature of the work prevented Plaintiffs or any putative class members from taking any off-duty meal periods during the relevant time periods.

**SEVENTH DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred to the extent that Plaintiffs lack

standing.

**EIGHTH DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred, in whole or in part, to the extent that Plaintiffs or any alleged putative class members pursued any claim before the California Labor Commissioner, Division of Labor Standards Enforcement, or the United States Department of Labor.

**NINTH DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, or the doctrine barring duplicative litigation, to the extent that Plaintiffs or any alleged putative class member has asserted or could have asserted the same or similar claims in any other judicial, administrative, or arbitral forum.

**TENTH DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred in whole or in part by the doctrine of consent.

**ELEVENTH DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**TWELFTH DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred, in whole or in part, by the doctrine of laches and/or unclean hands.

**THIRTEENTH DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred, in whole or in part, to the extent that they failed to make reasonable efforts to mitigate their damages, if any.

**FOURTEENTH DEFENSE**

Any request for equitable relief is moot in that conduct and activities of Defendants conform to applicable law, state regulations, and applicable order of the California Welfare Commission.

///

**FIFTEENTH DEFENSE**

The claims for monetary relief or restitution by Plaintiffs or any alleged putative class members are barred and subject to offset, in whole or in part, to the extent that the same or similar claims are governed by orders, awards, or judgments issued in any other judicial, administrative, or arbitral forum.

**SIXTEENTH DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred in whole or in part to the extent that they were parties to any settlement agreements, releases, or waivers of claims.

**SEVENTEENTH DEFENSE**

Plaintiffs' and the alleged putative class's claims for monetary relief or restitution are barred and subject to offset, in whole or in part, to the extent that Plaintiffs or any alleged putative class member has received premium pay for any on-duty meal periods or any payments under Labor Code Section 226.7.

**EIGHTEENTH DEFENSE**

Plaintiffs' and the alleged putative class's claims for monetary relief or restitution are barred and subject to offset, in whole or in part, to the extent that Plaintiffs or any alleged putative class member has received premium pay for any on-duty rest periods or any payments under Labor Code Section 226.7.

**NINETEENTH DEFENSE**

Plaintiffs' and the alleged putative class's claims for penalties under Labor Code Section 203 are barred based on a good faith dispute as to whether any claimed premium pay was owed, and Defendants' acts or omissions, if any, were not willful.

**TWENTIETH DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred, in whole or in part, to the extent that Plaintiffs and putative class members worked pursuant to on-duty meal period agreements that they executed individually.

**TWENTY-FIRST DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred, in whole or in part, to the

extent that Plaintiffs and putative class members voluntarily waived their off-duty meal periods, including for workdays in which they worked six hours or less, and for workdays in which they worked more than ten and no more than twelve hours.

**TWENTY-SECOND DEFENSE**

Plaintiffs' and the alleged putative class's claims are barred, in whole or in part, because Defendants have at all times acted reasonably and in good faith with respect to their obligations under Labor Code Section 226 to make, keep, and preserve adequate and accurate records of covered employees and the wages, hours, and other conditions and practices of employment, Plaintiffs and the alleged putative class members did not suffer any injury within the meaning of Labor Code Section 226, and Defendants' alleged acts or omissions, if any, were not knowing and not intentional.

**TWENTY-THIRD DEFENSE**

Defendant Leprino Foods Dairy Products Company alleges that Plaintiffs' claims are barred, in whole or in part, because at all material times Defendant Leprino Foods Dairy Products Company did not employ Plaintiffs, was not a single employer or joint employer of Plaintiffs, and was not an alter ego of Defendant Leprino Foods Company.

**RESERVATION OF RIGHTS**

Defendants reserve their right to assert additional separate or affirmative defenses if Defendants become aware of the existence of such defenses arising during the course of discovery.

WHEREFORE, Defendants pray as follows:

1. That Plaintiffs take nothing by this action;
2. That judgment be entered in Defendants' favor;
3. That Defendants recover costs in this proceeding, including reasonable attorneys' fees; and

/ / /

/ / /

/ / /

/ / /

4. That the Court grant such other and further relief as it deems appropriate.

DATED: June 8, 2017

HANSON BRIDGETT LLP

By: ______________________

SANDRA L. RAPPAPORT
LISA M. POOLEY
KYLE A. MABE
Attorneys for Defendants
LEPRINO FOODS COMPANY and LEPRINO FOODS DAIRY PRODUCTS COMPANY

**PROOF OF SERVICE**

**Vasquez, et al. v. Leprino Foods, et al.**
**(Kings County Superior Court Case No. 17C0129)**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 425 Market Street, 26th Floor, San Francisco, CA 94105.

On June 8, 2017, I served true copies of the following document(s) described as **DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT** on the interested parties in this action as follows:

Cory G. Lee, Esq.
The Downey Law Firm, LLC
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Telephone: (213) 291-3333
Facsimile: (610) 813-4579
Email downeyjusticelee@gmail.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the address(es) listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 8, 2017, at San Francisco, California.

Maria A. Ramirez

# EXHIBIT E

## NOTICE OF REMOVAL -CLASS ACTION

***Vasquez and Hefke v. Leprino Foods Company, et al.***

HANSON BRIDGETT LLP
SANDRA L. RAPPAPORT, SBN 172990
srappaport@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
KYLE A. MABE, SBN 295735
kmabe@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Defendants
LEPRINO FOODS COMPANY AND LEPRINO
FOODS DAIRY PRODUCTS COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| VICTOR VASQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF PAUL ADAMS IN SUPPORT OF DEFENDANT LEPRINO FOODS COMPANY'S NOTICE OF REMOVAL** |

I, Paul Adams, hereby declare:

1. I am employed by Defendant Leprino Foods Company ("Defendant" or "Leprino") as Vice President/Controller. In that role, I am responsible for payroll and compensation matters for Leprino, among other responsibilities. I am knowledgeable about Leprino's compensation and payroll matters and have access to documents and electronic data which contain our employment and payroll information. I have personal knowledge of the matters set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

2. Leprino Foods Company is a corporation incorporated under the laws of the State of Colorado, having its principal place of business in the State of Colorado.

3. A review of Leprino's employment records indicates that between January 1, 2014 and December 31, 2014, Leprino employed 768 non-exempt full-time employees at the Lemoore West plant who worked the entire year. The average regular hourly rate of pay of the employees who worked at Defendant's Lemoore West plant in 2014 was $23.93. Most non-exempt employees at the Lemoore West plant worked regularly-scheduled shifts of 8 hours per day during this time period.

4. A review of Leprino's employment records indicates that between January 1, 2015 and December 31, 2015, Leprino employed 810 non-exempt full-time employees at the Lemoore West plant who worked the entire year. The average regular hourly rate of pay of the employees who worked at Defendant's Lemoore West plant in 2015 was $24.51. Most non-exempt employees at the Lemoore West plant worked regularly-scheduled shifts of 8 hours per day during this time period.

5. A review of Leprino's employment records indicates that between January 1, 2016 and December 31, 2016, Leprino employed 805 non-exempt full-time employees at the Lemoore West plant who worked the entire year. The average regular hourly rate of pay of the employees who worked at Defendant's Lemoore West plant in 2016 was $24.82. Most non-exempt employees at the Lemoore West plant worked regularly-scheduled shifts of 8 hours per day during this time period.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 9th day of June, 2017, at Denver, Colorado.

PAUL ADAMS