Cory G. Lee, Esq. (SBN 216921)
**The Downey Law Firm, LLC** (*Of Counsel*)
9595 Wilshire Blvd. Suite 900
Beverly Hills, CA 90212
downeyjusticelee@gmail.com
Phone: 213/291-3333
Fax: 610/813-4579
downeyjusticelee@gmail.com
Attorneys for Plaintiffs and the proposed Class

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| VICTOR VASQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,<br>Defendants.<br>Defendants. | Case No.: 1:17-cv-00796-AWI-BAM<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR**<br><br>1. Failure to Pay Reporting Time Pay in violation of IWC Order 8-2001, Section 5.<br>2. On Call Meal & Rest Periods.<br>3. Failure to Properly Itemize Pay Stubs in Violation of California Labor Code §§226(a) and 226(e).<br>4. Conversion.<br>5. Violation of California Business and Professions Code §§17200, et seq.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, on behalf of themselves and all other similarly situated individuals, alleges as follows:

- 1 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Vasquez, et al. v. Leprino Foods Company, *et al*- Case No. 1:17-cv-00796-AWI-BAM

## JURISDICTION

1. Jurisdiction is proper in this Court under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(4)(A),(B), et seq., because, as Defendants have admitted, damages exceed five million dollars ($5,000,000) and there is minimal diversity of citizenship between the parties as Plaintiffs are citizens of the state of California while Defendants are incorporated in the state of Colorado. See, Defendant's Notice of Removal at Dkt No.1.

2. Venue is proper in this Court because all matters complained of herein took place in Kings County, California.

## INTRODUCTION

3. Plaintiffs and Class Members are non-union, non-exempt, hourly employees.

4. This is a class action against Leprino Foods Company, Leprino Foods Dairy Products Company, and Does 1-50 (collectively "Leprino" or "Defendants") on behalf of its hourly employees at Defendants' Lemoore West dairy/cheese processing facility(ies) to challenge Defendants' illegal policies and practices.

5. **Reporting Time Pay Violations** (IWC Order 8-2001, Section 5 and other applicable wage orders): Up until May, 2017 it was Leprino's custom and policy to "de crew" on days in which Leprino had misjudged its production and labor needs. "De crew" is code at Leprino for sending workers home prior to the start of their scheduled shift without pay. De crewing occurs because Leprino had misjudged it labor and production needs and, rather than eating the costs for its mistake, Leprino instead chose to pass on the costs for its mistake onto the backs of its hourly workers. Under the de crewing policy, workers would arrive for their regularly scheduled shifts and then, without prior warning, be informed by Leprino there was a need to "de crew" and be sent away without pay.

6. To hide its illegal conduct from legal action and upon information and belief, the state of California, Leprino would require that those workers being sent home fill out Time Off Request forms (TOR). To compound the injury already felt by workers, those workers brave

- 2 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Vasquez, et al. v. Leprino Foods Company, *et al*- Case No. 1:17-cv-00796-AWI-BAM

enough to demand their pay were ordered to forfeit a vacation day if they wished to be paid in lieu of Leprino paying them 4 hours of Reporting Time Pay (RTP) as required under law.

7. **On Call Meal and Rest Breaks** (§§226.7 and 512 and the applicable IWC wage orders). This is also a class wide action to recover premium wages for all meal and rest periods during the statutory period of this action. The meal and rest period allegations stem from Defendants' policy of requiring Plaintiffs and workers to remain on call and subject to return to discuss business matters and/or return to their work stations if called upon to do so during their rest and meal breaks if called upon to do so by supervisory personnel.

8. These illegal and outrageous break/meal, pay and vacation practices have caused substantial financial and emotional hardship to the Plaintiffs, members of the putative class, and their families.

9. As a result of these violations, Defendants are also liable for various other penalties under the Labor Code, and for violation the Unfair Business Practices Act ("UCL"), Business and Professions Code §§17200, *et seq*.

10. As a result of Defendants' outrageous, fraudulent, deceitful, malicious and belligerent conduct, Plaintiffs seek full compensation and punitive damages on behalf of themselves and all others whom have been affected by this course of illegal conduct. Plaintiffs further seek penalties, on behalf of themselves and the proposed California-law class, for Defendants' violations of the Labor Code and California Industrial Welfare Commission ("IWC") wage orders, as set forth below. Plaintiffs also seek declaratory and injunctive relief, including restitution. Finally, Plaintiffs seeks punitive damages reasonable attorneys' fees and costs under the California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law.

11. The practice of coercing employees to fill out TORs and/or if they demand RTP to take a vacation day, constitutes corporate ratification by the Defendants of the oppressive, fraudulent, reprehensible and malicious conduct of its supervisory and administrative personnel.

- 3 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Vasquez, et al. v. Leprino Foods Company, *et al*- Case No. 1:17-cv-00796-AWI-BAM

## PARTIES

13. Plaintiffs are residents of King's County and have been employed by Defendants at their "Lemoore West", Lemoore, King's County, California facilities within the statutory period in this case. All matters complained of herein took place in Kings County, California.

14. Defendant, Leprino Foods Company, is a Colorado corporation, and at all times relevant to this complaint has been, upon information and belief, a food processor in West Lemoore, California.

15. Defendant, Leprino Foods Dairy Products Company, is a Colorado corporation, and at all times relevant to this complaint has been, upon information and belief, a food processor in West Lemoore, California.

16. The true names and capacities, whether individual, corporate, associate, or otherwise of Does 1-50, inclusive, are unknown to Plaintiff, who therefore sue the Doe Defendants by fictitious names. Plaintiff is informed, believes, and thereon alleges that each of these fictitiously-named Defendants is responsible in some manner for the occurrences and Plaintiff's and the Class' damages as herein alleged. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

17. At all relevant times, upon information and belief, Defendants have done business under the laws of California, have had places of business in California, including in this judicial district, and have employed Class Members in this judicial district. At all relevant times, Defendants have exercised control over the wages, hours and/or working conditions of Plaintiffs and Class Members, suffered or permitted Plaintiffs and Class Members to work, and/or engaged Plaintiffs and Class Members, thereby creating a common law employment relationship. Defendants are "persons" as defined in California Labor Code §18 and California Business and Professions Code § 17201. Defendants are also "employers" as that term is used in the California Labor Code and the IWC's Orders regulating wages, hours and working conditions.

## FACTUAL ALLEGATIONS

18. The policies and practices of Defendants, including failure to pay Reporting Time Pay ("RTP"), coercing workers being sent home to fill out TOR forms, requiring workers who

demand their right to 4 hours of RTP to take a vacation day and requiring workers to remain on call during meal and rest periods, the uniform failure to pay meal and rest break premiums to workers forced to remain on call, subject to being called back to the production floor and required to discuss production/work issues with supervisory personnel during meal and rest breaks, at all relevant times have been substantially similar for Plaintiffs and Class Members.

19. Leprino has had paid vacation time policies in effect throughout the applicable class period at its Lemoore West cheese processing that applied to the Plaintiffs and all members of the putative class.

## CLASS ACTION ALLEGATIONS

20. Plaintiffs bring this case as a class action on behalf of themselves and all others similarly situated pursuant to California Code of Civil Procedure ("CCP") §382. The Class that Plaintiffs seeks to represent is defined as follows:

> All non exempt hourly workers who are currently employed, or formerly have been employed, as nonexempt hourly employees at Defendants' Lemoore West facilities in Lemoore, California, at any time within four years prior to the filing of the original complaint until resolution of this action.

21. Class Members are so numerous that joinder is impracticable. Although the exact number of Class Members is unknown to Plaintiffs, Plaintiffs avers, upon information and belief, that the Class includes hundreds, if not thousands, of employees.

22. This action has been brought and may properly be maintained as a class action under CCP §382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

23. Questions of law and fact common to the Class include:

  i. Whether Defendants, through their policy of requiring workers to report to work for shifts of 8 hours or longer, but then sending them home after they report for work without pay is in violation of the California Labor Code;

  ii. Whether Defendants' policy of requiring workers who demand to be paid reporting time pay, involuntarily take a vacation day before Defendants will

- 5 –

pay them violated California law;

    iii.    Whether Defendants pay, work and meal- and rest-period policies were in violation of Business and Professions Code § 17200 *et seq.*;

    iv.    Whether Defendants, through their policy of not affording Plaintiffs and Class Members ten minutes of off-duty net rest time per four hours, or major fraction thereof, of work is in violation of the California Labor Code;

    v.    Whether Defendants, because of their policy of requiring their non-exempt hourly employees to answer radio calls, to speak with group leaders and/or superiors and/or return to their work stations during their 10 minute Rest Breaks and 30 minute meal breaks when asked to do so is in violation of the California Labor Code;

    vi.    Whether Defendants uniform failure to pay Meal and Rest Period premiums to Plaintiffs and Class members required to remain on call is in violation of California law.

    vii.    Whether Defendants, through their policy of requiring their non-exempt hourly employees to remain on call and thus working during meal and rest periods, violated Business and Professions Code § 17200 *et seq.*;

    viii.    Whether Defendants' systemic requirement that Plaintiffs and Class Members remain on call during meal and rest periods was an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*;

    ix.    Whether Defendants' uniform failure to pay RTP and attempting to disguise Reporting Time violations as TOR and/or Vacation resulted in Plaintiffs and Class Members being paid with non-complaint wage statements in violation of the California Labor Code; and

    x.    Whether the Defendants policy and practice of pressuring Plaintiffs and members of the putative class to fill out TOR forms and/or, if they demand

to be paid RTP to take vacation day, is oppressive, fraudulent, reprehensible and malicious conduct meriting punitive damages.

  xi. Whether Defendants policy of requiring workers who demand their right to RTP to fill out a vacation request form and, against their will, take a vacation day constitutes wage theft and/or conversion.

24. Typicality: Plaintiffs' claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs and Class Members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

25. Adequacy of Representation: Plaintiffs are members of the Class, do not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs and the Class are competent and experienced in litigating large employment class actions, including large minimum-wage and overtime class actions. Plaintiffs will fairly and adequately represent and protect the interests of Class Members.

26. Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

### FIRST CAUSE OF ACTION

**Failure to Pay Reporting Time Pay in violation of IWC Order 8-2001, Section 5 (and other applicable wage orders)**

**(Against All Defendants)**

27. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

- 7 –

28. **Reporting Time Pay**

- (A)  Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.
- (B)  If an employee is required to report for work a second time in any one workday and is furnished less than two (2) hours of work on the second reporting, said employee shall be paid for two (2) hours at the employee's regular rate of pay, which shall not be less than the minimum wage.

IWC Order 8-2001 (5) (Reporting Time Pay)

29.   Pursuant to its authority under Labor Code § 1173, the Industrial Welfare Commission promulgated Wage Order 8-2001.  All IWC orders, including but not limited to, 8-2001 at section 5(A) mandate  that nonexempt employee be paid reporting time pay as follows: "Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage." *Id.*

30.   The "primary purpose of the reporting time regulation" is "to guarantee at least partial compensation for employees who report to work expecting to work a specified number of hours, and who are _deprived of that amount because of inadequate scheduling or lack of proper notice by the employer." *Aleman v. AirTouch Cellular,* 209 Cal. App. 4th 556 (2012).

31.   Plaintiffs and the Class were required by Defendants to work without compensation, i.e. required to show up for scheduled work, but then, without prior warning, sent home, not paid as required under California law.  Thus, Plaintiffs and Class Members were forced to perform work for the benefit of Defendants without compensation.

- 8 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Vasquez, et al. v. Leprino Foods Company, *et al-* Case No. 1:17-cv-00796-AWI-BAM

32. In violation of state law, Defendants knowingly and willfully refused to perform their obligations to provide Plaintiffs and the class RTP as required under law, on days that Plaintiffs and Class members reported to work their scheduled shifts, but without prior warning were de crewed by Leprino and ordered to leave the premises without pay. Only those willing to forfeit an earned vacation day would be paid. Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the class, and with improper motives amounting to malice, and in conscious disregard of the rights of Plaintiffs and the class. Plaintiffs and the class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

33. As a proximate result of the these knowing and deliberate violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial. Pursuant to Labor Code § 218.5 and 218.6, Plaintiffs and Class Members are entitled to an award of reasonable attorneys' fees and costs and to interest on all due and unpaid wages.

34. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

**Illegal Policy Requiring Hourly Workers to Remain on Call During Meal & Rest Periods**

**(Against All Defendants)**

35. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

36. California Labor Code §§226.7 and 512 and the applicable IWC wage orders require Defendants to provide off duty meal and rest periods to their nonexempt, hourly employees. Labor Code §§226.7 and 512 and the IWC wage orders require employers to provide off duty meal and rest breaks. Unless the employee is relieved of all duty during meal and rest breaks, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

37. Under §226.7(b) and the applicable wage orders, an employer who fails to provide a required off duty rest period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the duty free rest or meal period

- 9 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Vasquez, et al. v. Leprino Foods Company, *et al*- Case No. 1:17-cv-00796-AWI-BAM

was not provided. Similarly, under California Code of Regulations, Title 8, sec. 11040 an employer who does not provide its employees with duty free meal breaks, must one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided. *Title 8, sec. 11040.*

38. Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to provide Plaintiffs and the Class duty free rest and meal breaks, but rather mandated that Plaintiffs and all hourly workers engaged in the safe production, packaging, storage, movement, testing, monitoring and other all other activities performed by hourly workers and necessary for turning raw ingredients into a safe final cheese product distributed to customers. Plaintiffs and Class Members were still required to discuss work issues and/or report back to their work stations, if called upon to do so, during their rest & meal periods and thus were never afforded duty free rest and meal breaks. Defendants have also uniformly failed to pay Plaintiffs and the Class one hour of pay per violation of requiring Plaintiffs and class members to remain on call during meal and rest periods. Defendants' conduct described herein violated California Labor Code §§226.7 and 512, and the applicable wage orders. Therefore, pursuant to Labor Code §226.7(b) and California Code of Regulations, Title 8, sec. 11040, Plaintiffs and the Class are entitled to compensation for the failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

39. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION

**Failure to Properly Itemize Pay Stubs**

**in Violation of California Labor Code §§226(a) and 226(e)**

**(Against All Defendants)**

40. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

41. At all times relevant to this Complaint, California Labor Code section 226 was in effect and provided (*inter alia*) that, upon paying and employee his or her wages, the employer must:

- 10 –

furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

42. Plaintiffs believe, and therefore allege, that, as a result of Defendants uniformly having failed to pay them Reporting Time Pay, Defendants uniformly failed to furnish them, and all others similarly-situated, with proper and accurate itemized written statements containing (without limitation): all the hours that Plaintiffs (and others similarly-situated) worked; gross wages earned; net wages earned; total hours worked on weeks which contained work days in which workers were sent home.

43. Plaintiffs allege that Defendants' failure to furnish them with proper itemized wage statements was done knowingly and intentionally, and that they (and others similarly-situated) suffered injury thereby. Thus, under California Labor Code section 226(e), Plaintiffs (and others similarly-situated) is "entitled to recover greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) [per employee]…"

44. Plaintiffs are also entitled to, and seek on behalf of themselves and all other similarly situated individuals, all reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(e).

- 11 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Vasquez, et al. v. Leprino Foods Company, et al- Case No. 1:17-cv-00796-AWI-BAM

## FOURTH CAUSE OF ACTION

### Conversion

### (Against All Defendants)

45. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

46. As alleged above, Defendants wrongfully withheld earned wages and/or coerced Plaintiffs and class members into forfeiting vacation days in lieu of being paid RTP. Defendants oppressively, fraudulently, reprehensibly, and maliciously deliberately failed to pay Plaintiffs and Class Members all wages they earned and were owed on work days in which Plaintiffs and members of the putative class reported for scheduled shifts, but were sent home without pay and coerced those brave enough to demand their RTP into forfeiting vacation days in lieu of paying RTP.

47. Likewise, Defendants oppressively, fraudulently, reprehensibly, and maliciously deliberately coerced Plaintiffs and Class Members to remain on duty during meal and rest breaks, or risk the possibility of being disciplined and/or fired. Defendants have uniformly failed to pay Plaintiffs and all members of the putative class for requiring them to remain on duty and to respond to work instructions of supervisory personnel during meal and rest breaks.

48. At all relevant times, Defendants had and continue to have a legal obligation imposed by law to pay Plaintiffs and Class Members all RTP and meal/rest break premium pay due to them. Such wages and compensation vested to Plaintiffs and Class Members at the time of each violation and, accordingly, such wages and compensation are the property of Plaintiffs and Class Members, not Defendants.

49. Defendants knowingly and intentionally failed to pay Plaintiffs and Class Members all wages earned. Instead, Defendants converted Plaintiffs' and Class Members' property, including wages and earned vacation time, and converted it to Defendants' own use and benefit. The amount of property (wages belonging to Plaintiffs and the Class) wrongfully converted is capable of being ascertained using Defendants' own records and other data.

- 12 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Vasquez, et al. v. Leprino Foods Company, *et al*- Case No. 1:17-cv-00796-AWI-BAM

50. Plaintiffs and Class Members have been injured by Defendants' intentional conversion of such wages and vacation benefits. Plaintiffs and the Class are entitled to immediate possession of all amounts converted by Defendants, with interest, as well as any and all profits that Defendants acquired by their unlawful conversion, as well as having their earned vacation days returned to them for use by Plaintiffs and class members as they see fit.

51. Defendants' actions constituting conversion were oppressive, malicious, and fraudulent, and were concealed by Defendants, and each of them, from Plaintiffs and the Class. Plaintiffs and the Class have been injured by Defendants' oppressive, malicious, intentional and fraudulent actions, entitling Plaintiffs and the Class to punitive and exemplary damages.

## FIFTH CAUSE OF ACTION

## Violation of California Business and Professions Code §§17200, *et seq*.

### (Against All Defendants)

52. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

53. California Business and Professions Code §§17200 *et seq*. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

54. California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

55. Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

56. Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

- 13 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Vasquez, et al. v. Leprino Foods Company, *et al*- Case No. 1:17-cv-00796-AWI-BAM

      a.    violations of Labor Code §204 pertaining to the payment of wages for all hours worked;

      b.    violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest periods;

      c.    violations of IWC Wage Orders pertaining to Reporting Time Pay;

      d.    violations of Labor Code §§201-203;

      e.    theft of vacation time pay and vacation time from their hourly work force.

57.    The violations of these laws and regulations, as well as of the fundamental California public policies involved serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200, *et seq*.

58.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, *et seq*. Among other things, the acts and practices have taken from Plaintiffs and the Class wages rightfully earned by them and vacation time, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

59.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

60.    As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and Class Members have suffered a loss of money and property, in the form of unpaid wages that are due and payable to them.

61.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition. Plaintiffs and the Class are entitled to restitution pursuant to Business and

- 14 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Vasquez, et al. v. Leprino Foods Company, *et al*- Case No. 1:17-cv-00796-AWI-BAM

1  Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

62. Business and Professions Code § 17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiffs and Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

63. Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sues on behalf of themselves as well as others similarly situated. Plaintiffs and the Class seek, and are entitled to, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

64. Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

65. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. Damages and restitution according to proof at trial for all unpaid wages, unpaid minimum wages, unpaid overtime, and other injuries, as provided by the California Labor Code;

2. For a declaratory judgment that Defendants have violated the California Labor Code and public policy as alleged herein;

3. For a declaratory judgment that Defendants have violated Business and Professions Code §§17200 *et seq*., as a result of the aforementioned violations of the Labor Code and California public policy protecting wages;

4. For preliminary, permanent and mandatory injunctive relief prohibiting Defendants, their officers, agents and all those acting in concert with them, from committing in the future the violations of law herein alleged;

5. For an equitable accounting to identify, locate and restore to all current and former employees the wages and vacation time they are due, with interest thereon;

6. For an order awarding Plaintiffs and Class Members compensatory damages, including lost wages, earnings, return of stolen vacation days and other employee benefits and all other sums of money owed to Plaintiffs and Class Members, together with interest on these amounts, according to proof;

7. For an order awarding Plaintiffs and the Class civil penalties pursuant to the Labor Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

8. For punitive damages for Defendants' oppressive, fraudulent and malicious conversion of wages, vacation time, and RPT owed to Plaintiffs and class members.

9. For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

10. For all costs of suit; and

11. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

The Downey Law Firm, LLC

_____
Cory Lee
*Of Counsel*
Counsel for the Plaintiffs and the putative class

Dated: June 16, 2017

- 16 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Vasquez, et al. v. Leprino Foods Company, *et al*- Case No. 1:17-cv-00796-AWI-BAM

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a jury trial on all claims and issues for which Plaintiffs is entitled to a jury.

Respectfully submitted,

The Downey Law Firm, LLC

_____
Cory Lee
*Of Counsel*
Counsel for the Plaintiffs and the putative class

Dated: June 16, 2017

- 17 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Vasquez, et al. v. Leprino Foods Company, *et al*- Case No. 1:17-cv-00796-AWI-BAM