**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **VICTOR VASQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals,**<br><br>Plaintiffs,<br><br>**LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,**<br><br>Defendants. | **CASE NO. 1:17-CV-00796-AWI-BAM**<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

**I. Introduction**

On May 8, 2017, Plaintiffs Victor Vasquez and Linda Hefke ("Plaintiffs") filed the instant wage and hour class action on behalf of themselves and other similarly situated non-exempt, hourly employees at the cheese processing plant operated by Defendants Leprino Foods Company and Leprino Foods Dairy Products Company (collectively "Leprino" or "Defendants") in West Lemoore, California (the "West Lemoore Plant"). Doc. 1. Leprino removed the action to this Court on May 18, 2017. *Id.* The action proceeds forward on Plaintiff's First Amended Complaint ("FAC"), filed on June 16, 2017, consisting of five causes of action for violations of the California Labor Code, an Unfair Business Practices Act claim, and a conversion claim. Doc.

1

7. Defendant filed an answer on June 30, 2017. Doc. 9.

Leprino moves for judgment on the pleadings regarding Plaintiffs' fourth cause of action for conversion. Plaintiff opposes that motion. The matter is fully briefed.

For the following reasons, the Leprino's motion will be granted.

## II. Background

A. Allegations of the Complaint

Plaintiffs and the putative class members are all non-unionized non-exempt, hourly employees who work at the West Lemoore dairy/cheese processing facility. FAC at ¶ 3.

Until May of 2017, Leprino had a policy of "de crewing" on days when more workers arrived at the West Lemoore Plant than were needed for production. FAC at ¶ 5. Leprino's policy involved "send[ing] workers home prior to the start of their scheduled shift[s] without pay." FAC at ¶ 5. When sending workers home without pay, "Leprino would require … those workers [to] fill out Time Off Request forms (TOR)." FAC at ¶ 6. Those workers who did demand pay "were ordered to forfeit a vacation day if they wished to be paid in lieu of Leprino paying them 4 hours of Reporting Time Pay (RTP)." FAC at ¶ 6.

Leprino maintains or maintained during the class period,[1] a "policy of requiring Plaintiffs [and putative class members] to remain on call and subject to return [to work] during their rest and meal breaks." FAC at ¶ 7.

## III. Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to seek judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." "A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law." *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir.2003). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Management*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir.2012)). Judgment on

---

[1] The Complaint does not specify a start or end date for the alleged policy.

the pleadings is appropriately granted in favor of a defendant when, even if all of the allegations in the pleadings are true, the defendant is entitled to judgment as a matter of law. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). If there is a material dispute in the parties' pleadings, a motion for judgment on the pleadings cannot be granted.

Although Rule 12(c) does not mention leave to amend, courts have discretion to grant a Rule 12(c) motion with leave to amend. *Silas v. Argent Mortg. Co., LLC*, 2017 WL 6055842, *4 (E.D. Cal. Dec. 7, 2017) (citing *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997)). Leave to amend should be granted unless amendment would be futile, the party seeking amendment acted in bad faith or unduly delayed, or such amendment would unfairly prejudice the opposing party. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

**IV. Discussion**

**A. Plaintiff's Fourth Cause of Action – Conversion**

Plaintiffs allege two bases for their conversion claim. First, Plaintiffs allege that Leprino "wrongfully withheld earned wages and/or coerced Plaintiffs and [putative] class members into forfeiting vacation days in lieu of being paid [reporting time pay]." FAC at ¶ 46. Second, Plaintiffs allege that Leprino "failed to pay Plaintiffs and" putative class members "for requiring them to remain on duty and to respond to work instructions … during meal and rest breaks." FAC at ¶ 47. Plaintiff also alleges separate Labor Code violations for both of those alleged courses of conduct.

Neither of those theories gives rise to a viable claim for conversion. "Under California law, when the Legislature creates a right that did not exist at common law and provides a comprehensive remedial scheme for that right, the statutory remedies are exclusive." *Jones v. AB Acquisition, LLC*, ---Fed.Appx. ----, 2017 WL 5562459, *1 (9th Cir. Nov. 20, 2017) (citing *Orloff v. Los Angeles Turf Club*, 30 Cal.2d 110, 180 P.2d 321, 322 (1947)). Both of the theories pursued by Plaintiffs are reliant on protections created by the Labor Code as part of a comprehensive remedial scheme. "[T]he meal and rest break provisions of the Labor Code established a new and comprehensive set of rights and remedies for [employees] ... [and][n]o such specialized rights and remedies existed at common law." *Santiago v. Amdocs, Inc.*, 2011

WL 1303395, *4 (N.D. Cal. Apr. 2, 2011) (quoting *Brewer v. Premier Golf Properties*, 168 Cal.App.4th 1243, 1255 (Cal. Ct. App. 2008)); *Thomas v. Home Depot USA Inc.*, 527 F.Supp.2d 1003, 1010 (N.D. Cal. 2007); *accord Boyd v. Autozone, Inc.*, 2011 WL 13153245 (N.D. Cal. Mar. 28, 2011). Likewise, a right to recover reporting time pay did not exist at common law. Pursuant to the authority granted to it by Labor Code Section 1173, California's Industrial Welfare Commission ("IWC") promulgated wage orders which, in combination with other provisions of the Labor Code, govern wages and working conditions in California. *See* Cal. Code. Regs. tit. 8 § 11080 (wage order governing wages, hours and work conditions in the industries handling products after harvest). Those wage orders established the right of employees to be paid for half of the usual or scheduled day's work when he or she reports to work but is not put to work or is furnished less than half of the usual or schedule work. Cal. Code Regs. tit. 8 §11080(5)(A). Prior to the wage orders authorized by Section 1173, no obligation existed to pay an employee for reporting time. The scheme created for remedying violations of reporting time pay requirements is comprehensive. As a result, Plaintiff's conversion claim is precluded insofar as it seeks to recover wages for meal period premiums or reporting time pay. *See Alvarenga,* 2016 WL 466132 at *3; *Santiago*, 2011 WL 1303395 at *3-4; *Helm v. Alderwoods Group, Inc.*, 696 F.Supp.2d 1057, 1076-1077 (N.D. Cal. 2009). Because amendment would be futile as to both theories, Plaintiff's fourth cause of action will be dismissed without leave to amend.

### V. Order

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion for judgment on the pleadings is GRANTED as to Plaintiffs' fourth cause of action. That claim is adjudicated in favor of Leprino. Leave to amend will not be granted.

IT IS SO ORDERED.

Dated: December 22, 2017

_____
SENIOR DISTRICT JUDGE