**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAIAS VAZQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive, Defendants,<br><br>Defendants. | Case No.: 1:17-cv-00796-AWI-BAM<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**<br><br>(Doc. 35) |

This matter is before the Court on Plaintiffs Isaias Vazquez and Linda Hefke's ("Plaintiffs") Motion for Leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15. (Doc. 35). Defendants Leprino Foods Company and Leprino Foods Dairy Products Company ("Leprino" or "Defendants") opposed the motion on January 18, 2019, and Plaintiffs replied on January 24, 2019. (Docs. 55-57, 59). The Court deems the matter appropriate for resolution without oral argument, and any hearing on the motion set for February 1, 2019, is VACATED. See Local Rule 230(g).

Having considered the record and briefs on file, Plaintiffs' motion for leave to amend shall be GRANTED.

**BACKGROUND**

On May 8, 2017, Plaintiffs filed this wage and hour class action on behalf of themselves and other similarly situated non-exempt, hourly employees at the cheese processing plant at Leprino's

1

Lemoore West dairy/cheese processing facility. (Doc. 1). Leprino removed the action to this Court on June 12, 2017. (Id.) The action currently proceeds on Plaintiffs' Second Amended Complaint ("SAC"), filed on August 30, 2018, alleging five causes of action: (1) failure to pay reporting time pay in violation of IWC Order 8-2001, Section 5 (and other applicable wage orders); (2) illegal policy requiring hourly workers to remain on call during meal and rest periods; (3) failure to properly itemize pay stubs in violation of California Labor Code §§ 226(a) and 226(e); (4) conversion; and (5) violation of California Business and Professions Code §§ 17200, *et seq*.

In the SAC, Plaintiffs allege that until May of 2017, Leprino had a policy of "de crewing" on days when more workers arrived at the West Lemoore Plant than were needed for production. SAC at ¶ 5. This policy involved "sending workers home prior to the start of their scheduled shift without pay." Id. When sending workers home without, "Leprino would require that those workers . . . [to] fill out Time Off Request forms (TOR)." SAC at ¶ 6. Those workers who did demand pay "were ordered to forfeit a vacation day if they wished to be paid in lieu of Leprino paying them 4 hours of Reporting Time Pay (RTP)." Id.

Plaintiffs also allege that this is a class action "to recover premium wages for all meal and rest periods during the statutory period of this action." SAC at ¶ 7. Plaintiffs contend that Leprino had a "policy of requiring Plaintiffs and workers to remain on call and subject to return to discuss business matters and/or return to their work stations if called upon to do so during their rest and meal breaks . . . by supervisory personnel." Id.

The class that Plaintiffs seek to represent is defined as follows:

> All nonexempt hourly workers who are currently employed, or formerly have been employed, as nonexempt hourly employees at Defendants' Lemoore West facilities in Lemoore, California, at any time within four years prior to the filing of the original complaint until resolution of this action.

SAC at ¶ 20.

On January 4, 2019, Plaintiff filed the instant motion for leave to amend, arguing that pursuant to the liberal amendment policy of Federal Rule of Civil Procedure 15, they should be allowed to amend in order to expand upon their existing claim for failure to properly itemize wage statements. Specifically, Plaintiffs move to allege that "At the end of the day – and after the conclusion of paid

2

time by Defendants – Plaintiffs and class members were required to answer work-related calls from Defendants' supervisors and employees without pay to which they are entitled under California law." (Doc. 35 at 3). Based on this additional factual allegation, Plaintiffs also seek to include corresponding claims for failure to pay minimum wages, failure to compensate for all hours worked, failure to pay overtime wages and unpaid wages and waiting time penalties. (Doc. 35-1, Proposed Third Amended Complaint ¶¶ 19, 45-52, 53-59, 60-68, 69-77). Leprino opposed the motion on January 18, 2019, arguing that Plaintiffs' motion should be denied because they failed to seek leave for modification of the Scheduling Order deadline for amendments to the pleadings under Federal Rule of Civil Procedure 16, and there is no good cause to modify the Scheduling Order. Leprino also argues that Plaintiffs' motion should be denied because of unreasonable delay and prejudice to defendants under Federal Rule of Civil Procedure 15(a). (Doc. 55).

**LEGAL STANDARD**

Leprino contend that Plaintiffs' motion for leave to amend should be addressed under the Rule 16 standard for modification of a scheduling order because Plaintiffs' motion was filed upon expiration of the deadline for amendments to the pleadings. In this case, the Court issued a Preliminary Scheduling Order on April 6, 2018, which set the deadline for "Amendments to Pleadings" as January 4, 2019. (Doc. 21). It is this Court's general practice that the deadline set for such amendments includes not only stipulated amendments, but also motions to amend. Given this practice, Plaintiffs' motion to amend filed on January 4, 2019, is timely, and is not subject to the Rule 16 standard for modification of a scheduling order. Accordingly, the Court will address the motion under the Rule 15 standard for amendment to the pleadings.

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." Chudacoff v. Univ. Med. Center of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

To evaluate a motion to amend the complaint under Rule 15, the Court should consider factors including: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, 316 F.3d at 1052.

**DISCUSSION**

As indicated, Leprino argues that leave to amend should be denied under Rule 15(a) "because of Plaintiffs' inexcusable delay and because granting the motion will result in prejudice to Defendants." (Doc. 55 at 6). The Court therefore addresses the factors of undue delay and prejudice.

Undue Delay

In evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson, 902 F.2d at 1387. In addition, the Court examines whether "permitting an amendment would ... produce an undue delay in the litigation." Id.

Leprino argues if Plaintiffs had "done even a basic investigation at the outset, or even during the first 18 months of the case, they would have 'discovered' these allegedly new 'violations' in plenty

4

of time to request to amend the complaint before the Court-ordered deadline." (Doc. 55 at 6.) In short, Leprino contends that the information Plaintiffs rely on to request leave to amend "has been available to them during the entire pendency of this case . . . [and t]hey easily could have learned about it if they had paid attention to this case earlier." (Id.) Leprino also contends that Plaintiffs delayed in propounding discovery, faulting Plaintiffs for (1) failing to serve written discovery until April 18, 2018, eleven months after filing the original complaint; (2) failing to meet and confer for approximately six months after Defendant Leprino Foods Company served responses and objections to Plaintiffs' requests for production; and (3) failing to serve deposition notices until December 19, 2019. (Doc. 55 at 3-4.)

In contrast, Plaintiffs contend that they have not unduly delayed in seeking leave to amend. Rather, they filed their motion within weeks of counsel learning in December 2018 and January 2019 of the additional basis for liability to the class, and within the deadline imposed by the Court's Scheduling Order. (Doc. 35 at 5). Plaintiffs further contend that the facts at issue were uncovered while the class discovery was still open.

Having considered the parties' positions, the Court finds that Plaintiffs have not unduly delayed in seeking leave to amend. Although Plaintiffs initiated this action in June 2017, discovery did not open until early 2018, and a scheduling order did not issue until April 2018. (See Docs. 19, 21). Additionally, Plaintiffs filed the motion shortly after their counsel reportedly learned of the additional basis for liability and before expiration of the relevant amendment deadline. Plaintiffs also filed the motion months before expiration of the deadline for class certification non-expert discovery and prior to commencement of merits discovery or the setting of a trial date.

Nonetheless, even if the Court were to find the delay substantial, this factor alone is not a sufficient ground for denial of leave to amend. E.g., Webb, 655 F.2d at 980 (noting that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend"). Indeed, the Ninth Circuit has been clear that "delay, by itself, is insufficient to justify denial of leave to amend." DCD Programs, 833 F.2d at 186. The case cited by Leprino, AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 953 (9th Cir. 2006), is not to the contrary. In AmerisourceBergen, the Ninth Circuit not only found undue delay, but also prejudice. 465 F.3d at 953. As discussed more fully

below, the Court finds that Leprino has not demonstrated prejudice sufficient to support a denial of the motion.

Prejudice

Courts have found prejudice to the opposing party where the motion to amend the complaint is filed near the close of discovery or when there is a pending motion for summary judgment, and the proposed amendments would require additional discovery. See, e.g., Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (stating that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"); Solomon v. North Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming the denial of leave to amend where the motion was made "on the eve of the discovery deadline" and "[a]llowing the motion would have required re-opening discovery, thus delaying the proceedings"); Sclacter-Jones v. Gen. Tel. of Cal., 936 F.2d 435, 443 (9th Cir. 1991), abrogated by Cramer v. Consol Freightways, Inc., 255 F.3d 683 (9th Cir. 2001) ("The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave."). Courts also have found prejudice where the proposed amendments would result in high additional litigation costs. AmerisourceBergen, 465 F.3d at 953.

None of the above circumstances is present here. As previously noted, Plaintiffs moved to amend the complaint prior to the expiration of the deadline for amendments to the pleadings, and months before expiration of the non-expert discovery deadline for class certification. There also is no motion for summary judgment (or class certification) pending, and the Court has not established deadlines for merit discovery or set a trial date. Additionally, Plaintiffs do not seek to extend any court-ordered deadlines on the basis of the proposed amendment.

Leprino asserts that allowing the amendment would "considerably increase already exorbitant litigation costs" by changing the allegations and adding new claims, "which will undoubtedly require an extension and/or reopening of discovery that will further delay resolution." (Doc. 55 at 7). Although Leprino correctly suggests that additional discovery may be required to address any new allegations or claims, the Court does not find the necessary prejudice to support denial of the motion to

amend. "[T]he mere need for additional discovery, by itself, does not constitute sufficient prejudice under Rule 15 to withhold leave to amend." See, e.g., Synchronoss Techs., Inc. v. Dropbox Inc., No. 16-cv-00119-HSG, 2019 WL 95927, at *3 (N.D. Cal. Jan. 3, 2019). Moreover, at this stage in the litigation, the deadline for completion of class certification discovery has not expired, and a schedule for merits discovery has not been established. Additionally, Leprino admits that it has so far deposed only one of the named plaintiffs, Linda Hefke, and Plaintiffs confirm that this is the sole deposition taken by Leprino to date.[1] (Doc. 55 at 7; Doc. 59 at 2). There also is no assertion that Leprino is unable to serve additional written discovery addressing the narrow allegations at issue.[2]

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for leave to file a Third Amended Complaint (Doc. 35) is GRANTED;

2. Within seven (7) days of the date of this Order, Plaintiffs shall file their Third Amended Complaint;

3. Defendants shall file an answer or other responsive pleading to the Third Amended Complaint in compliance with the time frames of the Federal Rules of Civil Procedure and any relevant Local Rules following service of the Third Amended Complaint.

IT IS SO ORDERED.

Dated: **January 29, 2019**　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs also do not object to Leprino taking an additional day of limited deposition of Plaintiff Linda Hefke.
[2] In a footnote, Leprino asserts that Talavera v. Leprino Foods Company, Case No. 1:15-cv-00105-AWI-BAM, which has been stayed, "concerns the same facility and hourly employees (in addition to two other Leprino facilities), [and] already has claims for overtime, minimum wage, compensation for all hours worked, and waiting time penalties. Thus, Plaintiffs' proposed amendment is not necessary." (Doc. 55 at 7 n.2). Although Leprino asserts that the proposed amendment is "not necessary," such an argument does not support a finding of futility of amendment warranting denial of leave to amend.