1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ISAIAS VASQUEZ and LINDA HEFKE          Case No.  1:17-cv-00796-AWI-BAM
     on behalf of all other similarly situated
12   individuals,                           **ORDER GRANTING IN PART AND
                                            DENYING IN PART DEFENDANTS'**
13                    Plaintiffs,           **MOTION TO COMPEL DISCOVERY**

14          v.                               (Doc. No. 78)

15   LEPRINO FOODS COMPANY, a
     Colorado Corporation; LEPRINO FOODS
16   DAIRY PRODUCTS COMPANY, a
     Colorado Corporation; and DOES 1-50,
17   inclusive,

18                    Defendants.

19

20          Currently before the Court is the motion to compel discovery filed by Defendants Leprino

21   Foods Company and Leprino Foods Dairy Products Company on March 28, 2019.[1]  (Doc. No.

22   78.)  The motion presents two issues: (1) whether Plaintiffs Isaias Vasquez and Linda Hefke

23   should be compelled to answer certain deposition questions that Plaintiffs' counsel instructed

24   them not to answer during their depositions; and (2) whether Plaintiff Isaias Vasquez should be

25   compelled to provide supplemental responses and responsive documents to Defendant Leprino

26

27   ───────────────
     [1]      Defendants also have one other pending discovery motion currently set for hearing on
28   May 17, 2019.  (Doc. No. 81.)  The parties are encouraged to utilize the Court's informal
     discovery procedures to address this remaining motion.
                                               1

Food Company's First Set of Requests for Production ("RFP"). The parties submitted an untimely Joint Statement Regarding Discovery Dispute on April 22, 2019. (Doc. No. 80.)

The Court deemed the matter suitable for decision without oral argument, vacated the hearing set for April 26, 2019, and deemed the motion submitted on the papers. (Doc. No. 84.) Having considered the Joint Statement and the parties' arguments, Defendants' motion to compel will be granted in part and denied in part as set forth below in detail.

**BACKGROUND**

Plaintiffs filed a wage-and-hour class action against Leprino Foods Company and Leprino Foods Dairy Products Company. The action stems from Defendants' alleged custom and policy to "de crew," i.e., sending workers home prior to the start of their scheduled shift without pay because Defendants reportedly misjudged its production or labor needs and from Defendants' alleged policy of requiring Plaintiffs and workers to remain on call and subject to return to discuss business matters and/or return to their work stations during their rest and meal breaks if called upon to do so by supervisory personnel. (Doc. No. 61, Complaint at ¶¶ 5, 7.) Pursuant to the operative Third Amended Complaint, Plaintiffs forward the following claims: (1) failure to pay reporting time pay; (2) unlawful policy of requiring on-call meal and rest breaks; (3) failure to provide properly itemized wage statements; (4) failure to pay minimum wages; (5) failure to compensate for all hours worked; (6) failure to pay overtime wages: (7) failure to pay all wages at termination; and (8) unfair competition.

**Depositions of Plaintiffs Linda Hefke and Isaias Vasquez**

Defendants deposed Plaintiff Linda Hefke on October 10, 2018. During the course of the deposition, Plaintiff's counsel objected to and instructed Ms. Hefke not to answer a number of questions. On January 29, 2019, the Court granted Plaintiffs' motion for leave to file a third amended complaint. At that time, Plaintiffs did not object to Defendants taking an additional day of limited deposition of Ms. Hefke. (Doc. No. 60 at 7 n.1.) Defendants again deposed Ms. Hefke on February 25, 2019. During the course of that deposition, Plaintiff's counsel objected to and instructed Ms. Hefke not to answer certain questions.

Defendants deposed Plaintiff Isaias Vasquez on February 26, 2019. During the course of

that deposition, Plaintiff's counsel objected to and instructed Mr. Vasquez not to answer a number of questions.

At issue here are objections to certain questions based on the following reasons: (1) attorney-client privilege; (2) beyond the scope of Ms. Hefke's continued deposition; or (3) requiring a legal opinion or conclusion.

**Production of Documents**

As noted above, Defendants seeks to compel Plaintiff Isaias Vasquez to provide a supplemental response and requested documents in response to the RFP. According to the Joint Statement, Plaintiffs have produced all documents within Mr. Vasquez' possession, custody or control and have served those documents on Defendants on April 18, 2019. Plaintiffs also reportedly have provided supplemental responses to every RFP.

**DISCUSSION**

**I.     Motion to Compel Answers to Deposition Questions**

During a deposition, an attorney may properly state objections "concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Generally, instructions not to answer questions at a deposition are improper. *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 365 (N.D. Cal. 2000) (citation omitted). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2); *see also Moore v. Stepp*, No. C 11-5395 CW PR, 2013 WL 1832640, at *4 (N.D. Cal. May 1, 2013) ("The only authorized exceptions for a deponent to not answer a question are 'when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) [motion to terminate or limit deposition].'") "If a party believes that a particular question asked of a deponent is improper for any other reason, that party may object; however, 'the examination still proceeds; the testimony is taken subject to any objection.'" *Mendez v. R+L Carriers, Inc.*, No. CV 11-02478-CW (JSC), 2012 WL 1535756, at *1 (N.D. Cal. Apr. 30, 2012) (quoting Fed. R. Civ. P. 30(c)(2)) (citation omitted); *see also Moore*, 2013 WL 1832640, at *4 ("Under Rule 30, which governs behavior during a deposition, objections to a question during a deposition are

3

noted on the record, 'but the examination still proceeds; the testimony is taken subject to any objection.'").

**A.      Questions that Plaintiffs Were Instructed Not to Answer Based on Attorney-Client Privilege.**

Under the attorney-client privilege, confidential communications made by a client to an attorney to obtain legal services are protected from disclosure.  *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *see also North Pacifica, LLC v. City of Pacifica*, 274 F.Supp.2d 1118, 1128 (N.D. Cal. 2003) (finding that communication with legal counsel related primarily to the seeking of legal advice is privileged.).  Not all communications between attorney and client are privileged.  The Ninth Circuit has recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege. *Clarke*, 974 F.2d at 129.  However, "correspondence, [documents or communications] which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege." *Id.*

**Deposition Questions at Issue**

1. Hefke 10/10/18 Deposition, 24:20–25:3:

Q.      And were all your communications with
          Mr. Downey -- and I don't want you to tell me anything
          specific about any particular communication -- but were
          all of your communications with Mr. Downey related to
          this lawsuit?

MR. RUMPH:· Well, no.· Objection.· You're getting
into the content now. I'm instructing her not to
answer.

Defendants argue that this question does not call for Ms. Hefke to reveal any confidential attorney-client communication regarding legal advice or litigation strategy and therefore the instruction not to answer was improper.

Plaintiffs counter that the question directly asks Ms. Hefke to reveal the substance of her communications with her attorney because it could reasonably produce disclosures about the

circumstances regarding counsel's representation. Plaintiffs further argue that it remains unclear as to the purpose of this question or why an answer to the question is necessary.

The Court finds that the question does not call for Ms. Hefke to reveal any confidential communication. Rather, it seeks information regarding the general purpose of the work performed by legal counsel on behalf of Ms. Hefke. The question would produce an objective, yes-or-no answer that does not disclose communications about legal advice, litigation strategy or the specific nature of any other services provided. *See, e.g., Vecron Exim Ltd. v. Stokes,* No. 2:17-cv-02944-CAS (RAOx), 2018 WL 6062312, at *4 (C.D. Cal. Nov. 20, 2018) ("For example, Question 2— which asks whether defendant "ever authorized Mr. McAlpin to settle a matter on your behalf?"— could produce an objective, yes-or-no answer that does not disclose communications about legal advice or litigation strategy."). Thus, the objection was improper, and Ms. Hefke should have answered the question. Accordingly, Defendants' motion to compel an answer to this question is GRANTED.

2. Hefke 10/10/18 Deposition, 45:25–46:4:

Q.      Okay.· Do you believe that you are – have
        been apprised of what is happening in the lawsuit?

MR. RUMPH:· Objection as to form -- I'll object as
that goes into attorney/client communications.  And I'm
going to instruct her not to answer based on privilege.

Defendants argue that this question does not call for Ms. Hefke to reveal any communication about legal advice or litigation strategy.

Plaintiffs counter that this question "*necessarily* invites Plaintiff to reveal what has or has not been communicated by her attorneys." (Doc. No. 80 at 10) (emphasis in original). Plaintiffs also argue that Ms. Hefke already answered a dozen or more questions about her understanding of the lawsuit, how long it has been proceeding, who her attorneys are, what the case is about, and her duties as class representative. Plaintiffs assert that Defendants have had a full opportunity to question Ms. Hefke about her understanding of the case, and they do "not have the right to pierce the attorney-client privilege to answer questions about how she feels the case is being communicated to her. (*Id.*)

The Court finds that the question does not call for Ms. Hefke to reveal any confidential communications. Rather, as Plaintiffs themselves have characterized it, the question merely asks Ms. Hefke "how she feels the case is being communicated to her," not the substance or nature of what is being communicated. Accordingly, Defendants' motion to compel an answer to this question is GRANTED.

3. Hefke 2/25/19 Deposition, 291:10-13:

Q.      Were you aware that you were requested to bring
        documents to your deposition today?

MR. DOWNEY:· Objection.· Attorney-client privilege.
Don't answer that question.

Plaintiffs have offered to provide a written response to this question, which the Court construes as a concession that counsel improvidently instructed Ms. Hefke not to answer the question on the basis of attorney-client privilege. (Doc. No. 80 at 11.) Plaintiffs also appear to contend that Ms. Hefke already answered this question, when she was asked whether she had seen the deposition notice and request for production. However, that she did not see the deposition notice is not responsive to the question of whether she was aware that she had been requested to bring documents to her deposition.

4. Vazquez 2/26/19 Deposition, 42:13-21:

Q.      And do you believe that you have been informed
        of what is happening in this lawsuit along the way?

MR. DOWNEY: Objection. Attorney-client
privilege.
Do not answer that question.

BY MS. POOLEY:

Q.      I haven't asked you the substance of any
        communication.

MR. DOWNEY: Do not answer that question.

Defendants argue that this question does not call for Mr. Vasquez to reveal any communication about legal advice or litigation strategy.

As with a similar question directed to Ms. Hefke, Plaintiffs counter that this question

"*necessarily* invites Plaintiff to waive the privilege and reveal what has or has not been communicated to him by his attorneys." (Doc. No. 80 at 12) (emphasis in original). Plaintiffs also argue that Mr. Vasquez already answered questions about his understanding of the case, including what his involvement was, how long he has spent on the case, whether he knew if it was in state or federal court, and who filed the case. Plaintiffs assert that Defendants "cannot delve into Plaintiffs' [sic] beliefs about how his attorney has been communicating with him." (*Id.*)

The Court finds that the question does not call for Mr. Vasquez to reveal any confidential communications. Rather, the question merely asks Mr. Vasquez whether he believes that he has been informed of what is happening in this lawsuit, not the substance of any communication with his counsel. Accordingly, Defendants' motion to compel an answer to this question is GRANTED.

5. Vazquez 2/26/19 Deposition, 42:24-43:6:

Q.     Do you believe that you have been apprised on
       what is happening in this lawsuit?

MR. DOWNEY:· Objection.· Attorney-client
privilege.

Do not answer that question.

MS. POOLEY:· Mark those, please.

MR. DOWNEY:· And I am going to take a break
now.· Let's go outside.

As with the same question posed to Ms. Hefke, the Court finds that this question does not call for Mr. Vasquez to reveal any confidential communications. Rather, as Plaintiffs themselves have characterized it, the question merely asks Mr. Vasquez his "beliefs about how his attorney has been communicating with him," not the substance of any communications. (Doc. No. 80 at 14.)

6. Vazquez 2/26/19 Deposition, Page 128:17-21:

Q.     Did you approve of Exhibits 33, 34, and 35
       being filed in this lawsuit?3

MR. DOWNEY:· Don't answer that question.

7

Calls for attorney-client privilege.· Do not answer.
And asked and answered to some respects.

Defendants argue that this question does not call for Mr. Vasquez to reveal any confidential communications with his attorneys, legal advice or litigation strategy.  Instead, Defendants contend that it simply asks for a yes-or-no answer, not a matter of anything communicated to or from his attorneys.

Plaintiffs counter that this question "undoubtedly invites a response in violation of the privilege" because Mr. Vasquez' attorneys would have presented him with these documents and he would have communicated any approval to them.  (Doc. No. 80 at 14.)  Plaintiffs also contend that Mr. Vasquez already answered this question as rephrased during the following exchange:

> Q:    Without conveying any communication that you had with any of your attorneys,
>       were you personally in agreement that Exhibits 33, 34, and 35 should be filed in
>       this lawsuit?
>
> MR. DOWNEY: Objection. Vague, form the question is confusion, calls for a legal
> conclusion, asked and answered inasmuch as he's already testified that he retained
> an attorney to file a lawsuit.
> If you know, you may answer.
>
> THE WITNESS: I don't know.
>
> Q:    You don't know if you are in agreement with the filing of these three amended
>       complaints?
>
> A:    No.

Vazquez Depo. at 128:24–129:12.  Plaintiffs also point out that Defendants asked Mr. Vasquez questions about whether he had seen the complaints and whether they had been filed.

The Court finds that the question at issue has been answered as rephrased.  Accordingly, Defendants' motion to compel a further response to this question is DENIED.

**B.      Questions that Ms. Hefke was Instructed Not to Answer Based on Claim that the Questions Exceeded the Scope of Her Continued Deposition**

1. Hefke 2/25/19 Deposition, Page 288, lines 6-14:

> Q.    When is the last time you communicated with
>       Randy?
>
> MR. DOWNEY:· Objection.· Relevance.· And this goes
> beyond the scope of this deposition.· I'm going to instruct
> her not to answer.· That was -- these were questions for
> the last deposition, not this deposition.

8

MS. POOLEY:· Okay.

MR. DOWNEY:· Don't answer.

THE WITNESS:· I won't.

Defendants contends that Plaintiffs' counsel improperly instructed Ms. Hefke not to answer because there was no assertion of privilege or a Court-ordered limitation.  Plaintiffs counter that this question was outside the scope of Ms. Hefke's second, limited deposition regarding the allegations in the Third Amended Complaint and that Defendants have not identified how it is relevant or proportional to the needs of the case.

The Court finds that counsel improperly instructed Ms. Hefke not to answer this question.  "An instruction not to answer on the basis that the question is beyond the scope is improper."  *In re Remec, Inc. Sec. Litig.*, No. 04CV1948 MMA (AJB), 2009 WL 10673212, at *3 (S.D. Cal. Feb. 20, 2009).  Indeed, "objections that questions had been asked and answered, exceeded the scope of the deposition, lacked relevance, assumed facts, and misstated [a deponent's] prior testimony are improper grounds for instructing" a witness not to answer. *Doe v. City of San Diego*, Civil No. 12-cv-0689-MMA (DHB), 2013 WL 6577065, at *5 (S.D. Cal. Dec. 13, 2013) (citations omitted).

Further, the Court did not define or otherwise specify any limit on the continued deposition of Ms. Hefke.  Instead, in granting Plaintiffs leave to file a Third Amended Complaint, the Court noted only that "Plaintiffs . . . do not object to Leprino taking an additional day of limited deposition of Plaintiff Linda Hefke."  (Doc. No. 60 at 7, n. 1.)  Accordingly, Defendants' motion to compel an answer to this question is GRANTED.

2. Hefke 2/25/19 Deposition, Page 290, lines 10-18:

Q.    Did you look for any postings that you made on
      any social media site that relates in any way to your
      employment with Leprino since your last deposition?

MR. DOWNEY:· Objection.· Don't answer that question.
I has nothing to do with today's deposition, which is
limited to the allegations contained -- the new allegations
contained within the third amended Complaint.

MS. POOLEY:· You're instructing her not to answer?

MR. DOWNEY:· I am instructing her not to answer.

Defendants argue that Plaintiffs' counsel improperly instructed Ms. Hefke not to answer this question because there was no assertion of privilege or a Court-ordered limitation. Defendants also point out that prior to the continued deposition, they served a document request with the deposition notice that sought "[a]ny and all postings by you or to you on any social media site that in any way RELATE TO your employment with DEFENDANT." (Doc. No. 80 at 18.)

Plaintiffs counter that they objected in order to preserve the Court's prior limitation on the continued deposition of Ms. Hefke. Plaintiffs also contend that Ms. Hefke had been asked at length about her document production during the first deposition during which she confirmed that there are no responsive documents in her possession, custody or control. Plaintiffs assert that asking her to sit for a third deposition is needless and a waste of resources.

For the same reasons noted above, the Court finds that Plaintiffs' counsel improperly instructed Ms. Hefke not to answer this question. There is no claim of privilege or a clearly delineated Court order limiting the scope of Ms. Hefke's continued deposition. Moreover, objections that questions exceeded the scope of the deposition or lacked relevance are improper grounds for instructing a witness not to answer. *Doe*, 2013 WL 6577065, at *5. Although Plaintiffs assert that Ms. Hefke was asked this question in her first deposition, there is no indication in the record that she did not acquire responsive documents after her first deposition and prior to her continued deposition. Accordingly, Defendants' motion to compel Ms. Hefke to answer this question is GRANTED.

3. Hefke 2/25/19 Deposition, Page 290, lines 20-24:

Q.      Since your last deposition, did you look for any
        postings that you received on my social media site that
        relates in any way to your employment with Leprino?

MR. DOWNEY:· Same instruction.· Do not answer.

For the same reasons discussed above, the Court finds that Plaintiffs' counsel improperly instructed Ms. Hefke not to answer this question. Accordingly, Defendants' motion to compel an

1  answer to this question is GRANTED.

2  <u>4. Hefke 2/25/19 Deposition, Page 313, lines 20-25 – Page 314, lines 1-14</u>:

3  Q. Ms. Hefke, have any motions been filed in this
   case since your deposition on October 10th, 2018?
4

5  MR. DOWNEY:· Objection.· Calls for a legal conclusion.
   She's not an attorney.
   Go ahead and answer if you know.
6

7  THE WITNESS:· I'm not sure.

8  BY MS. POOLEY:

9  Q.      You don't know of any?

10  A.      I know of the last one that was done.

11  Q.      What was the last one?

12  A.      The amend -- the amendment.

13  Q.      You know there was an amended Complaint filed --

14  A.      Yes.

15  Q.      -- is that what you're saying?

16  A.      Yes.

17  Q.       Okay.· Do you know if any motions have been
            filed?

18  MR. DOWNEY:· Objection.· I'm going to instruct you not
    to answer.  It goes beyond the contents -- the new contents
19  of the third amended Complaint.

20      Plaintiffs indicate that they have offered to provide a written response to this question,

21  which the Court construes as a concession that counsel improvidently instructed Ms. Hefke not to

22  answer the question.  (Doc. No. 80 at 21.)  Accordingly, Defendants' motion to compel an answer

23  to this question is GRANTED.

24      **C.      Other Deposition Questions that Plaintiff Hefke was Instructed Not to
                Answer**
25

26  <u>1. Hefke 2/25/19 Deposition, Page 292, lines 16-19</u>:

27  Q.      Have there been any developments in this case
            since your deposition on October 10th, 2018?

28  MR. DOWNEY:· Objection.· Do not answer that question.

11

THE WITNESS:· Okay.

Plaintiffs indicate that they have offered to provide a written response to this question, which the Court construes as a concession that counsel improvidently instructed Ms. Hefke not to answer the question.  (Doc. No. 80 at 23.)  Accordingly, Defendants' motion to compel an answer to this question is GRANTED.

2. Hefke 2/25/19 Deposition, Page 294, lines 24-25 – Page 295, lines 1-4:

Q.      Did you decide to file a third amended Complaint
        in this case?

MR. DOWNEY:· Objection.· Do not answer that question.
That's an attorney who decides whether or not a Complaint
is filed.· A plaintiff only does so if they're representing
themselves pro se, you know that.

Plaintiffs indicate that they have offered to provide a written response to this question, which the Court construes as a concession that counsel improvidently instructed Ms. Hefke not to answer the question.  (Doc. No. 80 at 24.)  Accordingly, Defendants' motion to compel an answer to this question is GRANTED.

3. Hefke 2/25/19 Deposition, Page 295, lines 8-15:

Q.      Ms. Hefke, did you decide that a third amended
        Complaint should be filed in this case?

MR. DOWNEY:· Objection.· Do not answer that question.
Calls for a legal opinion and a legal conclusion.
Attorneys decide on behalf of their clients whether or not
a third amended Complaint should be filed, unless a
plaintiff is representing themselves pro se, which is not
the case here.

Defendants argue that Plaintiffs' counsel improperly instructed Ms. Hefke not to answer this question because there was not asserted claim of privilege or a Court-ordered limitation.

Plaintiffs counter that they did assert a claim of privilege during this line of questioning. Plaintiffs further counter that this question seeks information regarding litigation strategy, which is privileged.

The Court finds that this question seeks information that arguably is privileged because it seeks information pertaining to litigation strategy or legal advice.  Accordingly, Defendants'

motion to compel an answer to this question is DENIED.

**II.     Motion to Compel Supplemental Response and Production to RFP**

Plaintiffs have represented that Mr. Vasquez has "produced all responsive documents within his possession, custody, or control and served said documents on Leprino April 18, 2019," and has "provided supplemental responses to every single request."  (Doc. No. 80 at 28.)  Based on this representation, the Court finds that the motion to compel a supplemental response and production of documents to the RFP is now moot and is therefore DENIED.

## CONCLUSION AND ORDER

For the reasons stated above, it is HEREBY ORDERED that Defendants' motion to compel discovery is GRANTED IN PART and DENIED IN PART.  Plaintiffs shall produce Ms. Hefke and Mr. Vasquez for further depositions, not to exceed ninety (90) minutes each, to: (1) answer the questions asked and improperly objected to as identified above; and (2) answer reasonable follow-up questions.

It is FURTHER ORDERED that Defendants' motion to compel Mr. Vasquez to provide a supplemental response and production of documents to the RFP is DENIED as moot.

IT IS SO ORDERED.

Dated:   **April 30, 2019**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE