UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAS VASQUEZ and LINDA HEFKE on behalf of al other similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>LEPRINO FOODS COMPANY, et al.,<br><br>    Defendants. | No. 1:17-cv-00796-AWI-BAM<br><br>**ORDER GRANTING DEFENDANTS' REQUEST TO SEAL DOCUMENTS**<br>(Doc. 108) |

Currently before the Court is the request of Defendants Leprino Foods Company and Leprino Foods Dairy Products Company ("Defendants") to file under seal, pursuant to Local Rule 141, Defendant Leprino Foods Company's daily production schedule. (Doc. 108.) For the reasons that follow, Defendants' request is GRANTED.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." Id. at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a

strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." <u>Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Two standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions. <u>Kamakana</u>, 447 F.3d at 1179; <u>see also</u> <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 677-78 (9th Cir. 2010). The "good cause" standard, which is applicable here, presents a lower burden for the party wishing to seal documents. <u>Pintos</u>, 605 F.3d at 678. Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality." <u>Id.</u> (quoting <u>Phillips</u>, 307 F.3d at 1213).

Defendants assert that there is good cause to seal the daily production schedule at issue because it "contains highly propriety and confidential business information." (Doc. 108 at 2.) Having considered the document at issue, the Court concludes that counsel has sufficiently shown good cause for filing the document under seal. Accordingly, good cause being shown, Defendants' request to seal is HEREBY GRANTED. The Court orders that Defendant Leprino Foods Company daily production schedule be filed and maintained under seal. Defendants will email the document requested to be sealed to ApprovedSealed@caed.uscourts.gov for filing under seal.

IT IS SO ORDERED.

Dated: **May 24, 2019**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE