UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAS VASQUEZ and LINDA HEFKE on behalf of al other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LEPRINO FOODS COMPANY, et al.,<br><br>Defendants. | No. 1:17-cv-00796-AWI-BAM<br><br>**ORDER DENYING PENDING MOTIONS TO COMPEL DISCOVERY**<br><br>(Doc. Nos. 81, 90) |

Currently before the Court for resolution are the remaining issues in Defendants' Motion to Compel Discovery (Doc. No. 81) and Plaintiffs' Amended Motion to Compel Discovery (Doc. No. 90.) As directed by the Court, the parties have submitted briefing on these issues. (Doc. Nos. 109, 110.) The matter is suitable for decision without oral argument and is deemed submitted. Local Rule 230(g). Having considered the parties' briefs and the record in this action, the pending motions to compel discovery shall be denied.

**Procedural Background**

On April 22, 2019, Defendants filed a motion to compel Plaintiffs Vazquez and Hefke to produce documents and provide further responses to Defendant Leprino Foods Company's Request for Production, Set Two. (Doc. No. 81.) Defendants noticed the motion hearing for June 17, 2019. (Id.)

On May 3, 2019, Plaintiffs filed an amended motion to compel Defendant Leprino Foods Company to produce further responses to Plaintiffs' Demand for Production of Documents (Set One), No. 4, and Demand for Production of Documents (Set Two), Nos. 64–70, 72–75, 84, 88,

1

and 89. (Doc. No. 90.) Plaintiffs noticed the motion for hearing on May 31, 2019. (Id.)

The deadline for completion of class certification discovery expired on May 7, 2019. (Doc. No. 74.) Accordingly, on that same date, the Court ordered the personal appearances of counsel on May 17, 2019, to meet and confer and resolve the outstanding discovery motions. (Doc. No. 91.)

On May 17, 2019, counsel for the parties personally appeared and engaged in meet and confer efforts to resolve the discovery motions. At the conclusion of meet and confer efforts, Defendants confirmed that all issues in their motion to compel (Doc. 81) had been resolved with the exception of their request for Plaintiffs' postings on social media sites that Plaintiffs follow or participate in relating to their employment at Defendants' Lemoore West facility. Similarly, Plaintiffs confirmed that all issues in their amended motion to compel (Doc. 90) had been resolved with the exception of their Requests for Production Nos. 65-70 seeking production schedules. To resolve these remaining issues, the Court directed the parties to file limited briefing setting forth their respective positions. (Doc. No. 104.)

On May 24, 2019, the parties filed their briefs. (Doc. Nos. 109, 110.)

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 26(b), the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information within the scope of discovery need not be admissible in evidence to be discoverable. Id. However, the court must limit the extent of discovery if it determines that (1) the discovery sought is unreasonably cumulative, duplicative or can be obtained from other source that is more convenient, less burdensome, or less expensive, (2) the party seeking discovery has had ample opportunity to obtain the information by discovery, or (3) the proposed discovery is outside the permissible scope. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

A party may serve on any other party a request within the scope of Rule 26(b) to produce

and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1).

**Defendants' Motion to Compel Production of Social Media Postings**

As indicated above, Defendants seek to compel Plaintiffs to produce documents responsive to Request for Production No. 31, which seeks the following: *Any and all postings made on any social media site that you participate in or follow regarding employment at Leprino Food Company's Lemoore West facility.* (Doc. No. 109 at 2.)

According to Defendants, Plaintiffs submitted supplemental written responses to this request, but limited such response to "posts Plaintiff made regarding the facts and theories of liability asserted in [Plaintiffs'] operative complaint." (Id.) As limited, Plaintiff Hefke reported that she did not have any responsive documents and Plaintiff Vasquez stated that he previously produced responsive documents.

Defendants do not agree to the limitation imposed by Plaintiffs in their supplemental response, and instead contend that the request should include "posts made and received by Plaintiffs." (Id.) As support, Defendants maintain that social media posts about employment at the Lemoore West facility are relevant to Plaintiffs' claims and Defendants' defenses. Defendants assert that the posts may discuss working conditions or issues that employees have with supervisors or management. For instance, Defendants claim that there may be posts revealing that employees have unrelated issues with a supervisor that have motivated the employees to target him or her, undermining the claims regarding rest breaks or reporting time pay. (Id. at 3.)

Plaintiffs counter that Defendants' demand for all social media posts is overbroad and irrelevant to either class certification or the merits of this action. Plaintiffs report that they have provided all documents within their possession, custody or control that are relevant to the facts or theories of liability.

The Court finds that Defendants' request for postings made on any social media site that Plaintiffs participate in or follow regarding employment at Leprino Food Company's Lemoore West facility is overbroad and seeks the discovery of information that is not relevant to class

3

certification or the merits of this action. Plaintiffs' limitation of their response to any social media posts related to the facts or theories of liability underlying this action is appropriate. Plaintiffs have affirmed that they have produced all responsive social media posts related to the claims and defenses in this matter. Accordingly, Defendants' motion to compel a further response to Request for Production No. 31 is HEREBY DENIED.

**Plaintiffs' Motion to Compel Production of Defendants' Production Schedules**

Plaintiffs seek to compel Defendants to produce documents responsive to the following requests:

> **Request for Production No. 65**:
> All daily "Run Schedules", by department, and/or Line, for all years between May 1st, 2013 and the present.
> **Request for Production No. 66**:
> All daily "Production Schedules", by department, and/or Line, for all years between May 1st, 2013 and the present.
> **Request for Production No. 67**:
> All "Weekly Schedules", by department, and/or Line, for all years between May 1st, 2013 and the present.
> **Request for Production No. 68**:
> All weekly "Production Schedules" for all years between May 1st, 2013 and the present.
> **Request for Production No. 69**:
> All weekly "Run Schedules", for all years between May 1st, 2013 and the present.
> **Request for Production No, 70**:
> All weekly "Work Schedule (s)", for each department for all years between May 1st, 2013 and the present.

(Doc. No. 109 at 4.)

The parties have agreed that these requests are limited to "Production Schedules," but dispute whether they are relevant to Plaintiffs' claim that Defendants allegedly failed to pay reporting time pay. Pursuant to regulation, California employers generally must pay reporting time pay when "an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work . . . ." Cal. Code Regs., tit. 8, § 11070(5) (Wage Order 7-2001).

Plaintiffs assert that based on testimony, employees use the Production Schedules to tell them what *kind* of shift they are assigned to and they rely on these schedules to know when and how long they are scheduled to work. Plaintiffs believe that the Production Schedules can be reviewed in conjunction with time records to reflect the employees' schedules. Plaintiffs appear

4

to suggest that the Production Schedules will help demonstrate whether Defendants properly scheduled employees. (Doc. No. 110 at 6.)

Defendants counter that the Production Schedules do not include any information about Defendants' employees and do not show who was scheduled to work at any time on any given day or who actually worked at any time. Defendants contend that for any reporting time pay claim, it is the employees' time records, which they have produced, that will "show when an employee clocked in for work and any time that an employee clocked out less than four hours later." Defendants also contend that it is the employees' pay records, which Defendants have produced, that "show what pay an employee has received for such shifts." (Doc. No. 109 at 6.)

A sample of Defendants' Production Schedule has been filed with the Court under seal. (Doc. No. 112.) The Production Schedules were ordered to be filed under seal because they contain highly propriety and confidential business information. Having reviewed the sample, the Court finds that Defendants' Production Schedules do not identify any information about Defendants' employees. The Production Schedules do not identify how many employees were scheduled for work, who was scheduled to work or who reported to work, or how long any employee was required to work. Further, there is nothing in the Production Schedules reflecting how long any employee actually worked and what pay the employee received for that work. Production Schedules are just that, the volume of product to be produced for clients. In short, these Production Schedules are not relevant to Plaintiffs' claims or any defenses in this action, including Plaintiffs' claim for reporting time pay. Accordingly, Plaintiffs' motion to compel production of Defendants' Production Schedules in response to Requests for Production Nos. 65 – 70 is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **May 31, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE