UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAS VASQUEZ and LINDA HEFKE on behalf of al other similarly situated individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>LEPRINO FOODS COMPANY, et al.,<br><br>        Defendants. | No. 1:17-cv-00796-AWI-BAM<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>(Doc. No. 104) |

Currently pending before the Court for resolution is the request of Plaintiffs Isaias Vasquez and Linda Hefke ("Plaintiffs") for documents from Defendants Leprino Foods Company and Leprino Foods Dairy Products Company. The requested documents are categorized as follows: (1) daily assignment sheets; (2) investigation files; and (3) monthly meeting notes. (Doc. No. 104.) As directed by the Court, the parties submitted informal briefing on Plaintiffs' requests. (Doc. Nos. 105, 114.) The parties have stipulated to an informal ruling.

Having considered the parties' briefs and the record in this action, Plaintiffs' requests will be denied.

**Relevant Procedural Background**

The deadline for completion of class certification discovery expired on May 7, 2019. (Doc. No. 74.) However, at a meet and confer conference held on May 17, 2019, Plaintiffs

reported that the parties had a remaining discovery dispute regarding their request for daily assignment sheets, investigation files and monthly meeting notes. The parties agreed to submit the matter for informal resolution and the Court permitted the parties to submit 3-page letter briefs setting forth their positions. (Doc. No. 104.) On May 24, 2019, Plaintiffs submitted their letter brief. (Doc. No. 105.) On May 31, 2019, Defendants filed their responsive letter brief. (Doc. No. 114.)

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 26(b), the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information within the scope of discovery need not be admissible in evidence to be discoverable. Id. However, the court must limit the extent of discovery if it determines that (1) the discovery sought is unreasonably cumulative, duplicative or can be obtained from other source that is more convenient, less burdensome, or less expensive, (2) the party seeking discovery has had ample opportunity to obtain the information by discovery, or (3) the proposed discovery is outside the permissible scope. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

**Discussion**

**1.  Daily Assignment Sheets**

Plaintiffs assert that they reportedly learned during the deposition of Sr. Processing Supervisor Valdez on January 9, 2019, that Defendants had failed to produce responsive Daily Assignment Sheets, which contained information concerning worker names, productions runs, and decrewing. (Doc. No. 105 at 1.) Plaintiffs complain that despite this testimony, and the fact that the Daily Assignment Sheets were responsive to their Request for Production Documents, Set One, served in April 2018, Defendants did not produce the Daily Assignment Sheets until April 25, 2019. (Id.) Plaintiffs aver that the Daily Assignment Sheets should have been produced in July 2018 after the protective order was entered. (Id. at 2.)

2

Defendants counter that after Mr. Valdez' deposition, Plaintiffs served a clarifying Second Request for Production of Documents on February 4, 2019, which sought all Daily Assignment Sheets as described by Mr. Valdez. (Doc. No. 114 at 1.) In response to the request, Defendants reportedly produced the Processing Department's Daily Assignment Sheets in PDF format on April 9, 2019, and in Excel format on April 19, 2019, with a supplemental Excel production on April 24, 2019. (Id. at n. 1.)

Based on the briefing, the parties do not appear to dispute that Defendants have produced the Daily Assignment Sheets in response to the second request for production of documents. As the documents have been produced, any request for further production is DENIED as moot. The Court notes, however, that Plaintiffs appear to object to the timeliness of Defendants' production, presumably as part of their request "to again continue the discovery and class cert. deadlines." (Doc. No. 105 at 3.) The Court is not persuaded.

According to the record in this action, the Court previously addressed Plaintiffs' request for the production of Daily Assignment Sheets during informal conferences held in January and February 2019. (Doc. Nos. 54, 67.) Critically, on February 1, 2019, the Court denied Plaintiffs' motion to the compel the production of Daily Assignment Sheets as moot because Plaintiffs agreed to serve a Request for Production, Set Two for these documents, and Defendants agreed to respond. (Doc. No. 67.) Plaintiffs attempted to renew their motion to compel production of these documents during an informal conference on February 25, 2019, but this request was denied as premature given that the deadline for Defendants to comply with the request for production had not expired. (Doc. No. 74.) At the same time, however, the Court granted the parties' requested extension of the relevant deadlines, including the deadline to complete non-expert discovery and class certification. (Id.) Plaintiffs therefore were aware that Defendants had not yet produced the responsive Daily Assignment Sheets. Accordingly, any request to further modify the deadlines in this action based on production of the Daily Assignment Sheets is DENIED.

**2.    Investigation Files**

Plaintiffs assert that they first learned on May 7, 2019, during the deposition of Kes Anderson, that complaints made by workers are kept in investigation files, not in the employees'

personnel files. (Doc. No. 105 at 1.) Plaintiffs claim that these files were responsive to their first Request for Production Nos. 11-16, 30-31, and 47-52, (Doc. No. 105-1 at ¶ 8), and should have been produced after entry of the protective order in June 2018. Plaintiffs contend that these investigative files have still not been produced.

Defendants counter that they have produced non-privileged documents that are responsive to Request for Production Nos. 11-16, 30-31, and 47-52, along with a privilege log, and have not withheld any responsive documents because they were located in an "investigation file." Defendants assert they produced the documents based upon prior meet and confer conferences. Defendants assert that "[t]here are no additional documents of which the Court may compel production." (Doc. No. 114 at 2.)

Based on Defendants' representation that they have produced all non-privileged documents in response to Requests for Production Nos. 11-16, 30-31 and 47-52, the Court cannot compel further production. Accordingly, Plaintiffs' request for production is DENIED.

### 3. Monthly Meeting Notes

Plaintiffs assert that Mr. Anderson testified that supervisors attend monthly meetings in which training on policy changes take place, and that documents pertaining to said meetings were maintained.[1] (Doc. No. 105 at 2.) Plaintiffs contend that these documents are responsive to their first Requests for Production Nos. 54-57.

Defendants counter that Requests for Production Nos. 54-57 seek documents regarding supervisory training on specified topics—duty-free meal breaks, duty-free rest breaks, and payment for involuntary de-crewing. Defendants report that they have produced documents responsive to these requests and attach as an example a presentation titled "Delays in Operation." (Doc. No. 114 at 3.) Defendants aver that they have not withheld any documents responsive to these requests and there is nothing more to compel.

Requests for Production Nos. 54-57 seek documents reflecting training provided

---

[1] According to the excerpt provided, Mr. Anderson testified that there are agendas for the monthly supervisor meetings and that they keep copies of the presentations made at the meetings. (Doc. No. 105-1 at Ex. 11.)

supervisory personnel regarding the following: (1) policies for tracking meal and rest breaks by non-exempt workers; (2) duty free meal breaks; (3) duty free rest breaks; and (4) payment for involuntary decrewing. Based on Defendants' report that that have produced documents responsive to the requests, such as presentations, have not withheld responsive documents and there is nothing more to compel, any further request for production is DENIED as moot. There is nothing in Plaintiffs' briefing that identifies any specific document(s) that they believe Defendants have failed to produce in response to these requests.

IT IS SO ORDERED.

Dated: **June 4, 2019**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE