R. Rex Parris (SBN 96567)
    rrparris@parrislawyers.com
Kitty K. Szeto (SBN 258136)
    kszeto@parrislawyers.com
John M. Bickford (SBN 280929)
    jbickford@parrislawyers.com
Ryan A. Crist (SBN 316653)
    rcrist@parrislawyers.com
**PARRIS LAW FIRM**
43364 10th Street West
Lancaster, California 93534
Telephone:    (661) 949-2595
Facsimile:    (661) 949-7524


Philip A. Downey (admitted Pro Hac Vice)
PA Bar No. 81603
    downeyjustice@gmail.com
**THE DOWNEY LAW FIRM, LLC**
19 Rock Road
Long Valley, New Jersey 07853
Telephone:    (610) 324-2848
Facsimile:    (610) 813-4579

Attorneys for Plaintiffs and the Putative Class

[*Counsel for Defendants on following page*]

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAS VASQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 1:17-cv-00796-AWI-BAM<br><br>**CLASS ACTION**<br><br>**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**<br><br>Date:      September 27, 2019<br>Time:      9:00 a.m.<br>Courtroom:  8<br>Judge:     Barbara A. McAuliffe |

15864809.2

**HANSON BRIDGETT LLP**
SANDRA L. RAPPAPORT, SBN 172990
srappaport@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:     (415) 777-3200
Facsimile:     (415) 541-9366

Attorneys for Defendant Leprino Foods Company, and
Leprino Foods Dairy Products Company

1

**PLAINTIFFS' POSITION:**

## I.       ISSUES IN CONTENTION

Plaintiffs seek leave from Rule 30's ten-deposition limit in order to depose the putative class members who submitted declarations in support of Defendant's Opposition to Plaintiffs' Motion for Class Certification.  Plaintiffs also seek various personnel data of these individuals prior to their depositions.

## II.      MEET AND CONFER CONFERENCES

On August 30, Plaintiff sent a meet-and-confer letter via e-mail to Leprino requesting whether it would stipulate to relief from Rule 30.  *See* Crist Decl., Ex. A.  Defendant responded on September 9 indicating it would not stipulate to 56 depositions.  *Id.*, Ex. B.  The Parties have been meeting-and-conferring via e-mail, but have not been able to come to a resolution.  Plaintiff proposed to take 20 depositions of the 56 declarants.  *Id*.  Leprino offered Plaintiff to take 7 depositions, but this offer was contingent on (1) the depositions being on mutually-agreeable dates, and (2) that Plaintiff would "not seek an extension of time in which to file their reply on the class certification motion."  *Id*.  Plaintiff requested mutually available dates from Leprino, and whether Leprino would accept service on the declarants' behalf, and whether Leprino would be producing the discovery pertaining to these individuals prior to the depositions.  The Parties did not reach an agreement.

## III.     ARGUMENT

### A.       Courts regularly grant leave for additional depositions of declarants who willingly "inject themselves into the litigation."

Under Rule 30, each party is generally limited to 10 depositions, but may stipulate for more. Fed. R. Civ. Proc., rule 30(a)(2)(A)(i).  Absent a stipulation for additional depositions, a "party must obtain leave of court."  *Id.*  "Given the complexity of class actions and the number of putative class members who submit[] declarations in support of . . . class certification," court's regularly grant leave to take depositions in excess of that limit.  *Garnett v. ADT LLC* (E.D. Cal. Dec. 2, 2015, No. 2:14-02851 WBS-DAD) 2015 WL 12942061, at *2 (granting 14 additional depositions for every putative

JOINT STATEMENT RE DISCOVERY DISAGREEMENT

15864809.2

class member who submitted a declaration).  This is especially true when current employees willingly "inject[] themselves into the litigation with the submission of their declarations."  *Aldapa v. Fowler Packing Company Inc.* (E.D. Cal. Mar. 5, 2019, No. 1:15-cv-00420-DAD-SAB) 2019 WL 1047492, at *16 (granting additional depositions of absent class members who submitted declarations); *see also Rojas v. Marko Zaninovich, Inc.* (E.D. Cal. Jul. 5, 2011 No. 1:15-cv-00420-DAD-SAB) 2011 WL 2636071, at *5 (noting the discovery limits under FRCP are "particularly flexible" for absent class members who submit declarations and become witnesses).  The Eastern District has also granted leave to take nearly 200 additional depositions in the class action context.  *Arredondo v. Delano Farms Co.* (E.D. Cal. Oct. 10, 2014, No. No. 1:09–cv–01247 MJS) 2014 WL 5106401, at *9.

Here, Leprino injected *fifty-six* witnesses into the litigation by submitting their declarations in opposition to class certification.  *See* Dkt. 120-1.  These witnesses were never identified prior, and have never been involved in this litigation until Leprino filed its opposition.  Leprino's opposition relies *heavily* on their testimony.  For example, they claim they "never felt like [they] had to answer calls" from their supervisors, "never [were] told to answer the radio," and "never got work calls or texts on [their] cell phone."  *See generally* Dkt. 120-1.  These statements are *obviously* relevant to Plaintiffs' claims that the putative class members were expected to answer the radio and respond to their supervisor's calls.  Under the most basic rules of civil procedure, Plaintiffs have the right to cross-examine the credibility of witnesses who testify against them.  Depositions is a quintessential tool to guarantee that right.

This is especially necessary given the unique nature Leprino has as the declarant's current employer.  When current employees testify in support of their employer, Courts find it "inherently suspect" because of their "interest in maintaining their ongoing employment relationship."  (*In re Wells Fargo Home Mortg. Overtime Pay Litigation* (N.D. Cal., Oct. 18, 2007, No. MDL 06-1770 MHP) 2007 WL 3045995, at *5.)  Not a single declarant is a former employee of Leprino.  Rather, Leprino has significant leverage to influence its current employee's testimony, and Plaintiffs have the right to test the veracity of their statements.

JOINT STATEMENT RE DISCOVERY DISAGREEMENT

15864809.2

**B.**     **Leprino's ultimatum is baseless and designed to preclude Plaintiffs from introducing relevant testimony for the Court's consideration.**

While Plaintiffs believe there is good cause of depose each of Leprino's declarants, Plaintiffs already compromised and asked to take a mere 20 of them.  In return, Leprino offered 7 depositions, but included a troubling ultimatum with two conditions: (1) Leprino gets to choose when the depositions take place, and (2) Plaintiffs must agree not to seek an extension on their Reply for Class Certification.  But these conditions have no purpose other than to make it difficult, if not impossible, to include the depositions in the Reply.  Moreover, Leprino utterly refused to tell Plaintiffs even a date range when these depositions could take place.  Ultimately, Leprino's ultimatum is not based on any substantive concerns.  Rather, it's a procedural demand designed to preclude Plaintiffs from presenting the Court with relevant testimony due to sheer time constraints of Leprino's design.  This lack of cooperation is disappointing, especially when Plaintiff helped coordinate Leprino's depositions of Plaintiffs' declarants well in advance of their opposition deadline.  There's no reason why Leprino should get to cross-examine Plaintiffs' declarants five weeks prior to its opposition deadline, but refuse the same courtesy to Plaintiffs.  Such an obvious attempt to delay relevant discovery should not be rewarded.

**C.**     **Defendant has exclusive control of relevant records needed for these depositions.**

Shortly after asking for leave to take the extra depositions, Plaintiffs propounded written discovery pertaining exclusively to those declarants.  It included requests for their personnel files, time records, work schedules, time off request forms, payroll variance forms, pay records, and any records of phone calls Leprino made to their cell phones.  Plaintiffs also asked for the employee ID number corresponding to each declarant in Defendant's prior time sheet productions.  *See* Crist Decl., Exs. C & D.  These records are not only relevant, but necessary to determine the veracity of the declarants' statements.

Indeed, before testimony can be weighed on its merits, opposing parties have the right to "subject[ ] [the testimony] to such tests as the experience of ages has shown are necessary to render reliance on it safe," including a review of evidence that "might . . . contradict[ ] [the witness]. . . if

4

15864809.2

[their] statement be untrue." *People v. McGowan*, 80 Cal.App. 293, 298–299 (1926); *see also People v. Reynolds*, 152 Cal.App.3d 42, 47 (1984) (holding parties have a "right to effective cross-examination"). Here, the requested information will clearly demonstrate the accuracy of the declarants' statements. For example, the declarants acknowledge they were called after work, and that "I was paid for this time." *See* Dkt. 120-1 at 148. They also concluded, absolutely, that "I was paid from the time I picked up the phone to the time I clocked out." *See, e.g.*, *id*. The truth of these statements can easily be determined through a review of their records. Leprino's deadline to produce or object these documents is October 4th. Leprino has refused to indicate whether it will be producing these records for *any* declarants, or whether it is going to object to the production and force Plaintiffs to file another motion prior to the Reply deadline.

### D.    Plaintiffs have been more than diligent in trying to facilitate these depositions.

Less than 30 minutes after Plaintiffs received these declarations for the first time, Plaintiffs sent Leprino a letter asking whether it would stipulate to the additional depositions. Crist Decl., Ex. A. Despite follow-ups, Leprino did not respond with its position until *10 days later*, refusing to stipulate. *Id.*, Ex. B. It did not propose any alternative number or state whether it would agree to *any* further depositions. Rather, it waited nearly two weeks to propose its strange ultimatum. Plaintiff then asked for assurances of (1) when the depositions might take place, and (2) whether Leprino would be producing these individuals' employment records prior to the deposition. Again, Leprino refused to assuage Plaintiffs' concerns, and stood on its ultimatum.

Plaintiffs are simply attempting to be proactive to secure these depositions and factor in testimony for the Reply brief. After all, Leprino's delay and lack of cooperation in discovery is no longer new to Plaintiffs. Plaintiffs previously requested an extension on the Motion for Class Certification deadline given that Defendant had produced the Person Most Knowledgeable on the very last day of open discovery. Additional discovery disputes arose during the deposition, and Defendant argued Plaintiff was barred from seeking more discovery because the deadline had run. The Court granted a short 3-day extension, but indicated Plaintiffs should have anticipated that discovery disputes would arise prior to the deadline. Plaintiffs heed the Court's advice, and have no intention of

JOINT STATEMENT RE DISCOVERY DISAGREEMENT

15864809.2

being placed in that position with Leprino again.  As such, Plaintiffs seek the following relief from the Court:

- Plaintiffs should be granted leave to take a reasonable number of depositions of the declarants.

- The depositions should be concluded no later than October 25, 2019 so Plaintiffs may order, process, and include the transcripts in the Reply which is due November 19, 2019.

- Defendant should produce the requested documents for each deponent via overnight mail at least one week prior to the deposition's scheduled start time.

**DEFENDANTS' POSITION:**

### I.      INTRODUCTION

The Court should deny Plaintiffs' motion for leave to take additional depositions for several reasons.  To start, Plaintiffs intentionally waited to raise this issue with the Court until after Defendants completed their class certification discovery by taking only the ten depositions presumptively allowed by Rule 30, thereby prejudicing Defendants.  Additionally, Plaintiffs have not met their burden to show that the additional depositions are necessary.  Further, Plaintiffs' motion is premature given that they have not taken the ten depositions allowed under Rule 30.

The Court should not countenance Plaintiffs' attempt to raise a new issue regarding written discovery in this Joint Statement.  No such issue is mentioned in their Notice of Motion (Dkt. 123), nor could there be as there is no dispute between the parties at this juncture.  Defendants' responses to the September 4, 2019 interrogatories and document request served by Plaintiffs are not due until October 7, 2019.

### II.      MEET AND CONFER

Plaintiffs initially asked Defendants to stipulate to them taking 56 additional depositions. (Pooley Dec., ¶ 2, Ex. 1.)  Defendants declined.  (*Id*. at ¶¶ 3-4, Exs. 2, 3.)

JOINT STATEMENT RE DISCOVERY DISAGREEMENT

15864809.2

Plaintiffs next proposed a stipulation allowing them to take 20 depositions. (*Id*. at ¶¶ 5-6, Ex. 4, 5.) Defendants rejected this proposal but offered the following: "Leprino would agree to a total of 15 depositions, meaning the 8 that Plaintiffs already have taken and 7 additional depositions. This agreement would be conditioned upon the additional depositions being scheduled for mutually-agreeable dates and upon Plaintiffs agreeing not to seek an extension of time in which to file their reply on the class certification motion." (*Id*. at ¶ 7, Ex. 6.)

Plaintiffs' counsel did not agree to this proposal, but nonetheless demanded that Defendants "provide [] every single date between now and [the] reply deadline for these depositions." Plaintiffs' counsel also asked if defense counsel represented all of the declarants and whether defense counsel would accept service of their deposition subpoenas. If not, Plaintiffs' counsel asked defense counsel to provide their addresses. Plaintiffs' counsel also inquired about Defendant Leprino Foods Company's responses to Plaintiffs' interrogatories and document requests. (*Id*. at ¶ 8, Ex. 7.)

Defendants asked Plaintiffs to clarify if they were agreeing to take an additional seven depositions only, subject to Leprino's conditions. Defense counsel explained that if the parties had an agreement on the number of depositions, then they could avoid preparing a Joint Statement and could notify the Court that the hearing would not be necessary. (*Id*. at ¶ 9, Ex. 8.)

Plaintiffs' counsel responded by stating that Plaintiffs could not agree not to seek an extension of the reply deadline without first knowing defense counsel's availability for the depositions, stating that "we need to lock down dates first." Plaintiffs' counsel then added an additional condition concerning Plaintiffs' written discovery: that Defendant agree "to produce electronically all responsive documents for the 7 witnesses at least 1 week before their depositions." Lastly, Plaintiffs' counsel added a condition that rendered the proffered compromise meaningless. They insisted that they would not waive their right to seek additional depositions from the Court to the extent they deemed it necessary after they took seven depositions. (*Id*. at ¶ 9, Ex. 8.) Defendants rejected Plaintiffs' proposal. (*Id*. at ¶ 11.)

7

---

JOINT STATEMENT RE DISCOVERY DISAGREEMENT

## III.    BACKGROUND FACTS AND PROCEDURAL HISTORY

On May 8, 2017, Plaintiffs filed this lawsuit.   On April 6, 2018, this Court entered a Preliminary Scheduling Order, setting deadlines for class certification discovery and motion briefing. (Dkt. 21.)  On February 22, 2019, the Court extended the deadline for class certification discovery to May 7, 2019, as well as the deadlines for the class certification motion briefing.  (Dkt. 74.)  On May 24, 2019, the Court extended the briefing schedule for the class certification motion, but did not extend the date for class certification discovery.  (Dkt. 107.)  On June 6, 2019, Plaintiffs filed their motion for class certification.  (Dkt. 116.)

During discovery, Defendants agreed to a *Belaire-West* Notice to the putative class members. (Pooley Dec., ¶ 33.)  On January 4, 2019, the Notice was mailed to the putative class members.  (*Id.*) On January 25, 2019, Plaintiffs' counsel received addresses and phone numbers for putative class members who did not opt out of having their personal contact information shared with Plaintiffs' counsel.  (*Id.*)

Plaintiffs have taken eight depositions in this matter to date.   (Pooley Dec.,   ¶¶ 15-22.) Plaintiffs' counsel represent five of the individuals that Plaintiffs chose to depose:  Mr. Covert, Mr. Benedict, Mr. Olivarez, Mr. Ramirez, and Mr. Williams.  (*Id.* at ¶¶ 17-21, Exs. 12-16.) Defendants have taken 10 depositions in this matter.  (*Id.* at ¶ 32.)

Plaintiffs anticipated that the parties would submit numerous declarations in connection with the class certification motion and, on March 14, 2019, asked Defendants to stipulate that both sides could take more than 10 depositions.  (Pooley Dec., ¶ 34, Ex. 26.)  On March 20, 2019, the parties discussed Plaintiffs' proposed stipulation and Defendants declined to stipulate.  (Pooley Dec., ¶ 35.) Plaintiffs dropped the issue and did not raise it with the Court.  (*Id.*)  Thus, Defendants understood that the parties would be limited to taking 10 depositions per side.  (*Id.*)  Accordingly, after Plaintiffs filed their class certification motion on June 6, 2019 – with declarations from 24 putative class members, one expert, and the two Plaintiffs – Defendants took their eight remaining depositions only, as allowed by Rule 30(a)(2).

JOINT STATEMENT RE DISCOVERY DISAGREEMENT

15864809.2

## IV.    LEGAL STANDARD

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, absent a stipulation, a party must obtain leave of court to take more than ten depositions.  Fed. R. Civ. P. 30(a)(2)(A)(1).  This presumptive limit of ten depositions per side is intended to "promote cost-effective discovery and promote the federal rules' policy of minimizing 'unreasonably cumulative and duplicative' discovery." *Thykkuttahil v Keese*, 294 F.R.D. 597, 599 (W.D. Wash. 2013) (quoting Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 30 Advisory Committee's Note (1993)).  "A party seeking to exceed the presumptive limit bears the burden of making a 'particularized showing' of the need for additional depositions." *Thykkuttahil*, 294 F.R.D. at 600; *Kaseberg v. Conaco*, LLC, 2016 WL 8729927 at *3 (S.D. Cal. 8/19/2016); *see also Nat. Res. Def. Council, Inc. v. Winter*, 2008 WL 11338647, at *2 (C.D. Cal. 7/11/2008).  Generally, courts require a party to exhaust their allowed number of depositions before moving to conduct additional depositions.  *Thykkuttahil*, 294 F.R.D. at 600; *Kaseberg*, 2016 WL 8729927, at *3; Nat. Res. Def. Council, Inc., 2008 WL 11338647, at *2.

Leave to notice additional depositions is governed by Rule 26(b)(2) of the Federal Rules of Civil Procedure, which requires a court to limit discovery if it determines that:

(i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained by some other source that is more convenient, less burdensome, or less expensive;

(ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)   the proposed discovery is outside the permissible scope of discovery in Rule 26(b)(1).

*Westfall v. Ball Metal Beverage Container Corp*., 2019 WL 1902595 (W.D. Cal. 4/29/2019) (citing *Archer Daniels Midland Container Co. v. Aon Risk Servs., Inc*., 187 F.R.D. 578 (D. Minn. 1999)).

## V.    ARGUMENT

### A.    Plaintiffs' Motion Is Untimely And Prejudicial

Plaintiffs purposefully waited until after Defendants completed taking depositions for their opposition to class certification before they requested leave to take additional depositions.  They anticipated as long ago as March 2019 that they would want to take more than ten depositions in

---

15864809.2

connection with their class certification motion.  (Pooley Dec., ¶ 34, Ex. 26.)  Yet when Defendants declined to stipulate to each side taking in excess of ten depositions in March 2019 (*Id*. at ¶ 35), Plaintiffs did not go to Court to request leave to take additional depositions.  Instead, they waited until after Defendants took only the presumptive total of ten depositions before asking the Court to allow them to exceed the ten-deposition limit.  It would be grossly unfair and prejudicial to Defendants if Plaintiffs were rewarded for their gamesmanship by being permitted to take additional depositions when Defendants understood that each side would take ten depositions and took the presumptive limit of ten depositions only.

**B.    Plaintiffs Have Not Met Their Burden To Show A Particularized Need To Take More Than Ten Depositions**

In their Motion for Leave to Take Additional Depositions, Plaintiffs assert several grounds to exceed the presumptive limit of ten depositions, which neither alone nor cumulatively make a particularized showing of the need for additional depositions. (Dkt. 123, p. 1.)

Plaintiffs' first proffered "ground" is that Defendants submitted 56 declarations from putative class members in opposition to Plaintiffs' class certification motion.  Plaintiffs' representation is inaccurate. (Dkt. 123, p. 1.)  Thirty-three of the declarations submitted by Defendants in opposition to Plaintiffs' class certification motion were from putative class members. (Dkt. 120-1.)  Whatever the number, however, Plaintiffs have not shown why they need to take additional depositions, particularly where they wasted five of their allotted 10 depositions taking depositions of their own clients.  (Pooley Dec., ¶¶ 17-21, Exs. 12-16.)

Plaintiffs next asserted "ground" is that each of these declarants injected themselves into the litigation by submitting a declaration. (Dkt. 123, p. 1.)  Although true to an extent, Plaintiffs have not explained how that fact would mean that more than 10 depositions are necessary.

Plaintiffs' third purported "ground" is that each declarant is a percipient witness to "defendant's alleged Labor Code violations."  (Dkt. 123, p. 1.)  Plaintiffs have no support for this speculative statement, particularly in light of the content of the declarations themselves.  (Dkt. 120-1.)  In any event, assuming this broad statement is true, the same thing could be said about all of the putative

10

15864809.2

class members, as well as all of the other individuals who have worked for Leprino. That fact, however, would not mean that Plaintiffs have a "particular need" to depose all of them.

Plaintiffs' final offered "ground" is that class actions are "complex" and there are "a number of putative class members." (Dkt. 123, p. 1.) This unremarkable statement apparently would apply in all class actions. That notion, however, does not satisfy Plaintiffs' burden to make a "particularized showing'" of the need for additional depositions. In sum, Plaintiffs have not met their burden for leave to take more than 10 depositions in this case.

Additionally, under Rule 26(b)(2), the Court should not permit additional depositions of putative class members because "the discovery sought … can be obtained by some other source that is more convenient, less burdensome, or less expensive." Since at least January 25, 2019, Plaintiffs have had contact information for the vast majority of putative class members. (Pooley Dec., ¶ 33.)

**C.   Plaintiffs' Cited Case Authority Does Not Persuade That They Should Be Allowed to Take More Than Ten Depositions**

Plaintiffs' cited cases do not help their cause. To start, two of the cases cited by Plaintiffs *Arredondo v. Delano Farms Co*., 2014 WL 5106401 (E.D. Cal. 10/10/2014) and *Aldapa v. Fowler Packing Co., Inc*., 2019 WL 1047492 (E.D. Cal. 3/5/2019), concerned merits discovery directed toward absent class members *after* the courts in each case had certified a class. Thus, the standard employed and the analysis in these two cases has no bearing on Plaintiffs' request to take additional depositions of *putative* class members *before* the Court has made a class certification decision.

Plaintiffs' reliance on *Rojas v. Marko Zaninovich, Inc*., 2011 WL 2636071 is equally unavailing. In *Rojas*, the plaintiffs submitted 55 declarations in support of their motion for class certification and the court granted the *defendant's* request to take five depositions. *Id*. at *1. The reported decision does not indicate if the plaintiffs opposed the defendant's request. After the defendant subpoenaed five declarants, the plaintiffs withdrew four declarants' declarations. *Id*. The plaintiffs also notified the defendant that the dates of employment were incorrect in 43 of their filed declarations. *Id*. at *2. Because of those differences, the defendant filed a motion seeking to depose additional declarants. *Id*. The defendant asserted that the five depositions they took disclosed inaccuracies in at least seven declarations. *Id*. at *4. The defendant also noted that at least six of the

11

15864809.2

seven declarants it had questioned or asked to question had either withdrawn their declaration, refused to testify, or testified in a way that materially contradicted, at least in part, their declaration. *Id*. Under these egregious facts, the court permitted the defendant to take four additional depositions of declarants. *Id*. at *5. Unlike in *Rojas*, Plaintiffs here have not pointed to any extraordinary facts that would warrant them taking additional depositions.

Next, Plaintiffs misrepresent the court's statement in *Garnett v. ADT LLC*, 2015 WL 12942061 (E.D. Cal. 12/2/2015). The *Garnett* court did not state that courts regularly grant leave to take depositions in excess of the limit in class actions, as Plaintiffs assert. *Garnett*, 2015 WL 12942061, at *2. Rather, the court made a case-specific ruling to allow the *defendant* to take additional depositions of putative class members who had submitted declarations in support of the plaintiff's class certification motion. (*Id*.)

Finally, Plaintiffs improperly rely on a case that has been reversed by the Ninth Circuit, *In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 2007 WL 3045995 (N.D. Cal. 10/18/2007). *See In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 571 F.3d 953 (2009). In any event, the district court had considered whether to certify a class action, not whether to allow additional depositions under Rule 30.

### D.    Plaintiffs' Motion Is Premature

Even if Plaintiffs had filed their motion timely or satisfied their burden, the motion is premature in that it was filed without Plaintiffs first having taken the ten depositions presumptively allowed under Rule 30. "Courts generally do not grant leave to take additional depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A)." *Finazzo v. Hawaiian Airlines*, 2007 WL 1425241, *3 (D. Haw. 2007); *see Lloyd v. Valley Forge Life Ins. Co.*, 2007 WL 906150, *2 (W.D. Wash. 2007) ("Moreover, Rule 30(a)(2) clearly contemplates that a party has already taken ten depositions before a motion is filed seeking leave of court for a proposed deposition that would result in more than ten depositions being taken under this rule.").

JOINT STATEMENT RE DISCOVERY DISAGREEMENT

**E.   The Court Should Deny Plaintiffs' Request To Rule On Defendant's Discovery Responses**

The Court should not entertain Plaintiffs' improper request for the Court to issue a ruling about discovery about which Plaintiffs have not filed a motion.  Their purported concern with Defendant's discovery responses is not mentioned in Plaintiffs' motion.  (Dkt. 123.)  Even if there was a dispute over some discovery, Defendant is entitled to proper and adequate notice before being required to respond to such a motion.  L.R. 251, FRCP 37.

Additionally, Plaintiffs' request is premature.  Plaintiffs served document requests and interrogatories by overnight mail on September 4, 2019.  Defendant's responses are not due until October 7, 2019.  FRCP 33(b)(2), 34(b)(2)(a), 6(d).  Especially given that class certification discovery closed on May 7, 2019 (Dkt. 74), there is no reasonable basis for the Court to order Defendants to respond earlier or differently than required by the Federal Rules of Civil Procedure.

## VI.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion, as well as their improper request regarding discovery.

Date:  September 20, 2019

**PARRIS LAW FIRM**

By:_____/s/_____
         Ryan A. Crist

Attorneys for Plaintiff and the Putative Class

**HANSON BRIDGETT LLP**

By:_____/s/_____
         Lisa M. Pooley

Attorneys for Defendants Leprino Foods Company and Leprino Foods Dairy Products Company

13