UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAS VASQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 1:17-cv-00796-AWI-BAM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**<br><br>(Doc. No. 78) |

Currently before the Court is the motion for leave to take additional depositions filed by Plaintiffs Isaias Vasquez and Linda Hefke ("Plaintiffs") on September 9, 2019. (Doc. No. 123.) The motion presents two issues: (1) whether Plaintiffs should be granted leave to exceed the ten-deposition limit of Federal Rule of Civil Procedure 30 in order to depose the putative class members who submitted declarations in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification; and (2) whether Defendants Leprino Foods Company and Leprino Foods Dairy Productions Company should be compelled to produce certain personnel data for these individuals prior to their depositions. The parties submitted a Joint Statement Re Discovery Disagreement on September 20, 2019. (Doc. No. 132.)

1

The Court found the matter suitable for decision without the need for oral argument and vacated the hearing set for September 27, 2019. The matter is deemed submitted. Local Rule 230(g).

Having considered the Joint Statement Re Discovery Disagreement, the parties' arguments and the record on file, Plaintiffs' motion for leave to take additional depositions shall be granted in part and denied in part.

## **BACKGROUND**

Plaintiffs filed a wage-and-hour class action against Leprino Foods Company and Leprino Foods Dairy Products Company. The action stems from Defendants' alleged custom and policy to "de crew," i.e., sending workers home prior to the start of their scheduled shift without pay because Defendants reportedly misjudged its production or labor needs and from Defendants' alleged policy of requiring Plaintiffs and workers to remain on call and subject to return to discuss business matters and/or return to their work stations during their rest and meal breaks if called upon to do so by supervisory personnel. (Doc. No. 61, Third Amended Complaint at ¶¶ 5, 7.)

On June 6, 2019, Plaintiffs filed their motion for class certification. (Doc. No. 116.) Defendants opposed the motion on August 30, 2019. (Doc. No. 120.) Plaintiffs' reply deadline is November 19, 2019, and a hearing is scheduled for December 9, 2019, before Senior District Judge Anthony W. Ishii. In anticipation of filing their reply, Plaintiffs now seek leave to exceed Rule 30's ten-deposition limit to depose the putative class members who submitted declarations in support of Defendants' opposition to the motion for class certification. (Doc. No. 132 at 3.)

Prior to filing the motion, the parties engaged in unsuccessful meet-and-confer efforts. Specifically, on August 20, 3019, after Defendants filed their opposition to the motion for class certification, Plaintiffs requested that Defendants stipulate to Plaintiffs taking the depositions of the 56 individuals whose declarations Defendants had submitted with their opposition to Plaintiffs' class certification motion. (Doc. No. 133, Declaration of Lisa Pooley ("Pooley Decl.") at ¶ 2.)

On September 4, 2019, Plaintiffs served written discovery on Defendants, which included

demands for production of documents and special interrogatories related to the declarants' personnel records. (Doc. No. 132-1, Ex. C to Declaration of Ryan Crist.) These requests seek the declarants' personnel files, time records, work schedules, time off request forms, payroll variance forms, pay records, and any records of phone calls Defendants made to their cell phones. Plaintiffs also seek the employee ID number corresponding to each declarant in Defendants' prior time sheet productions. (Doc. No. 132 at 4.)

On September 9, 2019, Defendants advised that they would not stipulate to Plaintiffs taking 56 depositions. (Pooley Decl. at ¶ 4.) In response, on September 13, 2019, Plaintiffs proposed 20 depositions. (*Id.* at ¶ 6.) On September 17, 2019, Defendants rejected the proposal for 20 depositions and advised that they would agree to a total of 15 depositions, including the 8 that Plaintiff had already taken and 7 additional depositions. Defendants' proposal was conditioned upon the additional depositions being scheduled for mutually agreeable dates and upon Plaintiffs' agreement not to seek an extension of time to file their reply to the class certification motion. (*Id.* at ¶ 7.)

Following additional email exchanges, Plaintiffs stated that they must first know when Defendants would be available for the depositions before agreeing not to seek an extension of the reply deadline. Plaintiffs also indicated that any agreement reached would be contingent on Defendants producing electronically all responsive documents for the 7 deponents at least 1 week before their depositions and without Plaintiffs waiving their right to seek additional depositions from the Court after taking the additional 7 depositions and without waiving their right to compel all responsive documents for all remaining declarants. (*Id.* at ¶ 10.) Defendants did not agree to the proposal. In particular, Defendants did not agree with the parts: (1) where Plaintiffs did not agree to limit their total depositions to 15, (2) where Plaintiffs insisted that Defendant do more in response to Plaintiffs' discovery requests than required by the Federal Rules of Civil Procedure; and (3) where Plaintiffs insisted on locking down dates at this juncture, without knowing who Plaintiffs seek to depose. (*Id.* at ¶ 11.)

## **LEGAL STANDARD**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, absent a stipulation, a party

must obtain leave of the court to obtain more than ten depositions. Fed. R. Civ. P. 30(a)(2)(A)(i). "[T]he court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." *Id.* This presumptive limit of ten depositions per side is intended to "promote cost-effective discovery and promote the federal rules' policy of minimizing 'unreasonably cumulative or duplicative' discovery." *Thykkuttathil v. Keese*, 294 F.R.D. 597, 599 (W.D. Wash. 2013) (quoting Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 30 Advisory Committee's Note (1993)). "A party seeking to exceed the presumptive limit bears the burden of making a 'particularized showing' of the need for additional depositions." *Thykkuttathil*, 294 F.R.D. at 600; *Kaseberg v. Conaco, LLC*, No. 15-cv-0163-7JLS (DHB), 2016 WL 8729927, at *3 (S.D. Cal. Aug. 19, 2016); *see also Nat. Res. Def. Council, Inc. v. Winter*, No. CV 05-7513 FMC (FMOx), 2008 WL 11338647, at *2 (C.D. Cal. July 11, 2008); *but see Pitkin v. Corizon Health, Inc.*, No. 3:16-CV-02235-AA, 2018 WL 1336047, at *2 (D. Or. Mar. 13, 2018) ("the Federal Rules of Civil Procedure do not require a moving party to make a particularized showing of necessity when seeking leave to take additional depositions."). Generally, courts require a party to exhaust their allowed number of depositions before moving to conduct additional depositions. *Thykkuttathil*, 294 F.R.D. at 600; *Kaseberg*, 2016 WL 8729927, at *3; *Nat. Res. Def. Council, Inc.*, 2008 WL 11338647, at *2; *but see Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc.*, No. 2:17-CV-01515-KJM-AC, 2018 WL 5993585, at *1 (E.D. Cal. Nov. 6, 2018) (noting that some courts deviate from rule that available depositions be exhausted before a party seeks additional depositions).

**DISCUSSION**

**Summary of Plaintiffs' Position**

Plaintiffs contend that Defendants injected 56 witnesses into the litigation by submitting their declarations in opposition to class certification. Plaintiffs claim these witnesses were never identified prior and have never been involved in this litigation until Defendants filed their opposition. Plaintiffs assert that they have right to cross-examine these witnesses. Plaintiffs claim they have been diligent in seeking to conduct these depositions, contacting defense counsel on the same day they received the declarations. Plaintiffs further contend that Defendants' proposed conditions regarding scheduling of additional depositions and precluding Plaintiffs from seeking

4

an extension on the reply deadline have no purpose other than to make it difficult for Plaintiffs to include the deposition testimony in their reply. Plaintiffs complain that the lack of cooperation is disappointing, especially when Plaintiffs helped coordinate Defendants' depositions of Plaintiffs' declarants well in advance of their opposition deadline.

Plaintiffs seek the following relief from the Court: (1) leave to take a reasonable number of depositions of the declarants; (2) depositions be concluded no later than October 25, 2019; and (3) production of requested documents for each deponent at least one week prior to the deposition's scheduled start time.

**Summary of Defendants' Position**

Defendants assert that the Court should deny Plaintiffs' motion for leave to take additional depositions for several reasons. First, Defendants claim the motion should be denied because Plaintiffs waited to raise this issue until after completion of class certification discovery, prejudicing Defendants. Defendants explain that Plaintiffs anticipated that the parties would submit numerous declarations in connection with the class certification and, on March 4, 2019, they asked Defendants to stipulate that both sides could take more than 10 depositions. On March 20, 2019, the parties discussed the proposed stipulation and Defendants declined to stipulate. When Plaintiffs did not raise the issue with the Court, Defendants understood that the parties would be limited to taking 10 depositions per side. Defendants state that, after Plaintiffs filed their class certification motion on June 6, 2019 – with declarations from 24 putative class members, one expert, and the two Plaintiffs – Defendants took their eight remaining depositions only, as allowed by Rule 30(a)(2), for a total of 10 depositions. (Doc. No. 132 at 9, 11.) Defendants argue that it would be unfair and prejudicial if Plaintiffs were permitted to take additional depositions when Defendants understood that each side was limited to ten and then only took ten depositions.

Defendants next argue that Plaintiffs have not met their burden to show a particular need to take more than ten depositions. Although Plaintiffs claim that Defendants submitted 56 declarations from putative class members, Defendants only submitted 33 declarations from such class members. The total number aside, Defendants contend that Plaintiffs have not shown why

they need to take additional depositions, particularly where they used five of their allotted ten depositions to depose their own clients. (*Id.* at 11.)

Defendants also contend that Plaintiffs' motion is premature because it was filed without Plaintiffs first having taken the ten depositions presumptively allowed under Rule 30.

Lastly, Defendants assert that Plaintiffs' are attempting to raise a new issue regarding written discovery in this Joint Statement. Defendants claim that no such issue is mentioned in Plaintiffs' notice of motion and there could not be dispute because Defendants' response are not due until October 7, 2019.

**Analysis**

The motion at issue not only implicates the 10-depositon limit of Rule 30, but also discovery pertaining to absent class members. Generally, courts do not permit discovery from absent class members. *McPhail v. First Command Fin. Planning,* 251 F.R.D. 514, 517 (S.D.Cal.2008); *Rojas v. Marko Zaninovich, Inc*, No. 1:09-CV-00705 AWI JLT, 2011 WL 2636071, at *4 (E.D. Cal. July 5, 2011). "Although [c]ourts do not usually allow discovery from absent class members, the rules pertaining to such discovery are flexible, especially where the proposed deponents have been identified as potential witnesses or have otherwise "injected" themselves into the litigation." *Antoninetti v. Chipotle, Inc*., No. 06CV2671-BTM (WMc) 2011 WL 2003292, at *1 (S.D. Cal. May 23, 2011). Such discovery may be taken even prior to certification where "the proponent of the deposition demonstrates discovery is not sought to take undue advantage of class members or to harass class members, and is necessary to the trial preparation . . . ." *Id.*

In other circumstances, courts have permitted defendants to conduct depositions of absent class members who, either by submitting declarations in support of the motion for class certification or in other ways, have "injected" themselves into class action litigation. *See Brown v. Wal-Mart Store, Inc.*, No. 09-cv-03339-EJD (SVK), 2018 WL 339080, at *1 (N.D. Cal. Jan. 9, 2018) (permitting the depositions of eight absent class members identified as witnesses in plaintiffs' Rule 26 disclosure); *Rojas* 2011 WL 2636071, at *4 (permitting defendants to depose four absent class members who submitted declarations in support of motion for class

certification); *Burgess v. Tesoro Ref. & Mktg. Co.*, No. CV105870 VBF PLAx, 2011 WL 13217362, at *1 (C.D. Cal. July 5, 2011) (noting that defendants would be taking depositions of four absent class members who submitted declarations in support of class certification, but denying their request to depose two additional absent class members who did not submit such declarations); *Antoninetti*, 2011 WL 2003292, at *2 (permitting defendants to depose absent class members who submitted declarations in support of the motion for class certification and were identified as witnesses in supplemental disclosures prior to class certification); *see also Aldapa v. Fowler Packing Co., Inc.*, No. 1:15-cv-00420-DAD-SAB, 2019 WL 2635947, at *5 (E.D. Cal. June 27, 2019) (acknowledging that many courts have permitted defendants to depose absent class members who, either by submitting declarations in support of the motion for class certification or in other ways, have "injected" themselves into class action litigation).

Here, it is Plaintiffs, rather than Defendants, that seek to take the depositions of absent class members who have injected themselves into this litigation by filing declarations in opposition to the motion for class certification. Nonetheless. the Court finds that limited depositions of a sampling of the absent, putative class members who have "injected" themselves into the action by submitting such declarations are appropriate. This additional discovery is relevant to the claims and defenses in the instant case. *See* Fed. R. Civ. P. 26(b)(1).

However, Plaintiffs' request to conduct 56 additional depositions, which is well-beyond the presumptive 10-deposition limit, is not proportional to the needs of the case, is burdensome and is likely to result in cumulative or duplicative information. Similarly, even if limited to the 33 putative class member declarants, such a request is not reasonable or proportional to the needs of the case. This is particularly true given that Plaintiffs have requested to exceed the deposition limits before completing all 10 of their permitted depositions and because Defendants understood the parties would comply with the presumptive 10-deposition limit. Moreover, Plaintiffs have not made a particularized showing of necessity as to all 33 declarants in order to exceed the 10-deposition limit or that the information is not available from other sources.

Although Defendants now oppose the request for additional depositions, they previously expressed their willingness during meet-and-confer efforts to allow Plaintiffs to conduct 7

depositions of the declarants, in addition to the 8 depositions already completed during class certification discovery, for a total of 15 depositions. In light of this offer, it appears reasonable to allow Plaintiffs the opportunity to select 7 declarants for deposition as offered by Defendants.

The Court does not believe, however, that full-day depositions are necessary to thoroughly question absent class members about the substance of their declarations. In allowing depositions of absent class members, other courts have often limited their length. *See Aldapa*, 2019 WL 2635947, at *7 (E.D. Cal. June 27, 2019) (citing cases and limiting each deposition of absent class member to no more than four hours in length); *Mas v. Cumulus Media Inc.*, No. C-10-1396 EMC, 2010 WL 4916402, at *4 (N.D. Cal. Nov. 22, 2010) (limiting depositions of absent class members to no longer than three hours); *Moreno v. Autozone, Inc.*, No. C-05-4432 MJJ EMC, 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007) (permitting defendants to take two-hour depositions of absent class members who submitted declarations in support of class certification in conjunction with their opposition). Therefore, each of the 7 depositions of absent class members contemplated by this order will be limited to no more than four hours in length. Plaintiffs shall identify the 7 deponents no later than October 2, 2019, and the parties shall meet and confer and work out a schedule for these depositions. All depositions must be completed no later than November 8, 2019, with no corresponding extension of the reply deadline.

As to Plaintiffs' related request that Defendants be required to produce personnel documents for the declarants, this request is premature. It was not part of the original motion for leave to conduct additional depositions and responses to the pertinent discovery requests are not due until October 7, 2019. Even if not premature, the request is not timely. The parties were required to complete all discovery relative to class certification issues—with the exception of depositions of witnesses identified in class certification motion/opposition—no later than May 7, 2019. (Doc. No. 74.) Additional, ongoing written discovery for purposes of class certification is disfavored.

## **CONCLUSION AND ORDER**

For the reasons stated above, it is HEREBY ORDERED that Plaintiffs' request for leave to conduct additional depositions is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiffs' are permitted to conduct seven (7) depositions of the putative class members who have submitted declarations in support of Defendants' opposition to the motion for class certification. Plaintiffs shall identify the seven deponents no later than October 2, 2019, and the parties shall meet and confer to work out a schedule for these depositions.

2. Plaintiffs are limited to four hours for each deposition of the seven deponents;

3. All depositions must be completed no later than November 8, 2019; and

IT IS SO ORDERED.

Dated: **September 25, 2019**          /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE