**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERROD FINDER, et al., | Case No. 1:13-cv-02059-AWI-BAM |
| Plaintiffs, | ORDER DISCHARGING ORDER TO SHOW CAUSE TO PHILIP A. DOWNEY RE: PRO HAC VICE STATUS |
| v. | |
| LEPRINO FOODS COMPANY, et al., | (Doc. No. 99) |
| Defendants. | |
| | Case No. 1:17-cv-00796-AWI-BAM |
| ISAIAS VASQUEZ, et al., | (Doc. No. 122) |
| Plaintiffs, | |
| v. | |
| LEPRINO FOODS COMPANY, et al., | |
| Defendants. | |

**I.     BACKGROUND**

On December 17, 2013, *Jerrod Finder v. Leprino Foods Company, et al.*, Case No. 1:13-cv-02059-AWI-BAM (the "Finder Action") was removed to this Court from the Superior Court for the County of Kings. (Finder Action, Doc. No. 1.) On January 21, 2015, Jonathan Talavera filed a complaint in *Jonathan Talavera v. Leprino Foods Company, et al.,* Case No. 1:15-cv-00105-AWI-BAM (the "Talavera Action"). (Talavera Action, Doc. No. 1.) Philip A. Downey, counsel for Jonathan Talavera, was admitted pro hac vice in the Talavera Action on February 19, 2015. (Talavera Action, Doc. No. 7.) On November 21, 2016, the Court issued an order consolidating the Finder Action and the Talavera Action. (Finder Action, Doc. No. 63; Talavera Action, Doc. No. 86.)

On June 12, 2017, *Isaias Vasquez, et al. v. Leprino Foods Company, et al.*, Case No. 1:17-cv-

1

00796-AWI-BAM (the "Vasquez Action") was removed to this Court from the Superior Court of California for the County of Kings. (Vasquez Action, Doc. No. 1.) Philip A. Downey, counsel for Plaintiffs Isaias Vasquez and Linda Hefke, was admitted pro hac vice in the Vasquez Action on December 20, 2018. (Vasquez Action, Doc. No. 33.)

On August 16, 2019, Plaintiff Jerrod Finder submitted a proposed Substitution of Attorney in the Finder Action purporting to substitute Philip A. Downey as his counsel of record in place of Morris Nazarian. (Finder Action, Doc. No. 98.) On August 30, 2019, the Court issued an order to show cause in the Finder Action why the Substitution of Attorney should not be denied, sanctions should not be imposed against Mr. Downey for unauthorized practice of law, and/or Mr. Downey's pro hac vice status should not be revoked. (Finder Action, Doc. No. 99.) Among other things, the Court's order to show cause noted that Local Rule 180(b)(2) provides that an attorney is not eligible to practice pro hac vice if he or she is regularly employed in California or is regularly engaged in professional activities in California. According to the Court's records, Mr. Downey had been admitted pro hac vice in eight separate matters in the Eastern District of California since 2007 and therefore may be considered to have regularly engaged in professional activities in California and be ineligible for admission pro hac vice. On September 5, 2019, the Court issued an order to show cause in the Vasquez Action likewise requiring Mr. Downey to Show cause why his admission pro hac vice should not be revoked on the basis that he is regularly engaged in professional activities in California. (Vasquez Action, Doc. No. 122.) Mr. Downey was required to file a written response to the Court's orders to show cause in the Finder Action and the Vasquez Action within fourteen (14) days of service. (Finder Action, Doc. No. 98; Vasquez Action, Doc. No. 122.)

On September 19, 2019, Mr. Downey filed a written response to the Court's orders to show cause in the Finder Action and the Vasquez Action. (Finder Action, Doc. No. 103; Vasquez Action, Doc. No. 128.) The same day, Defendants Leprino Foods Company and Leprino Foods Dairy Products Company filed a response to the Court's orders to show cause which, in relevant part, identified additional cases in California in which Mr. Downey had been admitted pro hac vice. (Finder Action, Doc. No. 104; Vasquez Action, Doc. No. 129.) At Mr. Downey's request, he was granted leave to file a written reply to Defendants' response. (Finder Action, Doc. Nos. 105, 109;

Vasquez Action, Doc. Nos. 130, 137.) Mr. Downey was directed to focus his reply on the issues of whether he is regularly employed or regularly engaged in professional activities in California and the Court further discharged the order to show cause in the Finder Action on all other issues. (Finder Action, Doc. No. 109; Vasquez Action, Doc. No. 137.) Mr. Downey filed a reply to Defendants' response to the order to show cause on September 27, 2019, and an amended reply on October 3, 2019. (Finder Action, Doc. Nos. 112, 113; Vasquez Action, Doc. Nos. 140, 141.) In light of the parties' responses to the orders to show cause, the Court set a Show Cause Hearing in order to address whether Mr. Downey is regularly employed or regularly engaged in professional activities in California. (Finder Action, Doc. No. 115; Vasquez Action, Doc. No. 142.)

On December 13, 2019, after a request for a continuance, the Court held a Show Cause Hearing. (Finder Action, Doc. No. 125; Vasquez Action, Doc. No. 158.) Counsel Philip A. Downey appeared telephonically on his own behalf. Counsel Kitty K. Szeto appeared telephonically on behalf of Plaintiffs Jerrod Finder and Jonathan Talavera in the Finder Action and Plaintiffs Isaias Vasquez and Linda Hefke in the Vasquez Action. Counsel Morris Nazarian appeared telephonically on behalf of Plaintiff Jerrod Finder in the Finder Action. Counsel Lisa Pooley appeared in person on behalf of Defendants Leprino Foods Company and Leprino Foods Dairy Products Company in the Finder Action and the Vasquez Action.

The Court, having considered the parties' written briefs, the arguments of counsel at the Show Cause Hearing, and the record in this case, hereby discharges the Orders to Show Cause entered as Docket No. 99 in the Finder Action and Docket No. 122 in the Vasquez Action.

**II.     DISCUSSION**

**A.     Legal Standards**

Local Rule 180 governs the admission of attorneys to practice pro hac vice in this Court. Pursuant to Local Rule 180(b)(2),

> "Unless authorized by the Constitution of the United States or an Act of Congress, an attorney is not eligible to practice [pro hac vice] if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California."

L.R. 180(b)(2). Additionally, Local Rule 180(e) incorporates and adopts the standards of professional

conduct of the State of California as standards of professional conduct in this Court. Every member of the Bar of this Court and any attorney permitted to practice pro hac vice is required to "become familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and court decisions applicable thereto[.]" *Id.* at 180(e).

The Court may order any person who practices before it in violation of Local Rule 180 to pay an appropriate penalty to the Court's Nonappropriated Fund as an additional condition of admission or reinstatement to the Bar of this Court or to practice in this Court. L.R. 180(d). Local Rule 110 further provides that counsel or a party's failure to comply with the Local Rules or with any order of the Court may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court. *Id.* at 110; *see also id.* at 180(d). It is axiomatic that the Court has authority to enforce its local rules. *See* 28 U.S.C. § 2071. A district court's compliance with local rules is reviewed for abuse of discretion, and broad deference is given to a district court's interpretation of its local rules. *Bias v. Moynihan,* 508 F.3d 1212, 1223 (9th Cir. 2007).

"Pro hac vice counsel, once admitted, are entitled to notice and an opportunity to respond before being disqualified and having their status revoked." *Cole v. U.S. Dist. Court For Dist. of Idaho*, 366 F.3d 813, 822 (9th Cir. 2004); *see also Lasar v. Ford Motor Co.*, 399 F.3d 1101 (9th Cir. 2005) (Court may revoke pro hac vice status following notice and an opportunity to respond); *Curtis,* 2014 WL 4417741, at *4 (Court has discretion to revoke pro hac vice status). However, "there is no fundamental right to appear pro hac vice." *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999), *aff'd,* 229 F.3d 1226 (9th Cir. 2000) (citing *Leis v. Flynt,* 439 U.S. 438, 443 (1979).) A district court's revocation of pro hac vice status falls within "the scope of the inherent power of the federal courts" because "a federal court has the power to control admission to its bar and to discipline attorneys who appear before it." *Lasar v. Ford Motor Co.,* 399 F.3d 1101, 1118 (9th Cir. 2005) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)); *see also Baker v. Cottrell, Inc.*, 2017 WL 3479004, at *3 (E.D. Cal. Aug. 14, 2017) ("When a district court admits an attorney pro hac vice, the attorney is expected to follow local rules.") (quoting *In re Bundy*, 840 F.3d 1034, 1047 (9th Cir. 2016), *subsequent mandamus proceeding,* 852 F.3d 945 (9th Cir. 2017)).

4

From a broader perspective, the application to appear pro hac vice is a requirement which is designed to protect the integrity of the Court and to allow courts to enforce the standards which they have adopted for admissions of attorneys to practice on a case-by-case basis. The phrase pro hac vice "usually refers to a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a particular case." *Curtis,* 2014 WL 4417741, at *4; *Eagle Ins. Co. v. Johnson,* 982 F.Supp. 1456, 1459 (M.D. Ala. 1997) (citation omitted), *aff'd,* 162 F.3d 98 (11th Cir.1998). The Supreme Court has described pro hac vice attorneys as "[o]ne-time or occasional practitioners...." *Frazier,* 482 U.S. at 647. Absent a properly admitted pro hac vice applicant, an attorney may be engaging in the unauthorized practice of law. Cal. Bus. & Prof. Code § 6125 ("No person shall practice law in California unless the person is an active member of the State Bar.") The Supreme Court has explained that the "interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'" *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 792 (1975); *see Gerhard v. Stephens,* 68 Cal.2d 864, 918 (1968) (California prohibits the unauthorized practice of law in order "to afford protection against persons who are not qualified to practice the profession."). "California has a substantial interest in regulating the legal profession and the attorneys who practice within the state." *Curtis v. BCI Coca-Cola Enterprises Bottling Companies*, 2014 WL 4417741, at *4 (E.D. Cal. Sept. 5, 2014).

**B.     Mr. Downey's Employment and Professional Activities in California**

As stated above, Local Rule 180(b)(2) prohibits an attorney from practicing pro hac vice where (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California." Any one of these three criteria would warrant revoking pro hac vice status. *See Curtis,* 2014 WL 4417741, at *4; L.R. 180(b)(2). As to the first criterion, Mr. Downey represents that he does not reside in California. (Finder, Doc. No. 113 at 2; Vasquez, Doc. No. 141 at 2.) Indeed, the Court has not been presented with any evidence of Mr. Downey's residence in California.

However, it appears that the second and third criteria prohibiting an attorney from practicing

5

pro hac vice where he or she is regularly employed in California or is regularly engaged in professional activities could be shown. The Court has been provided a list of cases in which Mr. Downey has appeared and has also reviewed relevant court records.[1] Attached hereto as Court Exhibit A is a compilation of the known cases where Mr. Downey has been admitted pro hac vice in California federal or state courts, spread across the applicable timeline, beginning in 2007 to the present.[2] Each of the cases is listed with the date Mr. Downey has been admitted and the date the case has closed or if the case is ongoing. A blue line indicates a federal case, and a green line indicates a California state case. A review of this timeline reveals that Mr. Downey has been admitted pro hac vice in at least nineteen[3] separate matters since 2007, five of which appear to be ongoing. Most notably, since 2007, Mr. Downey has been continuously admitted to and practicing before courts in this state without any lapses of time between cases. Indeed, he is practicing in multiple cases at any given point.

At first blush, Exhibit A shows Mr. Downey has been continuously employed and providing professional services in California since 2007 to the present. Thus, it would appear that the second and third criteria of the Local Rule have been met. In *Ang v. Bimbo*, 2015 WL 1474866 (N.D. Cal. 2015), citing *Winterrowd v. Am. Gen. Annuity Ins. Co*., 556 F.3d 815, 824 (9th Cir. 2009), the United

---

[1] A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court takes judicial notice of the court records concerning Mr. Downey's admission to state and federal courts located in California. *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986) (court may take judicial notice of official records and reports); *Cachil Dehe Band of Wintun Indians of Colusa Indian Community v. State of Calif.,* 547 F.3d 962, 968 n.4 (9th Cir. 2008) (courts may take judicial notice of public records); *Rocha v. Calif.,* 2015 WL 5024915, at *2 (E.D. Cal. Aug. 25, 2015) ("A court may take judicial notice of its own records.")

[2] Mr. Downey argues that the Court cannot consider his appearances in state courts in determining whether he is regularly engaged in professional activities in California or regularly employed in California. (Finder Action, Doc. No. 113 at 4-5; Vasquez Action, Doc. No. 141 at 4-5.) However, Local Rule 180(b)(2) prohibits an attorney from practicing pro hac vice if he or she "is regularly employed in California" or "is regularly engaged in professional activities in California." By its plain language, the rule is not limited in scope solely to regular employment or engagement in professional activities in California federal courts.

[3] In addition to the nineteen cases identified in Exhibit A, Mr. Downey has identified two additional cases in California in which he was admitted pro hac vice: 1) "2010-National Beef, Imperial County No. ECU04657" and 2) "2012-River Ranch Foods, Monterey County, No. M116477." (Finder Action, Doc. No. 113 at 4; Vasquez Action, Doc. No. 141 at 4.) However, the Court has been unable to confirm the dates of Mr. Downey's admission or the conclusion of these cases.

6

States District Court for the Northern District of California considered a number of factors to determine whether an pro hac vice admitted attorney impermissibly regularly engaged in the practice of law in numerous cases where the attorney appeared or sought to appear. In *Ang,* the court considered whether the plaintiff's out-of-state attorney was "regularly engaged in the practice of law in California" and therefore ineligible for pro hac vice admission. The court noted that the Ninth Circuit has held that conduct does not rise to the level of appearance before the court where the attorney:

> "never appeared or argued in front of the district court, nor did he sign briefs. He had the role of advising his [co-counsel] and reviewing pleadings, which he did with minimal, nonexclusive contact with the client and no communication with opposing counsel. Moreover, [the attorney] did not even physically enter the State of California in connection with the prosecution of this case."

*Id.* at *3 (citing *Winterrowd v. Am. Gen. Annuity Ins. Co.,* 556 F.3d 815, 824 (9th Cir. 2009).) In *Ang*, the factors included whether the attorney physically appeared in cases, was responsible for meeting or communicating with clients, was the sole or primary counsel, was having contact with opposing counsel, and was signing papers filed with the court or otherwise arguing cases. In *Ang*, the attorney's pro hac vice was permitted to continue because the attorney filtered his work through an in-state attorney, did not sign briefs or argue cases, and his work was limited to activities conducted outside the border of California such as legal research and advising co-counsel.

In light of these factors, the *Ang* court reasoned that it was not clear whether the attorney had "appeared" in California, much less regularly engaged in the practice of law in this state.

     The Court finds the *Ang* identified factors persuasive to determine whether counsel is regularly engaged in the practice of law in California. The Court does not find that the mere number of times Mr. Downey was admitted pro hac vice as determinative of whether to revoke pro hac vice, in this particular situation.[4] Here, while the evidence is that Mr. Downey has been admitted pro hac vice in

---

[4] The Court does not opine if the mere number of times admitted pro hac vice would be determinative of regularly engaging in professional activities in California, in any other situation. The Court notes, however, it has discretion to admit an attorney pro hac vice, and that to be eligible to be admitted, the mere number of times admitted pro hac vice would be indicative of regularly practicing law in California. *United States v. Ries,* 100 F.3d 1469, 1471 (9th Cir. 1996) (While the

7

numerous cases over an 11-year period, the scope of his involvement in these cases is not definite. The Court is unaware whether, in the pro hac vice admitted cases, Mr. Downey regularly made appearances or physically appeared in California, is the lead or primary counsel, signed briefs, argued cases, or otherwise actively litigated the cases. At oral argument, Mr. Downey offered that because of his expertise, he often will field calls from class members and respond to their inquiries, and therefore, the Court will assume that Mr. Downey is communicating with California clients. However, at oral argument, Mr. Downey also represented that "often" in these cases, another law firm (a California law firm) will be joined as co-counsel and that this law firm will take the lead on cases, to which Mr. Downey will "defer." The Court will accept this representation as there is little evidence to the contrary.[5] Therefore, the Court will not revoke his pro hac vice status.

Nonetheless, a review of the circumstances surrounding Mr. Downey's admission to practice before California courts indicates that Mr. Downey's practice in California is not "one-time" or "occasional" and instead appears to amount to continuous employment and engagement in professional activities in this state since 2007. The Court is quite concerned that out-of-state counsel may be taking advantage of lenient pro hac vice rules, rather than becoming licensed in a state where the attorney is practicing on more than an "occasional" basis. Mr. Downey's briefs in response to the Court's Order to Show Cause states that he has had "many" cases in California because he has been successful in litigation here, which has "[bred] success in generating more cases." (Finder Action, Doc. No. 112 at 2; Vasquez Action, Doc. No. 140 at 2.) The Downey Law Firm maintains an office in California, although Mr. Downey contends this is solely a mailing address for "of counsel" attorneys who are admitted to practice in the state. (Finder, Doc. No. 113 at 3; Vasquez, Doc. No. 141 at 3. ("Those [former clients] told their friends and family, and in turn, Downey's phone began to ring." . . . "[F]riends and families of low wage workers who have received settlement checks as a result of the efforts of The Downey Law Firm, LLC, call the office directly[.]") Mr. Downey also indicates that he

---

district court has the discretion to deny a pro hac vice application, the court must articulate valid reasons to deny the application.)

[5] Defense counsel argued that in similar cases, the "co-counsel" will copy Mr. Downey on communications with defense counsel, indicating that Mr. Downey is directing the representation.

8

obtains regular referrals from attorneys in California and solicits California clients. (Finder Action, Doc. No. 113 at 3-4; Vasquez Action, Doc. No. 141 at 3-4.) The Downey Law Firm's website advertises itself as having litigated many "notable cases" in California courts, and identifies more cases in California than in any other state. (Finder Action, Doc. No. 104 at Ex. V; Vasquez Action, Doc. No. 129 at Ex. V.) The Court notes, however, that it must focus on Mr. Downey's activities in California and not that of the law firm.

### C. Rule Ambiguity, Prejudice, and "Bad Faith"

In response to the Order to Show Cause, Mr. Downey made additional arguments which, while not dispositive of the Court's ruling, the Court will address.

Mr. Downey argues that this Court's Local Rule 180(b) is ambiguous, and he has tried to do his best to comply with its requirements. A similar argument was made in *Mendoza v. Golden West Sav. Ass'n Services Co.,* 2009 WL 2050486, at *1 (C.D. Cal. July 7, 2009). *Mendoza* involved the application of a Local Rule governing the admission of attorneys pro hac vice before the United States District Court for the Central District of California. This Local Rule provides that an attorney is not eligible to practice pro hac vice if he or she "(a) [r]esides in California; or (b) [i]s regularly employed in California; or (c) [i]s regularly engaged in business, professional, or other similar activities in California." *Id.* The court in *Mendoza* had issued an order to show cause why its order granting pro hac vice status to plaintiff's counsel should not be vacated. *Id.* Counsel argued that he had reasonably interpreted the requirements of the pro hac vice application and maintained that the form did not require him to "attach a separate sheet of paper" to list the pro hac vice applications he had filed in nine pending cases and four that had been initiated within the last three years but were subsequently closed. *Id.* The *Mendoza* court found this argument "disingenuous" and expressed concern about the extent to which the attorney was practicing in California courts without being licensed there. *Id.* at *1-2. The Court considered the nine pending cases in the Central District of California as well as any cases pending in the three other federal districts in California to be regular practice that disqualified him from pro hac vice admission. *Id.* at *2. The pro hac vice application was vacated.

Here, this Court finds that *Mendoza* is instructive for dealing with future applications for pro hac vice. *See Curtis,* 2014 WL 4417741, at *4 (revoking pro hac vice status where applicant was not

9

alleged to have acted in bad faith or violated an ethical rule but was not in compliance with the express requirements of Local Rule 180(b)(2)); *see also Williams v. Am. Family Mut. Ins. Co.,* 2012 WL 1574825, at *3 (D. Nev. May 2, 2012) (revoking pro hac vice status where attorney's prior relationship to the case was "not a clear-cut violation" of the rules but "should have been disclosed.").

Mr. Downey also argues that revoking his pro hac vice status would prejudice his clients and the putative class. (Vasquez Action, Doc. No. 128 at 7.) The Court does not consider this argument because it is not a factor considered in any California precedent. But even if the Court were to consider this argument, each of the plaintiffs in both the Finder Action and the Vasquez Action, including Mr. Downey's clients, are currently represented by no less than five other attorneys, including other attorneys who are "of counsel" or otherwise associated with Mr. Downey's firm. Certainly, these attorneys are competent counsel and have actively participated in the litigation of this case. There is no indication that these attorneys are incapable of pursuing this litigation, and Mr. Downey's assertion that "all of [his] effort may be for naught" if his pro hac vice status is revoked is speculative. (*See* Vasquez Action, Doc. No. 128 at 7.)

Mr. Downey also argued at oral argument that the Court must find bad faith on his part to revoke pro hac vice status, citing *U.S. v. Walters*, 309 F.3d 589 (9th Cir. 2002). While the Court need not reach this argument to decide the issues before it, the Court must do so to state that a finding of bad faith on the part of the attorney is not necessary to revoke pro hac vice. Indeed, *Walters* upheld denial of pro hac vice. *Walters* involved a criminal defendant's constitutional right to counsel of his choice, which the court found could not denied unless it would "unduly hinder the fair, efficient and orderly administration of justice'" or counsel was "unwilling to abide by court rules and ethical guidelines." *Walters,* 309 F.3d at 591. This Court need not find bad faith by the attorney before the Court can revoke pro hac vice status. *See* Local Rule 110 ("Failure of counsel . . . to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."); *Lasar,* 399 F.3d at 1118 (reasoning that a district court's revocation of pro hac vice status falls within "the scope of the inherent power of the federal courts" because "a federal court has the power to control admission to its bar and to discipline attorneys who appear before it.") (quoting *Chambers,* 501 U.S. at 43).

Finally, Mr. Downey argues numerous other attorneys have been admitted pro hac vice in several cases and contends the courts of admission have not challenged these attorneys' ability to appear pro hac vice. However, the status of admission of these other attorneys has no bearing on whether Mr. Downey is regularly engaged in professional activities or regularly employed in California. The Court deals with the issues before it.

Mr. Downey would be a welcomed addition to the licensed attorneys in California based upon his proclaimed expertise and vigorous representation of California's hard-working laborers. But he cannot skirt the requirements of the California Legislature and this Court's Local Rules with repeated and continuous representation of parties in both state and federal courts. The Court will not revoke his pro hac vice status in these cases, but will strictly evaluate any future requests for admission pro hac vice.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Court's Order to Show Cause issued August 30, 2019 (Doc. No. 99) in *Jerrod Finder v. Leprino Foods Company, et al.*, Case No. 1:13-cv-02059-AWI-BAM is HEREBY DISCHARGED;

2. The Court's Order to Show Cause issued September 5, 2019 (Doc. No. 122) in *Isaias Vasquez, et al. v. Leprino Foods Company, et al.*, Case No. 1:17-cv-00796-AWI-BAM is HEREBY DISCHARGED; and

3. The Clerk of Court is directed to file this order in *Jerrod Finder v. Leprino Foods Company, et al.*, Case No. 1:13-cv-02059-AWI-BAM, and *Isaias Vasquez, et al. v. Leprino Foods Company, et al.*, Case No. 1:17-cv-00796-AWI-BAM.

IT IS SO ORDERED.

Dated: **December 18, 2019**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

# Exhibit A: Date Mr. Downey Admitted to a Case and Date Case Terminated

