| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| ISAIAS VASQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 1:17-cv-00796-AWI-BAM<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO RECOVER REASONABLE EXPENSES PURSUANT TO FRCP 30(g)**<br><br>(Doc. No. 149) |

On November 21, 2019, Defendants Leprino Foods Company and Leprino Foods Dairy Products Company ("Defendants") filed a Motion to Recover Reasonable Expenses pursuant to Federal Rule of Civil Procedure 30(g). Defendants seek to recover fees and costs in the amount of $5,987.38 in connection with the scheduled deposition of nonparty deponent, Ronaldo Salvo. (Doc. Nos. 149, 156.) The parties filed a Joint Statement regarding Defendants' motion on December 6, 2019. (Doc. No. 156.)

The matter was heard on December 13, 2019, before the Honorable Barbara A. McAuliffe. Kitty Szeto appeared by telephone on behalf of Plaintiffs Isaias Vasquez and Linda Hefke. Lisa Pooley appeared in person on behalf of Defendants.

1

Having considered the Joint Statement, the parties' arguments and the record on file, Defendants' motion is granted in part.

## **BACKGROUND**

This wage-and-hour class action stems from Defendants' alleged custom and policy to "de crew," i.e., sending workers home prior to the start of their scheduled shift without pay because Defendants reportedly misjudged its production or labor needs and from Defendants' alleged policy of requiring Plaintiffs and workers to remain on call and subject to return to discuss business matters and/or return to their work stations during their rest and meal breaks if called upon to do so by supervisory personnel. (Doc. No. 61, Third Amended Complaint at ¶¶ 5, 7.)

On June 6, 2019, Plaintiffs filed their motion for class certification. (Doc. No. 116.) Defendants opposed the motion on August 30, 2019. (Doc. No. 120.) On September 9, 2019, in anticipation of filing their reply, Plaintiffs sought the Court's leave to exceed Rule 30's ten-deposition limit to depose putative class members who submitted declarations in support of Defendants' opposition to the motion for class certification. (Doc. No. 132 at 3.) On September 25, 2019, the Court partially granted Plaintiffs' request, permitting them to conduct seven depositions of the putative class members who submitted declarations in support of Defendants' opposition to the motion for class certification. (Doc. 136). The parties were directed to meet and confer to work out a schedule for the depositions, all of which were to be completed no later than November 8, 2019. (Id.)

Following the Court's order permitting additional depositions, counsel for the parties began communicating to set a schedule for the depositions. Once Plaintiffs identified the persons to be deposed, Defendants inquired about the deponents' availability for deposition. (Doc. 156-1, Pooley Decl. at ¶¶ 3-4, Exs. B and C.) Defense counsel communicated with Plaintiffs' counsel about each deponent's availability and whether defense counsel had been authorized to accept service of a deposition subpoena for each deponent.

With regard to deponent Ronaldo Salvo, on October 14, 2019, Plaintiffs sought confirmation of Mr. Salvo's deposition for October 28, 2019, upon his return to work on October 25, 2019. In response, Defendants indicated that given Mr. Salvo's October 25 return to work, he

1 would not have reasonable notice for a deposition. Defendants advised that, upon his return, they would check on his availability and let Plaintiffs' counsel know his availability for other dates. (Pooley Decl. at ¶ 9, Ex. H.)

On October 16, 2019, Plaintiffs' counsel asked if Mr. Salvo's deposition could be scheduled for October 31, 2019. (Pooley Decl. at ¶ 10, Ex. I.) On October 21, 2019, defense counsel indicated that October 31 would not work for Mr. Salvo, but they would check on his availability. Plaintiff's counsel then sent another email asking that they check on October 30 as an alternative to October 31. (Pooley Decl. at ¶ 11, Ex. J.)

On October 25, 2019, defense counsel learned that Mr. Salvo was not available for deposition on October 30 or 31, but he could be available on November 5, 2019. Although an offer was made to Mr. Salvo to have defense counsel accept service of a deposition subpoena on his behalf, Mr. Salvo did not authorize defense counsel to accept service on his behalf. Defense counsel notified Plaintiffs' counsel that Mr. Salvo was available on November 5, 2019. Plaintiffs' counsel confirmed the November 5 date and inquired if defense counsel would accept service on behalf of Mr. Salvo. Defense counsel responded that they had not been authorized to accept service on his behalf. (Pooley Decl. at ¶ 12, Ex. K.)

On October 28, 2019, defense counsel received Plaintiffs' Amended Notice of Deposition of Ronaldo Salvo, which noticed his deposition for November 5, 2019 at 9:00 a.m., at Esquire Deposition Solutions in Fresno, California. (Pooley Decl. at ¶ 13, Ex. L.)

On October 31, 2019, the parties attended the deposition of Alejandro Osuna, taken by Plaintiffs' Counsel, Kitty K. Szeto. Defense counsel Lisa M. Pooley was present at the deposition. (Pooley Decl. at ¶ 14, Ex. M.) During the deposition, Ms. Szeto inquired as to whether Mr. Osuna knew of any facts as to why Mr. Salvo would have been evading service and whether he knew of any facts to help Plaintiffs better serve him. Mr. Osuna did not provide any information in that regard. (Doc. 157, Szeto Decl. at ¶ 4.)

On November 4, 2019, Ms. Pooley traveled from San Francisco to Fresno, which took four hours, and stayed overnight in a Fresno hotel. On the morning of November 5, 2019, Ms. Pooley went to Esquire Deposition Solutions, the location for Mr. Salvo's noticed deposition.

Upon her arrival, Ms. Pooley was informed by the receptionist that the deposition was not on the calendar and that Plaintiffs had cancelled the deposition on November 1, 2019, four days earlier. Ms. Pooley then sent an email to Plaintiffs' counsel inquiring as to why Defendants had not been advised that Mr. Salvo's deposition had been cancelled. Ms. Pooley then drove back to San Francisco, which took four hours. (Doc. 156-1, Pooley Decl. at ¶ 15.)

Defendants now seek recovery of their reasonable expenses incurred on November 4 and 5, 2019, for defense counsel attending Mr. Salvo's deposition in the total amount of $5,987.30 (costs and attorney's fees). Defendants also seek recovery for preparing the instant motion and joint statement in the amount of $2,540.00.

Plaintiffs oppose the request, arguing that defense counsel was on notice that the deposition was not going forward as scheduled. Plaintiffs contend that counsel knew that Mr. Salvo was not going to appear for his deposition for several reasons. First, Plaintiffs assert that Defendants were aware that he would not attend because defense counsel refused to accept service on his behalf. Second, Plaintiffs contend that defense counsel knew on October 31, that Mr. Salvo was evading service and defense counsel reportedly made a statement to the court reporter indicating her knowledge that Mr. Salvo's deposition would not proceed. In particular, Plaintiffs point out that during Mr. Osuna's deposition on October 31, Plaintiffs' counsel asked Mr. Osuna if he knew of any facts as to why Mr. Salvo was potentially evading service and whether he had any better information to help them try and serve Mr. Salvo. (Doc. 157, Szeto Decl. at ¶ 4.) At the conclusion of the deposition, Plaintiffs' counsel reportedly heard defense counsel, Ms. Pooley, state to the court reporter, "I guess Tuesday's deposition is not going forward." (Id.) Plaintiffs' counsel therefore asserts that she held a good faith belief Ms. Pooley knew the deposition would not be going forward and she subsequently cancelled it. (Id.) Third, Plaintiffs suggest that Defendants should not have assumed that Mr. Salvo would be served after October 31 or over the weekend, and the decision to travel to his deposition and then request fees defies common sense. (Doc. 156 at 9.)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 30(g) provides, in relevant part, that "[a] party who,

4

expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition; or (2) serve a subpoena on a nonparty deponent, who consequently did not attend." Fed. R. Civ. P. 30(g). Further, sanctions may be imposed "on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). "What constitutes reasonable expenses and appropriate sanctions is a matter for the Court's discretion." Jones v. Lehigh Sw. Cement Co., No. 1:12–cv–00633–AWI–JLT, 2014 WL 346619, at *6 (E.D. Cal. Jan. 30, 2014) (citing Biovail Labs., Inc. v. Anchen Pharm., Inc., 233 F.R.D. 648, 654 (C.D. Cal. 2006)).

## **DISCUSSION**

Plaintiffs noticed the deposition of Mr. Salvo for November 5, 2019, but they did not serve him with a deposition subpoena and did not appear for his deposition. Plaintiffs formally notified the court reporter that the deposition had been cancelled, but there is no indication that Plaintiffs notified defense counsel that the deposition would not proceed. That defense counsel may have been aware of Plaintiffs' difficulties in serving Mr. Salvo or that Ms. Szeto reportedly overheard defense counsel state that she guessed the deposition was not going forward are not sufficient notice. There is nothing before the Court indicating that Plaintiffs took any affirmative steps to notify, or confirm with, defense counsel that the deposition would not proceed as scheduled. Accordingly, the Court finds an award of reasonable expenses for attending the deposition, including attorney's fees, is appropriate pursuant to Rule 30(g). Albee v. Continental Tire North America, Inc., 780 F. Supp.2d 1005, 1013 (E.D. Cal. 2011) (finding an award of reasonable costs, including attorney's fees appropriate, for last-minute cancellation of out-of-state deposition).

Defendants' counsel declares that she incurred $462.88 in expenses for hotel, meals, mileage and bridge toll for travel between Fresno and San Francisco. (Pooley Decl. at ¶ 20.) The Court finds that these costs are properly recoverable. Regarding attorney's fees, Defendants incurred $5,524.50 in attorney's fees as follows: (1) 8.0 hours travelling to and from Fresno at a rate of $635 per hour, and (2) .7 hours attending the deposition at a rate of $635 per hour. (Id.)

5

Although the Court finds that the number of hours requested by Defendants are reasonable, the hourly rate is not.

In determining a reasonable hourly rate, district courts are guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. See Chalmers v. Cty. of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986). Generally, the hourly rate for competent and experienced attorneys in the Fresno Division of the Eastern District is between $250 and $400, "with the highest rates generally reserved for those attorneys who are regarded as competent and reputable and who possess in excess of 20 years of experience." Avila v. Cold Spring Granite Co., No. 1:16-cv-001533-AWI-SKO, 2018 WL 400315, at *10 (E.D. Cal. Jan. 12, 2018) (citation omitted); Freshko Produce Servs., Inc. v. Write On Mktg., Inc., No. 1:18-cv-01703-DAD-BAM, 2019 WL 3798491, at *2 (E.D. Cal. Aug. 13, 2019), report and recommendation adopted, No. 1:18-cv-01703-DAD-BAM, 2019 WL 5390563 (E.D. Cal. Oct. 22, 2019); Phillips 66 Co. v. California Pride, Inc., No. 1:16-cv-01102-LJO-SKO, 2017 WL 2875736, at *16 (E.D. Cal. July 6, 2017), report and recommendation adopted, No. 1:16-cv-01102-LJO-SKO, 2017 WL 3382974 (E.D. Cal. Aug. 7, 2017) (finding an hourly rate of $400 reasonable for attorney with twenty years of relevant experience). The Court takes judicial notice of the State Bar of California website, which shows that Ms. Pooley was admitted to practice in 1993 and has more than twenty-five years of experience. Given this information, the Court finds that a rate of $400.00 is reasonable for the services of Ms. Pooley. With this hourly rate, the attorney fees incurred by Defendants for Ms. Pooley's attendance at the deposition total $3,480.00 (8.7 hours x $400/hour).

Defendants also request an award of attorney's fees incurred in bringing the instant motion. However, the Court declines to award fees beyond those expenses permitted by Rule 30(g).

## **CONCLUSION AND ORDER**

Based on the foregoing, Defendants' motion to recover reasonable expenses pursuant to Federal Rule of Civil Procedure 30(g) is partially GRANTED. Plaintiffs' counsel are directed to pay Defendants their reasonable expenses, including attorney's fees, in the amount of

$3,942.88 ($462.88 in costs and $3,480.00 in attorney's fees) for attending the noticed deposition of Rolando Salvo on November 5, 2019 in Fresno, California.

IT IS SO ORDERED.

Dated: **December 18, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE