# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAS VASQUEZ and LINDA HEFKE, on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1–50, inclusive,<br><br>Defendants. | CASE NO. 1:17-cv-00796-AWI-BAM<br><br>ORDER ON PLAINTIFFS' PROPOSED CLASS NOTICE AND DISTRIBUTION PLAN<br><br>(Doc. No. 182) |

In this class action lawsuit, Isaias Vasquez and Linda Hefke are suing two cheese manufacturing companies, Leprino Foods Company and Leprino Foods Dairy Products Company.[1] Before the Court is Plaintiffs' proposed class notice and distribution plan, as well as Leprino's several objections to that proposal. For the reasons that follow, the Court will direct the parties to submit an amended class notice and distribution plan consistent with this order.

## BACKGROUND

Plaintiffs filed their lawsuit on May 8, 2017. On March 30, 2020, the Court certified Plaintiffs' claim for meal and rest period violations under Cal. Labor Code §§ 226.7 and 512, and California Industrial Welfare Commission Wage Order 8-2001 ("Wage Order 8"). The Court also

---

[1] In their briefing, the parties, including both Defendants (responding as one), make no distinction between the Leprino entities. Rather, the parties treat both Defendants as if they are a single "Leprino" entity. The Court will adopt that practice in this order.

certified the following six claims to the extent they are derivative of Plaintiffs' meal and rest period claim: failure to furnish accurate wage statements, Cal. Labor Code § 226; failure to pay minimum wages, Cal. Labor Code § 1194 and Wage Order 8; failure to pay wages for all hours worked, Cal. Labor Code § 204; failure to pay overtime wages, Cal. Labor Code §§ 510 and 1194, and Wage Order 8; failure to pay separation wages, Cal. Labor Code §§ 201–203; and unfair competition law violations, Cal. Bus. & Profs. Code § 17200, et seq.  In the certification order, the Court directed the parties to meet and confer regarding the submission of a joint stipulated class notice and distribution plan.  If an agreement could not be reached, the Court imposed a briefing schedule that would start with Plaintiffs' filing of a proposed class notice and distribution plan.

Thereafter, Leprino moved both for reconsideration and to stay further class notice proceedings pending the Court's consideration of its reconsideration motion.  The Court granted Leprino's motion to stay, and eventually denied Leprino's motion for reconsideration.  Plaintiffs then submitted a proposed class notice and distribution plan consistent with the Court's direction in the certification order.  Leprino filed objections, and Plaintiffs filed a reply.

## **LEGAL STANDARD**

For any class certified under Federal Rule of Civil Procedure 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  The rule provides that notice may be made "by one or more of the following: United States mail, electronic means, or other appropriate means."  Id.  As to its contents, "[t]he notice must clearly and concisely state in plain, easily understood language" the following information:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Id.; see also Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985) (explaining that absent class members must be afforded due process through notice that is "reasonably calculated, under

all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (quoted source omitted)).

**DISCUSSION**

Both parties have submitted proposed class notices with their respective filings. Doc. Nos. 182-2 & 183 at 6–13. Although the proposals are very similar—and largely in compliance with the standards of Rule 23(c)(2)(B)—the parties seek the Court's resolution of certain disputed particulars. With their initial briefing, Plaintiffs identify three sources of conflict between the parties. Defendants raise two more issues in their objections to Plaintiffs' proposal. These matters will be considered in turn.

### A. Opt-out period

The parties' first dispute centers on the length of time provided for class members to opt out of the class. Plaintiffs propose an opt-out time period of seventy-five days. They contend this is a sufficient amount of time for a relatively small and narrow class—namely, a putative class of less than two-thousand members that worked at a single facility—and also emphasize that proceedings on Leprino's reconsideration motion have already delayed the class notice timeframe. Leprino counters with an opt-out time period of ninety days, and argues that the additional fifteen days is warranted in light of the ongoing COVID-19 pandemic and its effects on class members' lives and the U.S. Postal Service's operations.

To start, contrary to Plaintiffs' contention, the time period selected for class members' consideration of whether to further participate in this class action is unrelated to any delay brought on by a properly filed motion for reconsideration of the certification order. As to the dueling proposals, the Court agrees with Leprino, and will direct the parties to use a ninety-day opt-out time period in the class notice. Both proposals fit within the Federal Judicial Center's preference for opt-out time periods of sixty to ninety days.[2] Although Leprino proposes use of the maximum

---

[2] Fed. Jud. Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 4 (2010), https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf (last visited Feb. 10, 2021).

3

amount of days within that preference, the Court sees greater benefit in siding with the marginally longer opt-out time period under the current circumstances.

**B.     Class definition**

The parties' second dispute goes to the class definition.  Plaintiffs want to use the following definition:

> Judge Ishii decided that all individuals who currently work or formerly worked as a non-exempt, hourly employee of Leprino at its Lemoore West facility at any time between May 8, 2013 and March 31, 2020, are Class members.

In addition to this language, Leprino wants to add the following information to the class definition:

> This means that you are a class member if:
>
> a.    You are currently employed by Leprino as a supervisor or manger, but you previously worked at the Lemoore West facility as an hourly, non-exempt employee at some point in time between May 8, 2013 and March 31, 2020.
>
> b.    You are currently employed by Leprino as an hourly, non-exempt employee and you worked at the Lemoore West facility as an hourly, non-exempt employee at some point in time between May 8, 2013 and March 31, 2020.
>
> c.    You are no longer employed by Leprino, but you worked at the Lemoore West facility at some point in time between May 8, 2013 and March 31, 2020.

Plaintiffs contend that Leprino's additional information adds unnecessary complexity and threatens confusion.  Leprino likens its proposal to a sample class notice produced by the Federal Judicial Center.[3]

The Court finds neither proposal to be perfect.  For one, in so far as both parties use the language of Plaintiffs' proposal, the class definition is grammatically confusing and misstates the actual class:  namely, an individual who currently works as a non-exempt, hourly employee of Leprino at its Lemoore West facility that was hired for the first time after March 31, 2020, is not a class member.  Enacting the simple solution to this misstatement—remove the language "currently

---

[3] See Fed. Jud. Ctr., <u>Employment Discrimination Class Action Certification: Full Notice</u> 5 (2002), https://www.fjc.gov/sites/default/files/2016/ClaAct11.pdf (last visited Feb. 10, 2021).

4

work or formerly"—reveals new merit in using the additional information in Leprino's proposal. Revising the class definition in this manner also tracks with the Federal Judicial Center example that Leprino cites. This information presumably addresses the most common situations that class members will find themselves in while asking the critical question: am I part of this class? While this information may be slightly redundant, any cost of this redundancy is greatly outweighed by the benefit derived from additional clarity offered to the recipient class members. In sum, the Court will direct the parties to use the following class definition in the class notice (which includes some consistency and clarity edits throughout):

> Judge Ishii decided that all individuals who worked as a non-exempt, hourly employee of Leprino at its Lemoore West facility at any time between May 8, 2013 and March 31, 2020, are class members. This means that you are a class member if:
>
> a. You are currently employed by Leprino as a supervisor or manger, but you previously worked at the Lemoore West facility as non-exempt, hourly employee at any time between May 8, 2013 and March 31, 2020.
>
> b. You are currently employed by Leprino as an hourly, non-exempt employee and you worked at the Lemoore West facility as non-exempt, hourly employee at any time between May 8, 2013 and March 31, 2020.
>
> c. You are no longer employed by Leprino, but you worked at the Lemoore West facility as a non-exempt, hourly employee at any time between May 8, 2013 and March 31, 2020.

### C. Email opt-outs

The parties' third dispute involves the form in which class members can opt out of the class. Plaintiffs assert that all opting out should be completed by submitting an "exclusion request form" that requires the class member's signature. Plaintiffs propose that class members will be able to submit an exclusion request form through regular or electronic mail.

Leprino asserts that class members should also have the ability to opt out by emailing the class action administrator with an express exclusion instruction and the provision of a unique identification number assigned by the class action administrator. Leprino contends that an email option is even more appropriate and necessary in light of the COVID-19 pandemic.

Plaintiffs contend that Leprino's third option increases the chance of fraudulent opt-outs

because simple emails offer no verification that the person opting out is actually the class member. Leprino points out that requiring class members to provide their unique identification number in their opt-out emails effectively ensures email opt-outs contain the same amount of verification as an exclusion request form that is submitted by regular mail.

The parties' dispute essentially boils down to whether two email options are necessary. Plaintiffs propose that class members should be able to submit completed exclusion request forms by "electronic mail." While the parties have not made the mechanics of this method crystal clear, presumably this means a completed form can be emailed to the class action administrator in lieu of sending the completed form by regular mail. If that is the case, it raises the question as to why a separate option for electronic opt-outs—one not involving a signed exclusion request form that all class members will receive—is necessary. Leprino offers no explanation on this point. As a result, the Court agrees with Plaintiffs that opting out by submitting a completed exclusion request form through regular or electronic mail is a procedure that provides sufficient due process to class members and allows for orderly administration of the class. The parties shall modify the class notice and exclusion request form accordingly.[4]

### D. Exclusion request form information

The parties' fourth dispute involves use of identifying information on the exclusion request form. Both parties have submitted proposed forms. Doc. Nos. 182-2 & 183 at 15. The proposed forms are nearly identical, but Plaintiffs' contains placeholders for the respective class member's full name, mailing address, and telephone number. Each proposed form contains a placeholder for the class member's "Unique ID Number."

Leprino objects to Plaintiffs' proposed form "to the extent it contains the individual class member's private contact information (address and telephone number)." Leprino argues that this information should not be printed on the exclusion request forms. In so far as they reply to this

---

[4] The Court notes that Plaintiffs' proposed exclusion request form states, "If you do not want to be part of the Class, you must send an email or sign and mail this card . . . ." Doc. No. 182-2. This language should be modified as it more closely describes Leprino's proposal, implying that a class member can opt out by sending an email without signing and submitting the exclusion request form.

specific objection, Plaintiffs contend that it is imperative to have a class member's unique identifying information on the exclusion request form to ensure there is no tampering with the opt-out process.

Leprino has not made a compelling argument that this particular information must be scrubbed from exclusion request forms on privacy grounds.  (As but one contrary point, class members' mailing addresses presumably will be used by the class action administrator to distribute the class notice and the exclusion request form in the first place.)  In all candor, this matter appears to be a non-issue, and without a compelling argument made, the Court is puzzled as to why this objection was even raised.

### E.   Distribution plan

As to the parties' fifth dispute, Leprino contends that Plaintiffs have failed to propose a class action administrator, a cost estimate, and other details of a plan to distribute the class notice, as directed by the Court in its certification order.  In their reply, Plaintiffs assert that they have consistently made such efforts and that Leprino has never replied.  Plaintiffs attach email communications to their reply brief showing that on April 15, 2020, Plaintiffs' counsel proposed a specific class action administrator (Phoenix Class Action Administrator Solutions) to Leprino's counsel and attached a bid from Phoenix that counsel described as "the lowest cost."  Doc. No. 185-1.  Phoenix's bid, which Plaintiffs also present to the Court, clearly contemplates distribution of the class notice by regular mail and provides projected costs for actions including return postcard and postage, Spanish translation, reporting during the notice period, and remailing notice packets.  Doc. No. 185-2.  Plaintiffs' also present email communications showing that on August 12, 2020—i.e., the date of the Court's order denying Leprino's reconsideration motion—Plaintiffs' counsel re-noticed to Leprino's counsel the proposal to "us[e] Phoenix to distribute the class notice via regular U.S. mail."  Doc. no. 185-3.  In sum, Plaintiffs assert that "Leprino is well aware that Plaintiffs are proposing that Phoenix send the class notice out by regular mail through the United States Postal Service as is traditionally done."

The Court rejects Leprino's contention that Plaintiffs have not complied with the

7

certification order's direction to submit a proposed distribution plan. Moreover, because Leprino had in counsel's possession the relevant information regarding Plaintiffs' proposed distribution plan this whole time, the Court declines to grant Leprino's request for an additional response to Plaintiffs' reply brief.

### F.     Amended class notice and distribution plan

At this stage, the Court will reserve its approval of the parties' class notice and distribution plan. The parties' separate proposals generally track appropriate examples produced by the Federal Judicial Center. But the Court's involvement proved necessary to resolve disputed particulars that the parties' independent conferences could not settle. Now that the Court has resolved these disputes—which largely did not implicate the substantive requirements of Rule 23(c)(2)(B)—this case can move forward once the parties submit an amended proposal that is consistent with this order.[5] Given the state of the parties' separate proposals, the Court does not anticipate that additional judicial involvement and expenditure of judicial resources will be required. If it is called upon, however, the Court now makes clear that it will not consider objections that could have been raised and resolved here.

/ / /

/ / /

/ / /

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Court RESERVES its approval of the parties' class notice and distribution plan; and
2. The parties shall FILE an amended class notice and distribution plan for the Court's approval within fourteen days of service of this order. If the parties are unable to file a joint proposal, then they shall simultaneously file independent briefing on the

---

[5] The Court is directing the parties to submit an amended proposal in part because Plaintiffs' proposal contains numerous track changes in different colors, which collectively makes it hard to discern who exactly is proposing what.

matter by that same date.  In the latter situation, the parties shall also simultaneously file responses within seven days after initial briefs are filed and replies within five days after responses are filed.

IT IS SO ORDERED.

Dated: __February 12, 2021__     _____
　　　　　　　　　　　　　　　　　SENIOR DISTRICT JUDGE