|   |   |
|---|---|
| **ISAIAS VASQUEZ and LINDA HEFKE,** on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1–50, inclusive,**<br><br>Defendants. | CASE NO. 1:17-cv-00796-AWI-BAM<br><br>**ORDER ON PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>(Doc. No. 189) |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

In this class action lawsuit, Isaias Vasquez and Linda Hefke are suing two cheese manufacturing companies, Leprino Foods Company and Leprino Foods Dairy Products Company.[1] Before the court is Plaintiffs' motion for judgment on the pleadings, which challenges Leprino's numerous affirmative defenses on multiple grounds. For the reasons that follow, the Court will grant in part and deny in part Plaintiffs' motion.

## **BACKGROUND**

Plaintiffs filed their lawsuit on May 8, 2017. The action proceeds on Plaintiffs' third-amended complaint, which sets forth the following seven (now-certified) class claims: (1) failure

---

[1] In their briefing, the parties, including both Defendants (responding as one), make no distinction between the Leprino entities. Rather, the parties treat both Defendants as if they are a single "Leprino" entity. The Court will adopt that practice in this order.

1 to provide legally compliant meal and rest periods or compensation in lieu thereof, Cal. Labor
2 Code §§ 226.7, 512, and California Industrial Welfare Commission Wage Order 8-2001 ("Wage
3 Order 8"); (2) failure to furnish accurate wage statements, Cal. Labor Code § 226; (3) failure to
4 pay minimum wages, Cal. Labor Code § 1194 and Wage Order 8; (4) failure to pay wages for all
5 hours worked, Cal. Labor Code § 204; (5) failure to pay overtime wages, Cal. Labor Code §§ 510,
6 1194, and Wage Order 8; (6) failure to pay separation wages, Cal. Labor Code §§ 201–203; and
7 (7) unfair competition law ("UCL") violations, Cal. Bus. & Profs. Code § 17200 et seq. Doc. No.
8 61. In its operative answer—which was filed on February 12, 2019—Leprino pleaded twenty-six
9 affirmative defenses and reserved the right to assert additional defenses. Doc. No. 70. On
10 November 16, 2020, Plaintiffs moved for judgment on the pleadings as to all of these matters.
11 Doc. No. 189. Leprino filed an opposition, to which Plaintiffs replied. Doc. Nos. 192 & 199.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) (describing the motions as "functionally identical" except for time of filing). The court takes as true the non-moving party's factual allegations and draws all reasonable inferences in that party's favor. Hines v. Youseff, 914 F.3d 1218, 1227 (9th Cir. 2019); Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005). Judgment under Rule 12(c) "is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). While Rule 12(c) does not address "partial" judgments, it is common practice to apply the rule to individual claims and defenses. Mays v. Wal-Mart Stores, Inc., 354 F. Supp. 3d 1136, 1141 (C.D. Cal. 2019). Likewise, although unmentioned in Rule 12(c), a court may grant a motion with leave to amend, but it need not do so if amendment would be futile or unfairly prejudicial or if the amending party acted in bad faith or

unduly delayed.  Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006).

**DISCUSSION**

Plaintiffs challenge Leprino's affirmative defenses under Rule 12(c) on one or more of the following grounds:  (1) the defense is not an affirmative defense, but a denial or negative defense; (2) the defense is inapplicable to Plaintiffs' causes of action; and (3) the defense is pleaded with insufficient factual support.  Leprino voluntarily withdraws its seventh (standing), twelfth (laches), and thirteenth (mitigation of damages) affirmative defenses in opposition to Plaintiffs' motion.

**A.     Non-Affirmative Defenses**

Before turning to the merits of Plaintiffs' "non-affirmative defenses" challenges, the Court must resolve a dispute regarding the proper procedural device for consideration of the challenges.

**1.     Federal Rule of Civil Procedure 12(f)**

Plaintiffs seek judgment in their favor on several of Leprino's defenses on grounds that the challenged matters are not actually cognizable affirmative defenses, but rather denials, negative defenses, or other non-affirmative defenses.  Leprino mostly agrees with Plaintiffs' characterizations, but also contends that these specific challenges are improperly raised through a Rule 12(c) motion.  According to Leprino, Plaintiffs should have moved to strike any non-affirmative defenses under Federal Rule of Civil Procedure 12(f), and that their doing so now would result in an untimely Rule 12(f) motion.  Plaintiffs reject Leprino's theory and insist that their entire motion should be considered solely through the lens of Rule 12(c).

Taking a step back for some additional context, Federal Rule of Civil Procedure 8(c) provides in part that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c).  "[A]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."  Barnes v. AT & T Pension Ben. Plan, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (quoted source omitted).  "It is a defense

on which the defendant has the burden of proof." Id. at 1174.  In contrast, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).  Defenses of this nature are usually described as "denials" or "negative defenses."  See Gomez v. J. Jacobo Farm Labor Contractor, Inc., 188 F. Supp. 3d 986, 995 (E.D. Cal. 2016); Barnes, 718 F. Supp. 2d at 1173–74; see also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1270 (3d ed.) (distinguishing affirmative defenses from denials or negative defenses that directly contradict elements of the plaintiff's claim for relief).

Affirmative defenses are usually (but not always) challenged through motions under Federal Rule of Civil Procedure 12(f), which allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); see also Barnes, 718 F. Supp. 2d at 1170 (explaining that Rule 12(f) motions can save time and money, but also are generally disfavored because of the potential for delay tactics and the limited importance of pleadings in federal practice).  When denials and negative defenses are challenged under Rule 12(f), courts, including this one, often strike these pleadings as redundant.  See, e.g., Gomez, 188 F. Supp. 3d at 1001, 1003–04; Barnes, 718 F. Supp. 2d at 1174. Yet, the same outcome cannot be reached through a Rule 12(c) motion, as granting judgment in the plaintiff's favor on a denial or negative defense is functionally very different than striking a redundant pleading.  Where a defense is a denial that asserts the plaintiff has not proved an element of her prima facie case, judgment under Rule 12(c) is improper because the plaintiff has not established that no material issue of fact remains.  That is, the redundant denial itself shows on the face of the pleadings the existence of a material issue of fact.

Thus, in so far as some of Leprino's pleaded defenses are not actually affirmative defenses, Plaintiffs' commitment to having these particular defenses considered under Rule 12(c) is misplaced.  Moreover, Leprino correctly points out that the twenty-one-day period for Plaintiffs to have moved to strike any non-affirmative defenses under Rule 12(f) has long expired.  Fed. R. Civ. P. 12(f)(2).  Nonetheless, because Plaintiffs' motion brings these and other issues to the fore, the Court will exercise its discretionary authority under Rule 12(f) to consider striking Leprino's

4

denials, negative defenses, and other non-affirmative defenses on its own initiative. Fed. R. Civ. P. 12(f)(1). The Court will consider the rest of Plaintiffs' motion as it was filed—that is, as a Rule 12(c) motion challenging Leprino's actual affirmative defenses. See Fed. R. Civ. P. 12(h)(2)(B) (indicating that failure to state a legal defense to a claim may be raised by a Rule 12(c) motion); see also Neo4j, Inc. v. PureThink, LLC, No. 5:18-cv-07182-EJD, 2020 WL 2614871, at *8 (N.D. Cal. May 21, 2020) (granting judgment on the pleadings against affirmative defenses); Mag Instrument, Inc. v. JS Prod., Inc., 595 F. Supp. 2d 1102, 1109–11 (C.D. Cal. 2008) (same).

### 2. Denials (Affirmative Defenses 3, 17, 18, 23, 24, 25, and 26)

For its third affirmative defense, Leprino states that the class claims are barred "to the extent that Defendants acted in accordance with the applicable law, state regulations, and applicable order of the California Industrial Welfare Commission in effect during the relevant time periods." Doc. No. 70 at 15. For its seventeenth affirmative defense, Leprino states that the class claims for monetary relief or restitution are barred and subject to offset "to the extent that Plaintiffs or any alleged putative class member has received premium pay for any on-duty meal periods or any payments under Labor Code Section 226.7." Doc. No. 70 at 17. For its eighteenth affirmative defense, Leprino states that the class claims for monetary relief or restitution are barred and subject to offset "to the extent that Plaintiffs or any alleged putative class member has received premium pay for any on-duty rest periods or any payments under Labor Code Section 226.7." Doc. No. 70 at 17. For its twenty-third affirmative defense, Leprino states that the class claims are barred "to the extent that certain of the interests of the members of the putative class Plaintiffs seek to represent may be in conflict with the interests of other putative class members." Doc. No. 70 at 18. For its twenty-fourth affirmative defense, Leprino states that the class claims are barred "because the claims alleged by Plaintiffs are neither common nor typical of those, if any, of the putative class they seek to represent." Doc. No. 70 at 18. For its twenty-fifth affirmative defense, Leprino states that the class claims are barred "because Plaintiffs fail to satisfy the prerequisites for class certification and lack standing under Business and Professions Code § 17204, the California Labor Code, and Article III of the United States Constitution, to

bring these claims and cannot represent the interest of the putative class members as to each of the purported causes of action." Doc. No. 70 at 18. For its twenty-sixth affirmative defense, Leprino states that the class claims are barred "because at all material times Defendant Leprino Foods Dairy Products Company did not employ Plaintiffs, was not a single employer or joint employer of Plaintiffs, and was not an alter ego of Defendant Leprino Foods Company." Doc. No. 70 at 18.

The Court agrees with the parties' characterization of these defenses as denials.[2] The defenses confront general or specific elements of Plaintiffs' claims (or class certification allegations)—in other words, they do not operate to preclude liability separate from elements that are amongst Plaintiffs' prima facie case. Because these denials are redundant of denials in Leprino's answer, the Court will strike them under Rule 12(f). In so doing, the Court impresses upon the parties and counsel two important points: First, the Court's striking of these defenses shall not in any way prevent Leprino from continuing its broader defense in this action based on the denials in its answer. Second, given the denials in Leprino's answer, it cannot be said these defenses caused prejudice by way of additional discovery or trial burdens. While resolving the rest of Plaintiffs' motion provides opportunity to tidy up the pleadings by striking these defenses here, it must be noted that micro-managing the pleadings to credit technical yet insignificant points is something courts traditionally loathe. See Jostad v. May Trucking Co., No. 6:19-cv-00031-AA, 2019 WL 3024658, at *2 (D. Or. July 10, 2019); McBurney v. Lowe's Home Ctrs., LLC, No. 1:13-cv-00540-ELJ, 2014 WL 2993087, at *3 (D. Idaho July 2, 2014).

### 3. Failure to State a Claim (Affirmative Defense 1)

For its first affirmative defense, Leprino alleges that Plaintiffs' third-amended complaint

---

[2] Leprino argues that its seventeenth and eighteenth defenses are not denials, but rather notice that it intends to offset any damages with the amount of meal and rest period premiums paid to class members. Plaintiffs dispute this argument, and are correct in doing so. California Labor Code § 226.7(c) states that if an employer "fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Based on this statutory language, part of Plaintiffs' burden is to prove that Leprino failed to provide meal and rest period premiums whenever Leprino failed to provide employees meal and rest periods. To that point, Plaintiffs have alleged that Leprino violated the statute by failing to provide employees meal and rest periods in accordance with state law *or* compensation in lieu thereof. Doc. No. 61 at 10, ¶ 38. Leprino denies these allegations in its answer. Doc. No. 70 at 7, ¶ 38. Its defenses are redundant of those denials because they represent the inverse of part of Plaintiffs' prima facie case.

"does not allege facts sufficient to state a claim upon which relief may be granted." Doc. No. 70 at 14. The Court will strike this defense, as failure to state a claim is an assertion of a defect in Plaintiffs' prima facie case, not an affirmative defense. Gomez, 188 F. Supp. 3d at 995; Barnes, 718 F. Supp. 2d at 1174. Like above, this shall not prevent Leprino from continuing its defense in this action on the basis of the stricken defense. See Fed. R. Civ. P. 12(h)(2) (indicating that the defense of failure to state a claim may be raised in a Rule 12(c) motion or at trial).

### 4. Reservation of Right

After alleging its twenty-six affirmative defenses, Leprino states that "Defendants reserve their right to assert additional separate or affirmative defenses if Defendants become aware of the existence of such defenses arising during the course of discovery." Doc. No. 70 at 18. Courts have stricken reservations of this kind because they carry no legal effect given that any later efforts to add affirmative defenses must comply with Federal Rule of Civil Procedure 15. Smart Modular Techs., Inc. v. Netlist, Inc., No. 2:12-cv-02319-TLN-EFB, 2017 WL 3009217, at *7 (E.D. Cal. July 14, 2017); Botell v. United States, No. 2:11-cv-01545-GEB-GGH, 2012 WL 1027270, at *6 (E.D. Cal. Mar. 26, 2012). The Court will do the same here.

### B. Inapplicable and Insufficient Affirmative Defenses

Plaintiffs challenge the rest of Leprino's defenses under Rule 12(c) on grounds that the defenses are either inapplicable under the factual circumstances of this case or insufficiently pleaded, or both.[3] Affirmative defenses may be insufficient either as a matter of law or as a matter of pleading. Kohler v. Islands Rests., LP, 280 F.R.D. 560, 563–64 (S.D. Cal. 2012). An affirmative defense is legally insufficient if it "lacks merit under any set of facts the defendant might allege." Gomez, 188 F. Supp. 3d at 991 (quoted source omitted); Harris v. Chipotle

---

[3] To support their pleading sufficiency argument, Plaintiffs ask the Court to take judicial notice of two facts: Plaintiff Vasquez propounded interrogatories seeking the factual basis for Leprino's affirmative defenses, and Leprino served a verified response to those interrogatories. Doc. No. 189-2. Along with this request, Plaintiffs assert that Leprino's verified response cuts against its position that its defenses are sufficiently pleaded. The Court will deny Plaintiffs' request. The contents of these discovery documents are not a proper subject for consideration under Rule 12(c), and the mere fact that this pair of documents exists is not relevant to the Court's resolution of this particular dispute. Cox v. Mariposa County, 445 F. Supp. 3d 804, 808 n.2 (E.D. Cal. 2020).

7

Mexican Grill, Inc., 303 F.R.D. 625, 628 (E.D. Cal. 2014); McArdle v. AT & T Mobility LLC, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009), rev'd on other grounds by 474 F. App'x 515 (9th Cir. 2012). As for pleading sufficiency, an affirmative defense must give "fair notice" of the asserted defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979) (per curiam).[4] "Fair notice . . . requires that the defendant state the nature and grounds for the affirmative defense." See Gomez, 188 F. Supp. 3d at 992 (cited sources omitted). This is a low bar that does not require great detail, but does require that the defendant provide "some factual basis" for its affirmative defenses. Id. (quoted source omitted). Although some courts have concluded that merely naming a well-established defense is sufficient, this Court will not. Id. (cited sources omitted).

### 1. Statute of Limitations (Affirmative Defense 2)

For its second affirmative defense, Leprino states that the class claims are foreclosed "to the extent they allege actions barred by the applicable statutes of limitations, including but not limited to those set forth in California Code of Civil Procedure Sections 337, 338, 339 and 340, California Labor Code sections 203, and 226, and California Business and Professions Code Section 17208." Doc. No. 70 at 14–15.

Plaintiffs argue that Leprino's defense fails to put them on notice (and is therefore affirmatively waived) because Leprino failed to identify which particular statutory subsections are applicable here, as required under California Code of Civil Procedure § 458. Leprino responds that § 458 is a state procedural rule that does not apply in a federal action, and that its pleading provides fair notice.

Under a chapter of the California Code of Civil Procedure titled "General Rules of

---

[4] The Ninth Circuit has explained that fair notice "only requires describing [an affirmative] defense in 'general terms.'" See Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed.)). This Court has previously determined that requiring an affirmative defense to be described in "'general terms does not . . . invoke'— and in fact appears inconsistent with—'the heightened standard of substantive plausibility identified'" in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See Gomez, 188 F. Supp. 3d at 992 (quoted source omitted). Therefore, as it did in Gomez, the Court will determine the sufficiency of Leprino's affirmative defenses without applying the heightened standard of Twombly and Iqbal.

Pleading," § 458 provides:

> In pleading the Statute of Limitations it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of Section ____ (giving the number of the section and subdivision thereof, if it is so divided, relied upon) of the Code of Civil Procedure; and if such allegation be controverted, the party pleading must establish, on the trial, the facts showing that the cause of action is so barred.

Cal. Civ. Proc. Code § 458; see also Area 55, LLC v. Nicholas & Tomasevic, LLP, 275 Cal. Rptr. 3d 519, 547 (2021) ("[W]here the defendant fails to comply with section 458's strict pleading requirements, the defendant 'waives the defense' of the bar of the applicable statute of limitations." (quoted source omitted)).

The statutory text plainly describes a procedural rule for pleading limitations defenses in California civil actions. In other words, § 458 does not itself set forth a statute of limitations, but rather a rule for pleading statutes of limitations that are found elsewhere in the California Code of Civil Procedure. This distinction proves crucial too. A federal court sitting in diversity applies state-law statutes of limitations because these statutes are substantive in nature. See Albano v. Shea Homes Ltd. P'ship, 634 F.3d 524, 530 (9th Cir. 2011). Yet, the procedural sufficiency of a pleaded defense in federal court is governed by the Federal Rules of Civil Procedure—even if the pleaded defense is a state-law defense. This means the "fair notice" standard governs whether Leprino's limitations defense was sufficiently pleaded, not the state procedural rule under § 458. See Wyshak, 607 F.2d at 827 ("Although California law provided here the applicable limitations period, Fed. R. Civ. P. 8(c) determines whether the pleading of the limitations defense was sufficient."); Schutte & Koerting, Inc. v. Swett & Crawford, 298 F. App'x 613, 615 (9th Cir. 2008) ("'The procedural sufficiency of a pleaded . . . defense in federal court is governed by the federal rules, even though the defense relied on may be a state defense.' Therefore, Swett's failure to plead its statute of limitations defense in accordance with Cal. Code Civ. Proc. § 458 in the Second Amended Answer is irrelevant." (internal citation omitted)).[5]

---

[5] The Court is not persuaded by Plaintiffs' reliance on Schaeffer v. Gregory Village Partners, L.P., 105 F. Supp. 3d 951 (N.D. Cal. 2015). In striking a defense where no subdivision was specified, the court in Schaeffer treated § 458 as though it is itself a statute of limitations, and not merely a state procedural rule. See id. at 962 n.5.

9

This still leaves the question of whether Leprino's pleaded defense provides fair notice. All of the statutory sections cited in Leprino's defense either set forth multiple limitations periods in different subdivisions or explain that the applicable limitations period is governed by a separate statute through which the underlying claim arose.[6] Leprino's defense does not include citations to any subdivisions or statutory cross-references. Leprino contends that resolving this lack of specificity is easy because the applicable provisions are obvious. Plaintiffs dispute this contention, and emphasize that even in its opposition Leprino does not explain exactly what statutes of limitations are the subject of its defense. The Court agrees with Plaintiffs and will grant them judgment under Rule 12(c); however, judgment will be granted without prejudice.

### 2. Consent and Waiver (Affirmative Defenses 10, 11, and 21)

For its tenth affirmative defense, Leprino states that the class claims are barred "by the doctrine of consent." Doc. No. 70 at 16. For its eleventh affirmative defense, Leprino states that the class claims are barred "by the doctrines of waiver and/or estoppel." Doc. No. 70 at 16. For its twenty-first affirmative defense, Leprino states that the class claims are barred "to the extent that Plaintiffs and putative class members voluntarily waived their off-duty meal periods, including for workdays in which they worked six hours or less, and for workdays in which they worked more than ten and no more than twelve hours." Doc. No. 70 at 17.

Plaintiffs argue that these defenses are insufficiently pleaded and fail as a matter of law. Leprino responds that the defenses inform Plaintiffs that their claims are barred to the extent that class members consented to work during their breaks or otherwise voluntarily waived their right to not work during breaks.

With some statutorily defined exceptions, the defenses of consent and waiver are not valid against Labor Code violations. See Gomez, 188 F. Supp. 3d at 996, 1002–03; Aguilar v. Zep Inc., No. 13-cv-00563-WHO, 2014 WL 4245988, at *19 (N.D. Cal. Aug. 27, 2014). Equitable defenses

---

[6] Although California Labor Code § 226 does neither, it is well-established that claims under that statute are subject to multiple limitations periods set forth under different statutes depending on the specific type of relief sought. See Novoa v. Charter Commc'ns, LLC, 100 F. Supp. 3d 1013, 1024–25 (E.D. Cal. 2015).

(including consent and waiver) may be raised against UCL claims, however, as trial courts have discretionary authority to consider these defenses in fashioning remedies under the UCL. Gomez, 188 F. Supp. 3d at 996–97 (citing Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 179–80 (2000)).

As to Leprino's tenth and eleventh defenses, the Court will grant judgment in Plaintiffs' favor because neither defense is pleaded with any facts to put Plaintiffs on notice of the nature and grounds of the asserted defense. To the extent these defenses are based on Plaintiffs' UCL claim, judgment under Rule 12(c) will be granted without prejudice.

Leprino's twenty-first defense is based on the right to waive meal periods by mutual consent that is built into the California Labor Code:

> An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Cal. Labor Code § 512(a); see also Cal. Code Regs. tit. 8, § 11080(11)(A)–(B). As the California Supreme Court has explained, under § 512(a), "employees who work more than five hours must be provided with a 30-minute meal period and that employees who work more than 10 hours must be provided with an additional 30-minute meal period. An employee who works no more than six hours may waive the meal period, and an employee who works no more than 12 hours may waive the second meal period." Gerard v. Orange Coast Mem'l Med. Ctr., 6 Cal. 5th 443, 446 (2018). Based on this statute, an employer can assert that an employee waived a meal period as an affirmative defense. See id. at 446–47; Donohue v. AMN Servs., LLC, 11 Cal. 5th 58, 481 P.3d 661, 672–73 (2021) (quoting Brinker Rest. Corp. v. Superior Court, 53 Cal. 4th 1004, 1053 (2012) (Werdegar, J., concurring)); see also Fodera v. Equinox Holdings, Inc., No. 19-cv-05072-WHO, 2021 WL 23294, at *5 (N.D. Cal. Jan. 4, 2021).

Although its allegations are succinct, Leprino has provided fair notice to Plaintiffs of its

meal-period waiver defense under § 512(a). Thus, the Court will deny Plaintiffs' Rule 12(c) challenge to this defense.

### 3. Good Faith (Affirmative Defenses 4, 19, and 22)

For its fourth affirmative defense, Leprino states that the class claims are barred and recovery is precluded "because Defendants' alleged acts or omissions, if any, were made in good faith, not willful, not knowing and intentional, and Defendants had reasonable grounds for believing that the alleged acts or omissions did not violate any California Labor Code provision or any orders of the California Industrial Welfare Commission." Doc. No. 70 at 15. For its nineteenth affirmative defense, Leprino states that the class claims for penalties under California Labor Code § 203 are barred "based on a good faith dispute as to whether any claimed premium pay was owed and Defendants' acts or omissions, if any, were not willful." Doc. No. 70 at 17. For its twenty-second affirmative defense, Leprino states that the class claims are barred "because Defendants have at all times acted reasonably and in good faith with respect to their obligations under [California] Labor Code Section 226 to make, keep, and preserve adequate and accurate records of covered employees and the wages, hours, and other conditions and practices of employment. Plaintiffs and the alleged putative class members did not suffer any injury within the meaning of Labor Code Section 226, and Defendants' alleged acts or omissions, if any, were not knowing and not intentional." Doc. No. 70 at 17–18.

When these three defenses are read together, a couple things stand out: To start, Leprino's nineteenth and twenty-second defenses are based in part on denials of elements of Plaintiffs' claims for separation wages and wage statement violations. See Cal. Labor Code § 203(a) (violation where "an employer willfully fails to pay" separation wages); Cal. Labor Code § 226(e)(1) (violation with "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer" to provide wage statements). In addition, Leprino's fourth defense includes the other two defenses through its broad and generic scope. To the extent these three defenses constitute denials, the Court will strike them under Rule 12(f) as redundant to

12

specific denials in Leprino's answer.[7] To the extent the pleaded defenses constitute good-faith defenses beyond the stricken denials, the Court will grant Plaintiffs judgment under Rule 12(c) because there is no general good-faith defense against Labor Code violations and any equitable defense against Plaintiffs' UCL claim based on good-faith allegations is inadequately pleaded. Gomez, 188 F. Supp. 3d at 1001; see also Novoa v. Charter Commc'ns, LLC, 100 F. Supp. 3d 1013, 1027–29 (E.D. Cal. 2015). Judgment will be granted without prejudice to the extent Leprino's defense is based on Plaintiffs' UCL claim. Gomez, 188 F. Supp. 3d at 996–97.

### 4. Fairness and Public Policy (Affirmative Defense 5)

For its fifth affirmative defense, Leprino states that the class claims are barred "by the principles of fairness and public policy relating to changes in the law upon which Defendants relied during the relevant time periods." Doc. No. 70 at 15. Plaintiffs argue that this defense is without support in the applicable law. Leprino responds that, "[g]iven the excessive penalties at stake as well as Leprino's efforts to comply with the law, it is appropriate for Leprino to argue that even if Plaintiffs are successful on their novel theory, any liability should be reduced under the principles of fairness and public policy."

Under California law, "[p]rinciples of equity cannot be used to avoid a statutory mandate." Santa Rosa Mem'l Hosp., Inc. v. Kent, 25 Cal. App. 5th 811, 822 (2018) (quoting Ghory v. Al–Lahham, 209 Cal. App. 3d 1487, 1492 (1989)); see also Moreno v. Pretium Packaging, L.L.C., No. 8:19-cv-02500-JVS-DFM, 2020 WL 4333353, at *4 (C.D. Cal. July 17, 2020) (rejecting equitable affirmative defense against a statutory violation claim). In so far as Plaintiffs' claims are based on alleged statutory violations and remedies, Leprino's defense based on equitable principles cannot stand. Moreover, without specifying the "changes in the law" on which it

---

[7] Leprino opposes Plaintiffs' motion by citing cases that address whether the existence of a good-faith belief or dispute precludes recovery under § 203 and § 226 because any failure was not "willful" or "knowing and intentional." See Magadia v. Wal-Mart Assocs., Inc., 384 F. Supp. 3d 1058, 1082–83 (N.D. Cal. 2019); Roadrunner Intermodal Servs., LLC v. T.G.S. Transp., Inc., No. 1:17-cv-01207-DAD-BAM, 2019 WL 3946895, at *15 (E.D. Cal. Aug. 21, 2019); Pedroza v. PetSmart, Inc., No. ED CV 11–298 GHK (DTBx), 2012 WL 9506073, at *5 (C.D. Cal. June 14, 2012). The Court recognizes the general import of these authorities, but finds they do not further apply here after Leprino's defenses are stricken to the extent that they are actually denials of these elements of Plaintiffs' claims. Once more, this outcome shall not prevent Leprino from continuing its defense against Plaintiffs' claims by contesting these elements in this fashion.

purportedly rests, Leprino's pleading does not contain any factual basis and therefore fails to state a legal defense to a claim. Accordingly, the Court will grant Plaintiffs judgment under Rule 12(c) on this defense. As with Leprino's other inadequately pleaded equitable defenses, judgment will be granted without prejudice to the extent the defense is based on Plaintiffs' UCL claim.

### 5. On-Duty Meal Periods (Affirmative Defenses 6 and 20)

For its sixth affirmative defense, Leprino states that the class claims are barred "to the extent that the nature of the work prevented Plaintiffs or any putative class members from taking any off-duty meal periods during the relevant time periods." Doc. No. 70 at 15. For its twentieth affirmative defense, Leprino states that the class claims are barred "to the extent that Plaintiffs and putative class members worked pursuant to on-duty meal period agreements that they executed individually." Doc. No. 70 at 17.

Plaintiffs argue that Leprino's defenses are without any supporting factual allegations. Plaintiffs also contend that because Leprino has not alleged the existence of on-duty meal period agreements or the factual basis as to why the nature of work prevented off-duty meal periods, its defenses fail as a matter of law. Leprino responds that these defenses inform Plaintiffs that their claims should be reduced to the extent that the nature of the work prevented class members from taking any off-duty meal periods and pursuant to any on-duty meal period agreements.[8]

Leprino's defenses jointly create a "nature of the work" defense against Plaintiffs' meal period claim. Relevant here, Wage Order 8 provides that

> [u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

Cal. Code Regs. tit. 8, § 11080(11)(C). Based on this language, courts have recognized that the

---

[8] In support of its argument, Leprino asserts that Plaintiff Hefke herself signed an on-duty meal period agreement. Because this evidence is drawn from a source that is not a proper subject for consideration under Rule 12(c), the Court will not consider it here.

14

provision of on-duty meal periods can constitute an affirmative defense. See Lubin v. The Wackenhut Corp., 5 Cal. App. 5th 926, 942–43 (2016); Sperry v. Securitas Sec. Servs., USA, Inc., No. C 13-0906 RS, 2014 WL 1664916, at *7 (N.D. Cal. Apr. 25, 2014). To succeed on such a defense, the employer must prove that (1) the nature of the work prevented the employee from being relieved of all duty; (2) the employee agreed to the on-duty meal period in writing; and (3) the written agreement provided that the employee could, in writing, revoke the agreement at any time. Lubin, 5 Cal. App. 5th at 942–43.

While its allegations are hardly robust, Leprino has provided Plaintiffs with fair notice of its on-duty meal period defense through its pair of pleadings. Therefore, the Court will deny Plaintiffs' Rule 12(c) challenge to these defenses. If Leprino opts to amend its defenses in light of this order, it may revise these pleadings so as to raise a single on-duty meal period defense.

### 6. Prior Claims (Affirmative Defenses 8, 9, 15, and 16)

For its eighth affirmative defense, Leprino states that the class claims are barred "to the extent that Plaintiffs or any alleged putative class members pursued any claim before the California Labor Commissioner, Division of Labor Standards Enforcement, or the United States Department of Labor." Doc. No. 70 at 15–16. For its ninth affirmative defense, Leprino states that the class claims are barred "by the doctrines of res judicata, collateral estoppel, or the doctrine barring duplicative litigation, to the extent that Plaintiffs or any alleged putative class member has asserted or could have asserted the same or similar claims in this judicial forum, or in any other judicial, administrative, or arbitral forum." Doc. No. 70 at 16. For its fifteenth affirmative defense, Leprino states that the class claims for monetary relief or restitution are barred and subject to offset "to the extent that the same or similar claims are governed by orders, awards, or judgments issued in any other judicial, administrative, or arbitral forum." Doc. No. 70 at 16. For its sixteenth affirmative defense, Leprino states that the class claims are barred "to the extent that [the putative class members] were parties to any settlement agreements, releases, or waivers of claims." Doc. No. 70 at 17.

Plaintiffs argue that these defenses should be dismissed because they lack any supporting

1 factual allegations and are not a bar against a civil enforcement lawsuit of this kind. Leprino
2 responds that its defenses provide fair notice that it intends to reduce liability in this action to the
3 extent that class members have resolved or settled similar claims and issues in other forums.[9]

4 Affirmative defenses seeking to bar certain liability or damages based on prior claims and
5 actions are legally cognizable. See Gomez, 188 F. Supp. 3d at 1004; Fodera, 2021 WL 23294, at
6 *3. But facts must be alleged to support such defenses. Gomez, 188 F. Supp. 3d at 1004. As
7 Leprino has not offered any here, the Court will grant Plaintiffs judgment under Rule 12(c) on this
8 defense. Judgment will be granted without prejudice.

### 7. Mootness (Affirmative Defense 14)

For its fourteenth affirmative defense, Leprino states that "[a]ny request for equitable relief is moot in that conduct and activities of Defendants conform to applicable law, state regulations, and applicable order of the California Welfare Commission." Doc. No. 70 at 16. Plaintiffs argue that this defense is a denial with no bearing on this case. Leprino responds that its defense provides notice to Plaintiffs that their requested relief is moot to the extent that Leprino complied with applicable laws.

In so far as this defense constitutes a denial, the Court will strike it under Rule 12(f) as redundant to specific denials of illegality in Leprino's answer. Although mootness can be raised as an affirmative defense, doing so must still be done with facts sufficient to put the plaintiff on notice as to the factual basis for the asserted mootness. See Barrilleaux v. Mendocino County, No. 14-cv-01373-TEH, 2016 WL 1298860, at *3–4 (N.D. Cal. Apr. 4, 2016). As pleaded, the only factual basis for Leprino's mootness defense is the redundant denial of illegality.[10] Because the pleading otherwise fails to state a legal defense, the Court will grant judgment to Plaintiffs under

---

[9] Leprino does not directly address Plaintiffs' challenge to its fifteenth affirmative defense; however, elsewhere in its opposition brief Leprino acknowledges that this defense is being challenged and states that Plaintiffs' motion should be denied in full. The Court excuses the apparent oversight, and considers the defense along with the other three prior claims defenses that Plaintiffs challenge through one consolidated argument.

[10] In support of its argument, Leprino refers to a breakroom sign that indicated workers did not need to keep their radios on during breaks. Because this evidence is drawn from a source that is not a proper subject for consideration under Rule 12(c), the Court will not consider it here.

16

Rule 12(c). Judgment will be granted without prejudice.

### C. Leave to Amend

Although many of Leprino's asserted defenses contain pleading insufficiencies, the Court declines to grant judgment on these matters with prejudice. These same defects went unchallenged up to this point and there has been no persuasive showing that amendment of the inadequately pleaded defenses will cause unfair prejudice or delay. Thus, notwithstanding its reluctance to return this case to the pleading stage more than two years after the operative pleadings were filed, the Court will grant Leprino leave to amend. If this opportunity is taken, Leprino shall ensure that it complies with this order and clearly sets out an adequate factual basis for every amended defense asserted.

### **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for judgment on the pleadings (Doc. No. 189) is GRANTED in part and DENIED in part;
    a. Affirmative Defenses 7, 12, and 13 are WITHDRAWN;
    b. Affirmative Defenses 1, 3, 17, 18, 23, 24, 25, 26, and the Reservation of Right are STRICKEN under Rule 12(f);
    c. Affirmative Defenses 4, 19, and 22 are STRICKEN in part under Rule 12(f), and DISMISSED with prejudice in part and DISMISSED without prejudice in part under Rule 12(c);
    d. Affirmative Defenses 5, 10, and 11 are DISMISSED with prejudice in part and DISMISSED without prejudice in part under Rule 12(c);
    e. Affirmative Defenses 2, 8, 9, 15, and 16 are DISMISSED without prejudice under Rule 12(c);
    f. Affirmative Defense 14 is STRICKEN in part under Rule 12(f) and DISMISSED without prejudice in part under Rule 12(c);

      g.      Plaintiffs' motion under Rule 12(c) is DENIED as to Affirmative Defenses 6, 20, and 21.

2. Leprino is GRANTED leave to amend the affirmative defenses that have been dismissed without prejudice in this order. If Leprino chooses to do so, it must file its amended affirmative defenses within fourteen days of the service of this order.

IT IS SO ORDERED.

Dated: May 1, 2021

                                              SENIOR DISTRICT JUDGE