1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ISAIAS VASQUEZ and LINDA HEFKE          Case No.  1:17-cv-00796-AWI-BAM
     on behalf of all other similarly situated
12   individuals,                            **ORDER DENYING PLAINTIFFS'**
                                             **MOTION TO COMPEL DISCOVERY**
13                    Plaintiffs,
                                             (Doc. 223)
14        v.
                                             **ORDER GRANTING LIMITED**
15   LEPRINO FOODS COMPANY, a                **CONTINUANCE OF NON-EXPERT**
     Colorado Corporation; LEPRINO FOODS     **DISCOVERY DEADLINE**
16   DAIRY PRODUCTS COMPANY, a
     Colorado Corporation; and DOES 1-50,
17   inclusive,

18                    Defendants.

19

20        On May 25, 2021, Plaintiffs Isaias Vasquez and Linda Hefke ("Plaintiffs") filed the

21   instant motion to compel Defendants Leprino Foods Company and Leprino Foods Dairy Products

22   Company ("Defendants") to provide further responses to certain requests for production of

23   documents and to compel deposition testimony from Defendant Leprino Foods Company via

24   Federal Rule of Civil Procedure 30(b)(6).  (Doc. 223.)  The parties submitted a Joint Statement

25   Re Discovery Disagreement on June 17, 2021, and Defendants filed a supporting declaration on

26   June 18, 2021.  (Docs. 225, 226.)  The matter was heard via video conference on June 25, 2021,

27   before United States Magistrate Judge Barbara A. McAuliffe.  Counsel Ryan Crist and Kitty

28   Szeto appeared by Zoom video on behalf of Plaintiffs Isaias Vasquez and Linda Hefke.  Counsel

                                            1

Lisa Pooley appeared by Zoom video on behalf of Defendants Leprino Foods Company and Leprino Foods Dairy Products Company.

Having considered the joint statement, arguments and record in this action, Plaintiffs' motion to compel will be DENIED. Plaintiffs' request for a continuance of the non-expert discovery deadline will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND[1]

Plaintiffs move to compel further responses to the following discovery requests: (1) Plaintiffs' Request for Production of Documents to Defendant, Leprino Foods Company, Set One ("RFP Set One"), Nos. 1 (Class Contact Information), 2 (Class Payroll Information), 3 (Class Time Records and/or Original Punch Records), 24 and 27; and (2) Plaintiff Isaias Vazquez's [sic] Requests for Production of Documents (Set Four) to Defendant Leprino Foods Company ("RFP Set Four"), Nos. 106 (Class Members' Production Requirements, Goals, or Quotas), 107 (Class Members' Productivity Evaluations), 108-113 (Formal and Informal Training Regarding Productivity, Production Requirements, Goals, Quotas, and Pounds Per Labor Hour), and 114 (Policies and Procedures Relating to the Pounds Per Labor Hour Metric).

Plaintiffs also move for a court order compelling deposition testimony from Defendant Leprino Foods Company via Rule 30(b)(6) regarding production goals and quotas that Leprino imposes, including the pounds per labor hour metric and how it applies to the class members. (Doc. 223.)

As a final matter, Plaintiffs submit their second request for an extension of the post-certification merits discovery deadline, which expires on July 14, 2021. Additionally, at the hearing, Plaintiffs requested an extension of time to address recent information received from Defendants concerning the list of class members.

## DISCUSSION

### A. RFP Set One

Plaintiffs first move to compel Defendant Leprino Foods Company to supplement its

---

[1] The parties are familiar with the extensive procedural background of this action and the Court will not recount it here except as pertinent to the instant motion to compel.

responses to RFP Set One pursuant to Federal Rule of Civil Procedure 26(e).[2] Specifically,

Plaintiffs seek to compel post-certification supplemental discovery responses to the following

requests for production:

> **No. 1**:  Any computerized and machine-readable databases, reports and other DOCUMENTS that identify the names, most recent available addresses, telephone numbers and email addresses of PRODUCTION EMPLOYEES (whether part-time or full-time, permanent or temporary) during the RELEVANT TIME PERIOD. This request includes, but is not limited to, a request for a key for interpreting ANY codes used to interpret the data, as well as ANY DOCUMENTS describing, explaining or pertaining to the methods and techniques used in compiling, editing, modifying or updating these computer databases.

> **No. 2**:  All computerized and machine-readable databases, reports and other DOCUMENTS containing payroll information regarding ANY PRODUCTION EMPLOYEE (whether part-time or full time, permanent or temporary) during the RELEVANT TIME PERIOD. This request includes, but is not limited to, databases, reports and other DOCUMENTS identifying the employees' job titles, part-time or full-time status, permanent or temporary status, casual and permanent hire dates, initial job assignment and subsequent jobs held, workplace location, work schedules, initial pay rates, any subsequent pay rates or adjustments (including the dates of such subsequent rates or adjustments), amount and dates of any OVERTIME wages paid, total compensation and other information fields compiled for DEFENDANT's payroll functions. This request includes a key for interpreting ANY codes used to interpret the data, as well as ANY DOCUMENTS describing, explaining or pertaining to the methods and techniques used in compiling, editing, modifying or updating these computer databases.

> **No. 3**:  All computerized and machine-readable databases, reports and other DOCUMENTS containing time records and/or original punch records and/or punch detail reports, for all PRODUCTION EMPLOYEES, including records of clock-in and clock-out times, overtime worked and meal and rest breaks taken by all PRODUCTION EMPLOYEES during the RELEVANT TIME PERIOD.

> **No. 24**:[3]      Discipline records, Documented Warnings, and/or memorandums concerning verbal warnings, and performance evaluations PRODUCTION EMPLOYEES employed by DEFENDANT at any time during the RELEVANT TIME PERIOD relating to insubordination and/or failure to communicate with superiors.

> **No. 27**:  All DOCUMENTS RELATING TO disciplinary reports, verbal warnings, documented warnings, punishment, points issued, conversations, counseling, sanctions, or other memoranda issued to or with regard to

---

[2] Rule 26(e) requires that a party who has responded to a request for production must supplement or correct its response "in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1)(a), (b).

[3] Plaintiffs repeated request numbers.  This request is the second one numbered 24.

PRODUCTION EMPLOYEES for failing to communicate on RADIO/WALKIE
TALKIE during meal breaks and/or rest breaks.

(Doc. 225-1, Declaration of Ryan Crist ("Crist Decl.") at ¶ 1 and Ex. A.)

Plaintiffs originally propounded these requests for production on April 18, 2018, during
the class certification discovery phase. (*Id.*) Defendant produced responsive documents to RFP
Nos. 1, 2 and 3 in January 2019, and, following meet and confer discussions regarding RFP Nos.
24 and 27, Defendant advised Plaintiffs that after a diligent search, Defendant had not found any
non-privileged, responsive documents in its possession, custody, or control. (Doc. 226,
Declaration of Lisa M. Pooley ("Pooley Decl.") at ¶¶ 3-7).

Plaintiffs now contend that Defendant is obligated, post-certification, to supplement its
responses to these demands for production under Rule 26(e). The Court disagrees.

First, the Court finds it unnecessary for Defendant to supplement its responses to requests
for production Nos. 1, 2 and 3 under Rule 26(e) because Plaintiffs recently propounded nearly
identical requests for production. Indeed, on May 26, 2021, Plaintiff Isaias Vasquez served
Requests for Production of Documents (Set Five) to Defendant Leprino Foods Company ("RFP
Set Five"). (Doc. 226, Pooley Decl. at ¶ 22 and Ex. H.) RFP Set Five includes the following
requests:

> **No. 115**: Any computerized and machine-readable databases, reports and other
> DOCUMENTS that identify the names, most recent available addresses,
> telephone numbers and email addresses of each CLASS MEMBER during the
> CLASS PERIOD. This request includes, but is not limited to, a request for a key
> for interpreting ANY codes used to interpret the data, as well as ANY
> DOCUMENTS describing, explaining or pertaining to the methods and
> techniques used in compiling, editing, modifying or updating these computer
> databases.
>
> **No. 116**: Any computerized and machine-readable databases, reports and other
> DOCUMENTS containing payroll information regarding each CLASS MEMBER
> during the CLASS PERIOD. This request includes, but is not limited to,
> databases, reports and other DOCUMENTS identifying the employees' job titles,
> part-time or full-time status, permanent or temporary status, casual and permanent
> hire dates, initial job assignment and subsequent jobs held, workplace location,
> work schedules, initial pay rates, any subsequent pay rates or adjustments
> (including the dates of such subsequent pay rates or adjustments), amount and dates of
> any wages OVERTIME wages paid, total compensation and other information
> fields compiled for DEFENDANT's payroll functions. This request includes a
> key for interpreting ANY codes used to interpret the data, as well as ANY
> DOCUMENTS describing, explaining or pertaining to the methods and

4

techniques used in compiling, editing, modifying or updating these computer databases.

**No. 117**: Any computerized and machine-readable databases, reports and other DOCUMENTS containing time records and/or original punch records and/or punch detail reports, for each CLASS MEMBER, including records of clock-in and clock-out times, overtime worked and meal and rest breaks taken by all CLASS MEMBERS during the CLASS PERIOD.

(*Id.*)  Plaintiff's virtually indistinguishable new requests for production of class contact information, class payroll information and class time records and/or original punch records render Plaintiffs' motion to compel supplemental responses to RFP Set One, Nos. 1, 2 and 3, moot.  Defendant's responses are due within thirty (30) days from the date of service, on June 25, 2021.  (*Id.*)

Second, the Court also finds it unnecessary for Defendant to supplement its responses to requests for production Nos. 24 and 27 under Rule 26(e).  According to the record before the Court, the parties met and conferred regarding RFP No. 24 and agreed that it sought "all documented discipline against putative class members for insubordination with managers or supervisors, except for those records only available through review of individual employee personnel files." (Doc. 226, Pooley Decl. at ¶ 6.)  Defendant advised Plaintiffs that after a diligent search, it had not found any non-privileged, responsive documents in its possession, custody, or control.  (*Id.*)  Defendant has averred that its answer is complete and correct.  (Doc. 225 at 26.)  In the absence of responsive documents, Defendant cannot be compelled to supplement its response to RFP No. 24 under Rule 26(e).

Similarly, the record before the Court demonstrates that the parties met and conferred regarding RFP No. 27 and "agreed that it sought all documented discipline against putative class members for a failure to communicate on radio/walkie talkie during meal or rest periods, except for those records only available through review of individual employee personnel files." (Doc. 226, Pooley Decl. at ¶ 7.)  Defendant advised Plaintiffs that after a diligent search, Defendant had not found any non-privileged, responsive documents in its possession, custody, or control.  (*Id.*)  Defendant has averred that its response is complete and correct.  (Doc. 225 at 30.)  In the absence of responsive documents, Defendant cannot be compelled to supplement its response to RFP No.

1   24 under Rule 26(e).

2          For these reasons, Plaintiffs' motion to compel Defendant's supplemental responses to

3   RFP Set One, Nos. 1, 2, 3, 24 and 27 is DENIED.

4          **B.  RFP Set Four**

5          Plaintiffs served Defendant Leprino Foods Company with RFP Set Four on August 21,

6   2020.  (Doc. 225-1, Crist Decl.at Ex. C.)  Defendant Leprino responded to these requests on

7   September 24, 2020.  (Doc. 226, Pooley Decl. at Ex. B.)  On October 13, 2020, Plaintiffs sent a

8   letter to Defendant about its responses and, on October 22, 2020, Defendant replied to Plaintiffs'

9   letter.  (*Id.* at Exs. C and D.)  Plaintiffs did not respond to Defendant's reply, (Doc. 226, Pooley

10  Dec. at ¶ 11), and only raised a request for additional documents in response to RFP Set Four on

11  May 14, 2021, after the Court ordered the parties to meet and confer about the scope of remaining

12  discovery.  (Doc. 225 at 5.)

13         Plaintiffs now move to compel Defendant to provide further responses to RFP Set Four,

14  Nos. 106, 107, 108-113, and 114.  Defendant opposes the motion on several grounds.  First,

15  Defendant contends that the motion to compel should be denied because Plaintiffs had ample time

16  to obtain the requested documents, but they failed to meet and confer for seven months after

17  Defendant's October 2020 letter.  Second, Defendant asserts that the motion to compel should be

18  denied because Plaintiffs failed to meet and confer in good faith with Defendant regarding their

19  responses and objections.  Third, and finally, Defendant argues that the motion to compel should

20  be denied because it properly responded to RFP Set Four.

21         Rule 37(a)(1) permits a party to move for an order compelling discovery, upon

22  certification that the movant has in good faith conferred or attempted to confer with the opposing

23  party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1).

24  The Court is concerned that Plaintiffs have not adequately met and conferred regarding these

25  requests prior to filing the motion to compel.  Given the extensive discovery disputes in this

26  action, and in the interests of judicial and party economy, the Court nonetheless will consider the

27  merits of Plaintiffs' motion to compel.  *See Rogers v. Giurbino*, 288 F.R.D. 469, 477-478 (S.D.

28  Cal. 2012) (finding that a court can deny a motion to compel solely because of a party's failure to

meet and confer prior to filing the motion, but that a court still has discretion to address the merits of the motion despite the failure).  The Court now turns to the specific requests at issue.

**RFP No. 106:**

> No. 106:    All DOCUMENTS that EVIDENCE, REFER, OR RELATE TO production requirements, goals, or quotas in effect during the CLASS PERIOD that applied directly or indirectly to CLASS MEMBERS.
>
> Response:  Defendant objects to this request on the grounds that it is vague and ambiguous as to the meaning of "production requirements, goals, or quotas."
>
> Defendant objects to this request on the grounds that it is vague, ambiguous, and unintelligible as to the meaning of "applied directly or indirectly to CLASS MEMBERS."
>
> Defendant objects to this request on the grounds that it is overly broad, vague and ambiguous as to the meaning of "EVIDENCE, REFER, OR RELATE TO."
>
> Defendant objects to this request on the grounds that it is overly broad and unduly burdensome as it calls for "all DOCUMENTS" that evidence, refer, or relate to "production requirements, goals, or quotas." Such a request is not proportional to the needs of the case and the burden or expense of the proposed discovery outweighs any likely benefit.
>
> Defendant objects to this request on the grounds that Plaintiff has not described with reasonable particularity each item or category of items to be inspected, as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.
>
> Defendant objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine.
>
> Defendant objects to this request to the extent it seeks documents containing proprietary or confidential business information or trade secrets.

(Doc. 226, Pooley Decl. at Ex. B.)

**Parties' Positions**

The parties primarily dispute whether the instant request is overly broad or imprecise.  In particular, Plaintiffs contend that Defendant cannot contest that the terms "production requirements, goals, or quotas" are not reasonably particularized given that defense counsel "sat through dozens of depositions where the class members' goals and production quotas were discussed *ad nauseum*."  (Doc. 225 at 32.)  In contrast, Defendant asserts that these terms are vague and ambiguous "**given that Leprino's entire business is the production of food products, this request potentially could encompass every document prepared at the plant.**" (*Id.* at 36) (emphasis in original).

7

**Analysis**

On its face, Defendant's response asserts numerous boilerplate objections. Although the Court generally overrules such objections, the Court finds that the request is overly broad and unduly burdensome because Defendant's entire business is the production of food products. As a result, Plaintiffs' request arguably encompasses information that is not proportional to the needs of the case. Fed. R. Civ. P. 26(b). Plaintiffs have not attempted to clarify this request and the Court therefore will deny the motion to compel a further response to RFP No. 106 in the absence of a narrowed request.

**RFP No. 107:**

> No. 107: All DOCUMENTS that EVIDENCE, REFER, OR RELATE TO the evaluation of the CLASS MEMBERS' production productivity.
>
> Response: Defendant objects to this request on the grounds that it is vague and ambiguous as to the meaning of "evaluation" and "production productivity."
>
> Defendant objects to this request on the grounds that it is overly broad, vague and ambiguous as to the meaning of "EVIDENCE, REFER, OR RELATE TO."
>
> Defendant objects to this request on the grounds that Plaintiff has not described with reasonable particularity each item or category of items to be inspected, as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.
>
> Defendant objects to this request on the grounds that it is overly broad and seeks documents that are not relevant to any party's claim or defense, including to the extent it seeks documents from outside of the time period relevant to this case.
>
> Defendant objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine.
>
> Defendant objects to this request to the extent it seeks documents containing proprietary or confidential business information or trade secrets.
>
> Subject to and without waiving the foregoing objections, Defendant construes this request as seeking documents that show an evaluation of class members' production productivity. Defendant has no responsive documents in its possession, custody, or control.

(Doc. 225 at 36-37.)

**Parties' Positions**

Plaintiffs indicate that this request seeks all documents that evidence, refer, or relate to how Defendant evaluates class members' productivity. Plaintiffs contend that Defendant's effort to reconstrue the request "fails to encompass documents that show *how* the class members'

8

productivity is evaluated, such as its policies and procedures or even the evaluation forms themselves." (Doc. 225 at 37.) In addition to challenging Defendant's objections, Plaintiffs assert that Defendant did not conduct a diligent search for documents because Defendant requested an extension of time to respond two days before its responses were due, but then withdrew its request 24 hours later. (*Id.* at 38.)

Defendant contends that it gave the request a reasonable construction and truthfully responded that it did not have any responsive documents in its possession, custody and control. (*Id.* at 41.) Based on Plaintiffs' suggestion in the Joint Statement that the request should "encompass documents that show how the class members' productivity is evaluated, such as its policies and procedures or even the evaluation forms themselves," Defendant responds that it does not have a review process for hourly employees and it does not use forms that in any way evaluate an employee's production productivity. Defendant further responds that because it does not evaluate its hourly employees' productivity, "there are no policies and procedures that speak to 'how the class members' productivity is evaluated.'" (*Id.* at 42.) Defendant concludes that there are no documents responsive to this request for which Plaintiffs' can compel production. Defendant also discounts Plaintiffs' assertion that it did not conduct a reasonable search for documents simply because it requested an extension of time to respond. The requested extension of time was unrelated to RFP No. 107. (*Id.*)

**Analysis**

Defendant has explained that it does not have documents responsive to the request as clarified by Plaintiffs in the Joint Statement. Thus, there is nothing for the Court to compel.

**RFP No. 108:**

No. 108: All DOCUMENTS that EVIDENCE, REFER, OR RELATE TO formal training DEFENDANT provided to the CLASS MEMBERS on the Pounds Per Labor Hour (PPLH).

Response: Defendant objects to this request on the grounds that it is vague and ambiguous as to the meaning of "formal training" and "the Pounds Per Labor Hour."

Defendant objects to this request on the grounds that it is overly broad, vague and ambiguous as to the meaning of "EVIDENCE, REFER, OR RELATE TO."

Defendant objects to this request on the grounds that Plaintiff has not described with reasonable particularity each item or category of items to be inspected, as required by Rule 34(b)(l)(A) of the Federal Rules of Civil Procedure.

Defendant objects to this request on the grounds that it is overly broad and seeks documents that are not relevant to any party's claim or defense, including to the extent it seeks documents from outside of the time period relevant to this case.

Defendant objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine.

Defendant objects to this request to the extent it seeks documents containing proprietary or confidential business information or trade secrets.

Subject to and without waiving the foregoing objections, Defendant construes this request as seeking training documents addressing PPLH, which were used in formal training provided to class members. Defendant has no responsive documents in its possession, custody, or control.

(Doc. 225 at 43.)

**Parties' Positions**

Plaintiffs indicate that this request seeks all documents that evidence, refer, or relate to "Leprino provides formal training on the Pounds Per Labor Hour metric." (Doc. 225 at 44.) Plaintiffs argue that Defendant's effort to reconstrue the request is not responsive and that the request seeks all documents that "'**evidence, refer,** or **relate to**' training of the PPLH metric, which would necessarily include policies and procedures for how training is performed—not just the 'training documents' themselves as Leprino construed the request." (*Id.*) (emphasis in original). Plaintiffs also reassert that Defendant did not conduct a diligent search for documents because Defendant requested an extension of time to respond. (*Id.* at 45.)

Defendant contends that it gave the request a reasonable construction and truthfully responded that it did not have any responsive documents in its possession, custody and control. (*Id.* at 46.) Based on Plaintiffs' suggestion in the Joint Statement that the request should "include policies and procedures for how training is performed – not just the training documents themselves," Defendant asserts that it does not formally train its hourly employees on PPLH, which is why it does not have training documents addressing PPLH and why it follows that it also does not have any policies and procedures for how formal training on PPLH is performed. (*Id.* at 47.) Defendant therefore concludes that there are no documents responsive to this request

10

for which Plaintiffs can compel production.

**Analysis**

Defendant has explained that it does not have documents responsive to the request as clarified by Plaintiffs in the Joint Statement.  Thus, there is nothing for the Court to compel.

**RFP No. 109:**

> No. 109:  All DOCUMENTS that EVIDENCE, REFER, OR RELATE TO formal training DEFENDANT provided to the CLASS MEMBERS on production requirements, goals, or quotas in effect during the CLASS PERIOD that applied directly or indirectly to CLASS MEMBERS.
>
> Response: Defendant objects to this request on the grounds that it is vague and ambiguous as to the meaning of "formal training," "production requirements, goals, or quotas."
>
> Defendant objects to this request on the grounds that it is vague, ambiguous, and unintelligible as to the meaning of "applied directly or indirectly to CLASS MEMBERS."
>
> Defendant objects to this request on the grounds that it is overly broad, vague and ambiguous as to the meaning of "EVIDENCE, REFER, OR RELATE TO."
> Defendant objects to this request on the grounds that Plaintiff has not described with reasonable particularity each item or category of items to be inspected, as required by Rule 34(b)(l)(A) of the Federal Rules of Civil Procedure.
>
> Defendant objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine.
>
> Defendant objects to this request to the extent it seeks documents containing proprietary or confidential business information or trade secrets.
>
> Subject to and without waiving the foregoing objections, Defendant construes this request as seeking training documents addressing production requirements, goals, or quotas in effect during the class period that applied to the class members, which were used in formal training Defendant provided to class members. Defendant has no responsive documents in its possession, custody, or control.

(Doc. 225 at 47-48.)

**Parties' Positions**

Plaintiffs indicate that this request seeks all documents that evidence, refer, or relate to "Leprino provides formal training on its production requirements, goals, or quotas similar to those discussed in Request No. 106."  (*Id.* at 48.)  Plaintiffs argue that Defendant's effort to reconstrue the request is not responsive and that the request seeks all documents that "'**evidence, refer**, or **relate to**' training which would necessarily include policies and procedures for how

11

training is performed—not just the 'training documents' themselves as Leprino construed the request." (*Id.*) (emphasis in original). Plaintiffs also reassert that Defendant did not conduct a diligent search. (*Id.*)

Defendant contends that it gave the request a reasonable construction and truthfully responded that it did not have any responsive documents in its possession, custody and control. (*Id.* at 49.) Based on Plaintiffs' suggestion in the Joint Statement that the request should "include policies and procedures for how training is performed – not just the 'training documents' themselves," Defendant asserts that it does not formally train its hourly employees on production requirements, goals, or quotas, which is why it does not have training documents addressing production requirements, goals, or quotas and why it follows that it also does not have any policies and procedures for how formal training on production requirements, goals, or quotas is performed. (*Id.* at 49-50.) Defendant therefore concludes that there are no documents responsive to this request for which Plaintiffs can compel production.

### **Analysis**

Defendant has explained that it does not have documents responsive to the request as clarified by Plaintiffs in the Joint Statement. Thus, there is nothing for the Court to compel.

### **RFP No. 110:**

No. 110: All DOCUMENTS that EVIDENCE, REFER, OR RELATE TO formal training DEFENDANT provided to the CLASS MEMBERS on their production productivity.

Response: Defendant objects to this request on the grounds that it is vague and ambiguous as to the meaning of "formal training," and "production productivity."

Defendant objects to this request on the grounds that it is overly broad, vague and ambiguous as to the meaning of "EVIDENCE, REFER, OR RELATE TO."

Defendant objects to this request on the grounds that Plaintiff has not described with reasonable particularity each item or category of items to be inspected, as required by Rule 34(b)(l)(A) of the Federal Rules of Civil Procedure.

Defendant objects to this request on the grounds that it is overly broad and seeks documents that are not relevant to any patty's claim or defense, including to the extent it seeks documents from outside of the time period relevant to this case.

Defendant objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege' and/or work-product doctrine.

Defendant objects to this request to the extent it seeks documents containing proprietary or confidential business information or trade secrets.

Subject to and without waiving the foregoing objections, Defendant construes this request as seeking training documents addressing class members' production productivity, which were used in formal training Defendant provided to class members. Defendant has no responsive documents in its possession, custody, or control.

(Doc. 225 at 50.)

**Parties' Positions**

Plaintiffs indicate that this request seeks all documents that evidence, refer, or relate to "Leprino provides formal training on its production productivity similar to those discussed in Request No.107." (*Id.*) Plaintiffs argue that Defendant's effort to reconstrue the request is not responsive and that the request seeks all documents that "'**evidence, refer**, or **relate to**' training which would necessarily include policies and procedures for how training is performed—not just the 'training documents' themselves as Leprino construed the request." (*Id.*) (emphasis in original). Plaintiffs also reassert that Defendant did not conduct a diligent search. (*Id.*)

Defendant contends that it gave the request a reasonable construction and correctly responded that it did not have any responsive documents in its possession, custody and control. (*Id.* at 51.) Based on Plaintiffs' suggestion in the Joint Statement that the request should "include policies and procedures for how training is performed – not just the 'training documents' themselves," Defendant asserts that it does not formally train its hourly employees on production productivity, which is why it does not have training documents addressing class members' production productivity and why it follows that it also does not have any policies and procedures for how formal training on production productivity is performed. (*Id.* at 52.) Defendant therefore concludes that there are no documents responsive to this request for which Plaintiffs can compel production.

**Analysis**

Defendant has explained that it does not have documents responsive to the request as clarified by Plaintiffs in the Joint Statement. Thus, there is nothing for the Court to compel.

///

**RFP No. 111:**

> No. 111: All DOCUMENTS that EVIDENCE, REFER, OR RELATE TO informal training DEFENDANT provided to the CLASS MEMBERS on the Pounds Per Labor Hour (PPLH).
>
> Response: Defendant objects to this request on the grounds that it is vague and ambiguous as to the meaning of "informal training" and "the Pounds Per Labor Hour."
>
> Defendant objects to this request on the grounds that it is overly broad, vague and ambiguous as to the meaning of "EVIDENCE, REFER, OR RELATE TO."
>
> Defendant objects to this request on the grounds that Plaintiff has not described with reasonable particularity each item or category of items to be inspected, as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.
>
> Defendant objects to this request on the grounds that it is overly broad and seeks documents that are not relevant to any party's claim or defense, including to the extent it seeks 28 documents from outside of the time period relevant to this case.
>
> Defendant objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine.
>
> Defendant objects to this request to the extent it seeks documents containing proprietary or confidential business information or trade secrets.
>
> Subject to and without waiving the foregoing objections, Defendant construes this request as seeking training documents addressing PPLH, which were used in informal training Defendant provided to class members. Defendant has no responsive documents in its possession, custody, or control.

(Doc. 225 at 52-53.)

**Parties' Positions**

Plaintiffs indicate that this request seeks all documents that evidence, refer, or relate to "Leprino's informal training on the Pounds Per Labor Hour metric similar to those discussed in Request No. 108." (*Id.* at 53.) Plaintiffs argue that Defendant's effort to reconstrue the request is not responsive and that the request seeks all documents that "'**evidence, refer**, or **relate to**' training which would necessarily include policies and procedures for how training is performed—not just the 'training documents' themselves as Leprino construed the request." (*Id.*) (emphasis in original). Plaintiffs also reassert that Defendant did not conduct a diligent search. (*Id.*)

Defendant contends that it gave the request a reasonable construction and accurately responded that it did not have any responsive documents in its possession, custody and control.

14

(*Id.* at 54.)  Based on Plaintiffs' suggestion in the Joint Statement that the request should "include policies and procedures for how training is performed – not just the 'training documents' themselves," Defendant asserts that it does not formally train its hourly employees on PPLH, which is why it does not have training documents addressing PPLH and why it follows that it also does not have any policies and procedures for how informal training on PPLH is performed.  (*Id.* at 52.)  Defendant therefore concludes that there are no documents responsive to this request for which Plaintiffs can compel production.

### Analysis

Defendant has explained that it does not have documents responsive to the request as clarified by Plaintiffs in the Joint Statement.  Thus, there is nothing for the Court to compel.

### RFP No. 112:

No. 112:   All DOCUMENTS that EVIDENCE, REFER, OR RELATE TO informal training DEFENDANT provided to the CLASS MEMBERS on production requirements, goals, or quotas in effect during the CLASS PERIOD that applied directly or indirectly to CLASS MEMBERS.

Response:  Defendant objects to this request on the grounds that it is vague and ambiguous as to the meaning of "informal training," "production requirements, goals, or quotas."

Defendant objects to this request on the grounds that it is vague, ambiguous, and unintelligible as to the meaning of "applied directly or indirectly to CLASS MEMBERS."

Defendant objects to this request on the grounds that Plaintiff has not described with reasonable particularity each item or category of items to be inspected, as required by Rule 34(b)(l)(A) of the Federal Rules of Civil Procedure.

Defendant objects to this request on the grounds that it is overly broad, vague and ambiguous as to the meaning of "EVIDENCE, REFER, OR RELATE TO."

Defendant objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine.

Defendant objects to this request to the extent it seeks documents containing proprietary or confidential business information or trade secrets.

Subject to and without waiving the foregoing objections, Defendant construes this request as seeking training documents addressing production requirements, goals, or quotas in effect during the class period that applied to the class members, which were used in informal training Defendant provided to class members. Defendant has no responsive documents in its possession, custody, or control.

(Doc. 225 at 54-55.)

**Parties' Positions**

Plaintiffs indicate that this request seeks all documents that evidence, refer, or relate to "Leprino's informal training on the production requirements, goals, and quotas similar to those discussed in Request No. 109." (*Id.* at 55.)  Plaintiffs argue that Defendant's effort to reconstrue the request is not responsive and that the request seeks all documents that "'**evidence, refer**, or **relate to**' training which would necessarily include policies and procedures for how training is performed—not just the 'training documents' themselves as Leprino construed the request." (*Id.* at 55-56.) (emphasis in original).  Plaintiffs also reassert that Defendant did not conduct a diligent search.  (*Id.* at 56.)

Defendant contends that it gave the request a reasonable construction and accurately responded that it did not have any responsive documents in its possession, custody and control. (*Id.* at 56.)  Based on Plaintiffs' suggestion in the Joint Statement that the request should "include policies and procedures for how training is performed – not just the 'training documents' themselves," Defendant asserts that it does not informally train its hourly employees on production requirements, goals, or quotas, which is why it does not have training documents addressing production requirements, goals, or quotas in effect during the class period that applied to the class members and why it follows that it also does not have any policies and procedures for how informal training on production requirements, goals, or quotas is performed.  (*Id.* at 57.) Defendant therefore concludes that there are no documents responsive to this request for which Plaintiffs can compel production.

**Analysis**

Defendant has explained that it does not have documents responsive to the request as clarified by Plaintiffs in the Joint Statement.  Thus, there is nothing for the Court to compel.

**RFP No. 113**:

> No. 113:   All DOCUMENTS that EVIDENCE, REFER, OR RELATE TO informal training DEFENDANT provided to the CLASS MEMBERS on their production productivity.

> Response:  Defendant objects to this request on the grounds that it is vague and ambiguous as to the meaning of "informal training," and "production productivity."

Defendant objects to this request on the grounds that it is overly broad, vague and ambiguous as to the meaning of "EVIDENCE, REFER, OR RELATE TO."

Defendant objects to this request on the grounds that Plaintiff has not described with reasonable particularity each item or category of items to be inspected, as required by Rule 34(b)(l)(A) of the Federal Rules of Civil Procedure.

Defendant objects to this request on the grounds that it is overly broad and seeks documents that are not relevant to any party's claim or defense, including to the extent it seeks documents from outside of the time period relevant to this case.

Defendant objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine.

Defendant objects to this request to the extent it seeks documents containing proprietary or confidential business information or trade secrets.

Subject to and without waiving the foregoing objections, Defendant construes this request as seeking training documents addressing class members' production productivity, which were used in informal training Defendant provided to class members. Defendant has no responsive documents in its possession, custody, or control.

(Doc. 225 at 57-58.)

**Parties' Positions**

Plaintiffs indicate that this request seeks all documents that evidence, refer, or relate to "Leprino's informal training on the class members' production productivity similar to those discussed in Request No. 110." (*Id.* at 58.) Plaintiffs argue that Defendant's effort to reconstrue the request is not responsive and that the request seeks all documents that "'**evidence, refer**, or **relate to**' training which would necessarily include policies and procedures for how training is performed—not just the 'training documents' themselves as Leprino construed the request." (*Id.*) (emphasis in original). Plaintiffs also reassert that Defendant did not conduct a diligent search. (*Id.*)

Defendant contends that it gave the request a reasonable construction and correctly responded that it did not have any responsive documents in its possession, custody and control. (*Id.* at 59.) Based on Plaintiffs' suggestion in the Joint Statement that the request should "include policies and procedures for how training is performed – not just the 'training documents' themselves," Defendant asserts that it does not informally train its hourly employees on production productivity, which is why it does not have training documents addressing

production productivity and why it follows that it also does not have any policies and procedures for how informal training on production productivity is performed. (*Id.* at 59-60.) Defendant therefore concludes that there are no documents responsive to this request for which Plaintiffs can compel production.

**Analysis**

Defendant has explained that it does not have documents responsive to the request as clarified by Plaintiffs in the Joint Statement. Thus, there is nothing for the Court to compel.

**RFP No. 114:**

> No. 114: All DOCUMENTS that EVIDENCE, REFER, OR RELATE TO policies and procedures RELATING TO Pounds Per Labor Hour ("PPLH") at DEFENDANT'S Lemoore West facilities during the CLASS PERIOD.

> Response: Defendant objects to this request on the grounds that it is vague and ambiguous as to the meaning of "procedures," "RELATING TO" and "Pounds Per Labor Hour." Plaintiff has capitalized "RELATING TO" as if he intends a specialized meaning, but has not provided it.

> Defendant objects to this request on the grounds that it is overly broad, vague and ambiguous as to the meaning of "EVIDENCE, REFER, OR RELATE TO."

> Defendant objects to this request on the grounds that Plaintiff has not described with reasonable particularity each item or category of items to be inspected, as required by Rule 34(b)(l)(A) of the Federal Rules of Civil Procedure.

> Defendant objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine.

> Defendant objects to this request to the extent it seeks documents containing proprietary or confidential business information or trade secrets.

> Subject to and without waiving the foregoing objections, Defendant construes this request as seeking policies and procedures addressing PPLH. Defendant has no responsive documents in its possession, custody, or control.

(Doc. 225 at 60.)

**Parties' Positions**

Plaintiffs indicate that this request seeks documents "evidencing, referring, or relating to the policies and procedures relating to Leprino's Pounds Per Labor Hour metric." (*Id.*) Plaintiffs argue that Defendant's effort to reconstrue the request is non-responsive. Plaintiffs also reassert that Defendant did not conduct a diligent search. (*Id.*)

Defendant contends that it gave the request a reasonable construction as seeking policies

18

and procedure addressing PPLH. Defendant further contends that it accurately responded that it did not have any responsive documents in its possession, custody and control. (*Id.* at 61.) Defendant complains that Plaintiffs have not identified particularly what documents they seek by this request, other than policies and procedures. Defendant states that it does not have any policies and procedures concerning PPLH and it follows that it also does not have any documents that *relate to* non-existent policies. (*Id.* at 62.) Defendant therefore concludes that there are no documents responsive to this for which Plaintiffs can compel production.

**Analysis**

Defendant has explained that it does not have documents responsive to the request. Thus, there is nothing for the Court to compel.

For the reasons stated, Plaintiffs' motion to compel further responses to RFP Set Four is DENIED.

**C. Deposition of Defendant's 30(b)(6) Witness**

Plaintiffs took an initial 30(b)(6) deposition of Defendant Leprino Foods Company on April 16, 2019. (Doc. 226, Pooley Decl. at ¶ 11.) On May 26, 2021, Plaintiffs served a second Notice of Deposition of Leprino Foods Company pursuant to Federal Rule of Civil 30(b)(6). (*Id.* at ¶ 13; Ex. F.) The notice seeks deposition testimony of a representative of Defendant authorized to speak on its behalf regarding:

> Leprino's production requirements, goals, and quotas, including the pounds per labor hour metric and how those production requirements, goals, and quotas relate or apply to the CLASS MEMBERS. (The term "CLASS MEMEBERS" is defined as all non-exempt hourly workers who are currently employed, or formerly have been employed, as non-exempt hourly employees at Defendant's Lemoore West facilities in Lemoore, California, at any time within four years prior to the filing of the original complaint until March 31, 2020).

(*Id.* at Ex. F.)

On June 2, 2021, Defendant served objections to the deposition notice. (Doc. 226, Pooley Decl. at ¶ 14; Ex. G.) Defendant objected to the notice on multiple grounds, including that Plaintiffs may not take this second 30(b)(6) deposition without leave of court. (*Id.*)

Plaintiffs now move to compel the 30(b)(6) deposition of a representative of Defendant. Plaintiffs contend that Defendant's primary objection to the 30(b)(6) deposition notice is that

Plaintiffs are limited to one 30(b)(6) witness per side. Plaintiff argue that this objection is not meritorious because the topics identified do not overlap with the initial topics. (Doc. 225 at 64.)

Defendant counters that the motion to compel should be denied for multiple reasons, including Plaintiffs' failure to meet and confer following Defendant's objections, Plaintiffs' failure to seek leave of court to take a second 30(b)(6) deposition of Defendant, and because Plaintiffs' second notice is unreasonably duplicative of the first 30(b)(6) deposition. (Doc. 225 at 66-67.) The Court agrees that Plaintiffs failure to seek leave of court to conduct a second 30(b)(6) deposition of Defendant warrants denial of the motion to compel.

Under Rule 30(b)(6), a party may name as the deponent "a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The named organization must designate one or more individuals "to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.* Rule 30(a)(2)(A)(ii) requires that a party must obtain leave of court before taking a deposition if "the deponent has already been deposed in the case."

The Ninth Circuit has not yet ruled on the question of whether the one-deposition limitation of 30(a)(2)(A)(ii) applies to entities or whether such limit applies only to individual defendants. *See Baleja v. Northrop Grumman Space & Mission Sys. Corp. Salaried Pension Plan*, 2020 WL 6586310, at *3 (C.D. Cal. June 9, 2020); *Heath v. Google LLC*, 2018 WL 4491368, at *2 (N.D. Cal. Sept. 19, 2018); *see* Fed. R. Civ. P. 30(a)(2)(A) Advisory Committee Notes (1993) ("A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify."). Although courts have taken different views, district courts in California have proceeded under the view that the second deposition of an organization is subject to the one-deposition limitation and requires leave of court before it may go forward. *See*, *e.g.*, *Baleja*, 2020 WL 6586310, at *3 ("The practice in this district has been that the second deposition of a corporate defendant is subject to the one-deposition limitation and requires leave of court before it may go forward."); *Peck v. Cty. of Orange*, 2020 WL 3026377, at *1 (C.D. Cal. May 11, 2020) ("The law is settled that pursuant

to Fed. R. Civ. P. 30(a)(2)(A)(ii), a party may not notice a second 30(b)(6) deposition of an organization without first obtaining leave of court to do so."); *Stoba v. Saveology.com*, 2015 WL 13828736, at *2 (S.D. Cal. July 6, 2015) ("Where a witness has already been deposed in 30(b)(6) and individual capacities, a party must obtain leave of court to conduct a second deposition of the witness."). As Defendant contends, Plaintiffs' reliance on North Carolina district court case, *Quality Aero Technology, Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313 (E.D. NC 2002), is not controlling or persuasive.

Here, it is undisputed that Plaintiffs did not seek, and have not obtained, leave of court to conduct a second 30(b)(6) deposition of Defendant. Although Plaintiffs indicated their desire to conduct a 30(b)(6) deposition in May 2021, they did not seek leave of court to conduct such a deposition. On this basis alone, Plaintiffs' motion to compel should be denied.

Moreover, even if the instant motion to compel is construed as a request for leave of court to proceed with a second deposition of Defendant, the Court is not inclined to grant such a request. Pursuant to Rule 30(a)(2), the Court must grant a party leave to conduct a second deposition to the extent consistent with Rule 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2)(A)(ii). Rule 26(b)(2) requires the Court to limit the frequency or extent of discovery if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." On May 25, 2021, the Court held a status conference with the parties to address a request by Plaintiffs to extend the non-expert discovery deadline. (Doc. 222.) Plaintiffs sought the extension, in part, in order to conduct a 30(b)(6) deposition regarding Defendant's production goals and quotas. The Court denied the request for extension, expressly noting: "Plaintiffs have not adequately explained why the bulk of discovery at issue could not have been completed post-certification and prior to the opt-out deadline. Plaintiffs could have conducted depositions, including a 30(b)(6) deposition, and sought to compel supplemental discovery responses or answers following class certification, but they failed to do so." (Doc. 222.) Plaintiffs again have not explained why they waited more than two years after completion of the first 30(b)(6) deposition to pursue a second deposition, particularly where percipient witnesses specifically testified about production goals and quotas. Plaintiffs also have not explained why they waited

nearly ten months after the Court denied reconsideration of its order on class certification to seek a second 30(b)(6) deposition.  (Doc. 177.)

Accordingly, the motion to compel a second 30(b)(6) deposition is DENIED.

**D.  Request for Modification of Non-Expert Merits Discovery Deadline**

As a final matter, Plaintiffs again request an extension of the fact discovery cutoff. The Court previously denied such a request finding a lack of diligence.  (Doc. 222.)  To the extent Plaintiffs' request is based on issues raised in the instant motion to compel, the Court's denial of the motion undercuts the need to extend the fact discovery deadline and the request to extend the non-expert discovery deadline is DENIED.

Notwithstanding the foregoing, at the hearing, Plaintiffs requested a limited extension of the non-expert discovery to verify class members.  Plaintiffs reported that on June 22, 2021, they were notified by defense counsel that multiple individuals were erroneously included on the class list.  Plaintiffs therefore seek additional time to confirm the class list.

At the hearing, defense counsel clarified that the class list erroneously included individuals whose employment ended prior to May 8, 2013, and who are not members of the class.  Defense counsel represented to the Court that will provide Plaintiffs' counsel with a verified declaration from Defendant regarding the error and a supporting report with names and separation dates.  Based on this recently disclosed error in the class list, the Court finds good cause to extend the non-expert discovery deadline. Plaintiffs' request for a limited extension of the non-expert discovery deadline to verify the class list is GRANTED.  The non-expert discovery deadline is HEREBY EXTENDED to **July 28, 2021**, solely for the purpose of confirming the class list.  As directed at the hearing, the parties shall meet and confer in an effort to resolve this issue without the need for Court intervention.  However, in the event the parties are unable to resolve the issue independently, then they may request a status conference with the Court prior to expiration of the July 28, 2021 deadline.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.  Plaintiffs' Motion to Compel Discovery (Doc. 223) is DENIED; and

2. Plaintiffs' request for a continuance of the non-expert discovery deadline is GRANTED IN PART and DENIED IN PART. The non-expert discovery deadline is EXTENDED to **July 28, 2021**, solely for the purpose of confirming the class list.

IT IS SO ORDERED.

Dated: __**June 29, 2021**__                    ___/s/ *Barbara A. McAuliffe*___
                                                            UNITED STATES MAGISTRATE JUDGE