1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

7
8
9
10
11
12
13
14

| | |
|---|---|
| **ISAIAS VASQUEZ and LINDA HEFKE** on behalf of all other similarly situated individuals,<br><br>          **Plaintiffs,**<br><br>v.<br><br>**LEPRINO FOODS COMPANY, a Colorado Corporation,**<br><br>          **Defendant.** | **CASE NO. 1:17-cv-00796-AWI-BAM**<br><br>**ORDER ON PLAINTIFFS' TRIAL BRIEF REGARDING CURATIVE INSTRUCTION**<br><br>(Doc. No. 373) |

15
16
17
18
19
20
21
22

      Pending before the Court is Plaintiff class representatives Isaias Vasquez and Linda Hefke's ("Plaintiffs") March 16, 2023 Trial Brief, which requests that the Court instruct the jury to disregard Defendant Leprino Foods Company's representations that there is no evidence of class members being disciplined for not responding to their supervisors or radios during breaks.[1]  Doc. No. 373 at 10.  Plaintiffs' Trial Brief also requests that the Court preclude Leprino from making these arguments throughout the remainder of trial.  Id.; Doc. No. 396 at 2-3.  For the reasons that follow, the Court will deny Plaintiffs' Trial Brief.

23
24
25
26
27
28

---

[1] During its opening statement to the jury, Defendant stated the following:

> And particularly pay attention to what evidence you don't see. Like the fact that you will not see any evidence of Leprino supervisors or managers disciplining an employee who didn't respond during a work—during a break to a work related request. You won't see any discipline by a supervisor for an employee who didn't answer a supervisor['s] call during a break. Or any discipline for an employee who answered and said, "I'm on break, I'll get back to you later." One might expect that a company with a policy requiring all employees to remain on call during all meal and rest breaks would have some evidence of enforcing that policy through discipline. That one of these supervisors up here would have written somebody up for not staying on call. But you will not see that evidence.

See Doc. Nos. 373 at 7 & 395 at 5-6.

**Legal Standard**

Opening statements "should be limited to a statement of facts which the [party] intends or in good faith expects to prove."  Leonard v. United States, 277 F.2d 834, 841 (9th Cir. 1960); see also United States v. De Rosa, 548 F.2d 464, 470 (3d Cir. 1977) ("[T]he opening statement is to be limited to a general statement of facts which are intended or expected to be proved.").  A party may object to an alleged instance of attorney misconduct before the jury deliberates to allow the district court "to examine the alleged prejudice and to admonish . . . counsel or issue a curative instruction, if warranted."  Kaiser Steel Corp. v. Frank Coluccio Constr. Co., 785 F.2d 656, 658 (9th Cir. 1986); see also Merrill v. Cty. of Madera, 2007 U.S. Dist. LEXIS 90981, *25-26 (E.D. Cal. Dec. 10, 2007).  In general, an improper argument to the jury does not constitute reversible error unless it causes prejudice and is not remedied by the trial judge.  McClaran v. Plastic Indus., 97 F.3d 347, 359-60 (9th Cir.1996) (citing United States v. Lopez-Alvarez, 970 F.2d 583, 597-98 (9th Cir. 1992)); Merrill, 2007 U.S. Dist. LEXIS 90981, at *26.

**Discussion**

*Plaintiffs' Argument*

Plaintiffs argue that Defendant's opening statement to the jury regarding lack of class member disciplinary records for failing to respond to supervisors or radios during breaks was improper because the reason why such records are lacking is that Defendant refused to produce them in the first instance.  Doc. No. 373 at 2.  According to Plaintiffs, Defendant had a duty to maintain such disciplinary records in their employees' personnel files but failed to produce them during discovery or verify that they did not exist.  Plaintiffs assert that Defendant's conduct is improper gamesmanship that warrants a granting of their requested curative instruction.

*Defendant's Argument*

Defendant argues that Plaintiffs' request should be denied because Plaintiffs' Trial Brief misrepresents the procedural history in the case, ignores the Court's ruling on Plaintiffs' Motion in Limine No. 1, and violates the law-of-the-case doctrine.  Defendant further contends that it had a reasonable, good faith belief that admissible evidence would support its opening statement regarding lack of disciplinary records for failing to respond to supervisors or radios during breaks,

1    and that Defendant submitted sworn testimony over a year ago that no such record of documented

2    discipline exists.  Doc. No. 395 at 7.  Furthermore, Defendant argues that even if its opening

3    statement was somehow improper, Plaintiffs were not prejudiced because a party's opening

4    statement is not evidence.

5         _Discussion_

6         The Court previously reviewed Plaintiffs' motion in limine No. 1, which looked to

7    preclude Defendant from presenting at trial all class members' written disciplinary records during

8    the class period relating to failure to communicate with superiors or respond to radios during

9    breaks.  Doc. No. 347 at 29-30.  Plaintiffs argued in their motion that Defendant should be

10   precluded from offering this evidence at trial because Defendant failed to produce them during

11   discovery despite Plaintiffs requests and motions to compel Defendant to do so.  After reviewing

12   the record and procedural history of the case, the Court denied Plaintiffs' motion because

13   Defendant's withholding of those documents during discovery and use of them at trial, if any

14   existed, would not unfairly prejudice Plaintiffs.  The Court noted that the parties agreed to limit

15   the scope of Plaintiffs' request for disciplinary documents, [2] and that in light of this agreement,

16   Defendant had no duty and was not compelled by the Magistrate Judge to produce disciplinary

17   documents beyond the scope of their agreement, if any existed.  Doc. No. 347 at 29-30 (citing

18   Doc. No. 229 at 5).

19        The Court's reasoning with respect to Plaintiffs' motion in limine No. 1 is applicable to

20   Plaintiffs' current Trial Brief.  Specifically, Plaintiffs' lack of disciplinary records to present to the

21   jury is not due to Defendant's failure or breach of duty to produce them; rather, Plaintiffs agreed to

22   exclude from its request for disciplinary documents, as noted by the Magistrate Judge, "those

23   records only available through review of individual employee personnel files."  Doc. No. 347 at 29

24   (citing Doc. No. 295-1 at 3); Doc. No. 229 at 5.  Thus, if any disciplinary records beyond the

25   scope of the parties' agreement existed, then Plaintiffs cannot fault Defendant for failing to

26

27   _____

[2] On December 7, 2018, the parties met and conferred and agreed to exclude from Plaintiffs' request for disciplinary
28   documents "those records only available through review of individual employee personnel files."  Doc. No. 347 at 29
     (citing Doc. No. 295-1 at 3).

produce them.[3]  <u>See</u> Doc. Nos. 347 at 29-30 & 229 at 5.  At any rate, Defendant submitted sworn testimony to the Court that Leprino has no record of documented discipline issued to any hourly employee at its Lemoore West facility from May 8, 2013 to March 31, 2020 for not responding to a supervisor or any other employee about a work-related matter, or for failing to return to work when requested to do so by a supervisor or any other employee, while the hourly employee was on a meal or rest break.  Doc. No. 243-2 at 3-4.  Thus, Defendant's opening statement to the jury regarding lack of disciplinary records for failing to respond to supervisors or radios during breaks was not so improper or prejudicial to Plaintiffs so as to warrant a curative instruction.  In any event, the Court instructed the jury on multiple occasions that all matters discussed in opening statements are not evidence in the case.  Doc. No. 395 at 10.  These instructions "help[ed] neutralize the possible prejudicial effect" of any improper statements made during open statement.  <u>United States v. Monks</u>, 774 F.2d 945, 955 (9th Cir. 1985); <u>see also</u> <u>United States v. Necoechea</u>, 986 F.2d 1273, 1280 (9th Cir. 1993).  Accordingly, the Court will deny Plaintiffs' Trial Brief.

**Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Trial Brief (Doc. No. 373) is denied.

IT IS SO ORDERED.

Dated:   March 27, 2023   

_____

SENIOR  DISTRICT  JUDGE

---

[3] While the Court acknowledges that Plaintiffs filed a motion to compel production of these disciplinary records, there is no evidence in the record that the parties terminated their December 7, 2018 agreement or that Plaintiffs propounded another request for production of documents to which this agreement did not apply.