# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ISAIAS VASQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**LEPRINO FOODS COMPANY, a Colorado Corporation,**<br><br>**Defendant.** | **CASE NO. 1:17-cv-00796-AWI-BAM**<br><br>**ORDER ON DEFENDANT'S TRIAL BRIEF REGARDING ALLEGED JUDICIAL ADMISSIONS AND PROPOSED JURY INSTRUCTION**<br><br>(Doc. No. 387) |

Pending before the Court is Defendant Leprino Foods Company's March 21, 2023 Trial Brief, which requests the Court to exclude any further evidence about Leprino's on-premises rest break rule, and to instruct the jury that it must accept as fact that Leprino's written meal and rest break policies were compliant with the law during the class period. Doc. No. 387 at 5. Additionally, Defendant's Trial Brief requests that the Court instruct the jury that they may not consider the fact that Leprino's rest break policy required employees to remain on the premises during a portion of the class period as a factor in determining whether Leprino required class members to be on-call during rest breaks. Id. For the reasons that follow, the Court will grant in part and deny in part Defendant's Trial Brief.

**Discussion**

*Defendant's Argument*

Defendant contends that Plaintiffs are arguing a non-certified theory of liability to the jury that is not contained in the Court's Final Pretrial Order. Specifically, Plaintiffs are allegedly arguing that Leprino's written rest break policy was facially unlawful, despite stating on multiple occasions throughout the course of this litigation that the written policy was facially compliant with the law. According to Defendant, Plaintiffs' past statements are judicial admissions that they now cannot contradict. Defendant also asserts that Plaintiffs failed to expressly state in their Joint Pretrial Statement that they plan to rely on the text of Leprino's written rest break policy to prove that class members were on-call during their rest breaks. Defendant further requests that if the Court allows Plaintiffs to continue to present evidence and argument regarding Leprino's on-premises rest break rule, then the Court should instruct the jury as to the California Department of Industrial Relations' change of guidance in November 2017 regarding the rest period obligations of employers.

*Plaintiff's Argument*

Plaintiffs contend that their arguments regarding Leprino's written rest break policy are not intended to prove that it was facially unlawful but rather to impeach Defendant's argument that class members were free to leave the facility entirely during their rest breaks. According to Plaintiffs, Defendant raised its free-to-leave-facility defense for the first time when it filed its motion for summary judgment (Doc. No. 243). Therefore, Defendant should have expected beginning at that time that Plaintiffs would eventually attempt to rebut Defendant's free-to-leave-facility defense by pointing to language in Leprino's written rest break policy that prohibited class members from leaving the facility during their rest breaks. Furthermore, Plaintiffs argue that they are entitled to discuss Leprino's written on-premises rest break rule at trial because Defendant added as a disputed fact in the Joint Pretrial Statement whether Leprino required class members to remain at the facility during all rest breaks, and because Defendant made several remarks in defense at trial that class members regularly left the plant for their rest breaks.

*Discussion*

The Court notes as an initial matter that the written rest break policy containing the on-premises rest break rule in question has already been admitted into evidence as Plaintiff's Exhibit 2-13 without objection. See Doc. No. 384 at 172:15-23. Given this admission and Defendant's multiple statements in defense that class members were free to leave the Lemoore West facility during their rest breaks, the Court will deny Defendant's request to exclude any further evidence or argument by Plaintiffs regarding the above on-premises rest break rule. That is, the Court will not preclude Plaintiffs from presenting evidence or argument regarding Leprino's on-premises rest break rule to rebut Defendant's defense that class members were free to leave the Lemoore West facility entirely during their rest breaks. See Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 601 (9th Cir. 1991) ("The district court has broad discretion in deciding what constitutes proper rebuttal evidence."). Leprino's written rest break policy is relevant to the certified issue of whether Leprino's policies and practices effectively put class members on-call during their breaks, and evidence and testimony have been admitted for the jury to see what Leprino was aiming to provide with its written rest break policy and how it related to its unwritten practices.

Nevertheless, as Plaintiffs concede, Plaintiffs have not and thus may not argue to the jury that Leprino's written rest break policy was facially unlawful or that it expressly required class members to be on-call during their rest breaks. Plaintiffs admitted on multiple occasions that they are not arguing that Leprino's written rest break policy was facially unlawful. Therefore, the Court will provide the following limiting instruction to the jury:

> Several pages from Defendant's employee handbook have been admitted into evidence. One of the pages in effect until October 2017 states the following: "All employees must remain on facility property during their 20-minute paid rest breaks." You may consider this statement for the sole purpose of rebutting Defendant's argument that class members were free to do and go about as they wished, including leaving the facility property, during their rest breaks. You may not consider this evidence for any other purpose. How much weight, if any, to give this evidence is a question for you to decide.

//

//

If Plaintiffs attempt to argue to the jury that the policy was facially unlawful or that it required class members to be on-call during rest breaks, then Defendant may object and the Court will address the matter accordingly.[1]

### Order

Accordingly, IT IS HEREBY ORDERED that:

- Defendant's Trial Brief (Doc. No. 387) is granted in part and denied in part as explained above; and

- Defendant's Request for Judicial Notice (Doc. No. 371) is denied.

IT IS SO ORDERED.

Dated:   April 3, 2023                                     _____
                                                           SENIOR DISTRICT JUDGE

---

[1] Defendant's Trial Brief references Defendant's Request for Judicial Notice regarding screenshot photos of the following California governmental agency webpages: (1) the Department of Industrial Relations ("DIR") webpage containing their FAQ on the topic of "Rest Periods/Lactation Accommodation" (https://www.dir.ca.gov/dlse/FAQ_RestPeriods) as it existed on November 1, 2017, and (2) the DIR webpage containing their FAQ on the topic of "Rest Periods/Lactation Accommodation" (https://www.dir.ca.gov/dlse/FAQ_RestPeriods) as it existed on December 1, 2017. See Doc. No. 387 at 13-14 (citing Doc. No. 371). According to Defendant's Trial Brief, these two DIR webpages show that the DIR changed its guidance to California employers in November 2017 following the California Supreme Court's decision in Augustus v. ABM Sec. Servs., Inc., 2 Cal.5th 257 (2016), and that Leprino changed its written rest break policy to reflect this change. Doc. No. 387 at 13-14.

At trial, Steven Schmidt testified that Leprino's change to its written rest break policy was "in response to the late 2016 California Supreme Court [Augustus] decision" and "articles for human resources professionals." He made no reference to the DIR webpage. In light of Schmidt's testimony and the Court's limiting instruction above, the Court will deny Defendant's Request for Judicial Notice on relevance grounds. See Neylon v. Cty. of Inyo, 2016 U.S. Dist. LEXIS 161326, *10 (E.D. Cal. Nov. 18, 2016) ("[I]f an exhibit is irrelevant or unnecessary to deciding the matters at issue, a request for judicial notice may be denied.") (citing Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1410 n. 2 (9th Cir. 1990) and Thompson v. DeLallo's Italian Foods, Inc., 63 F.Supp.3d 1200, 1205 n.4 (E.D. Cal. 2014)).