# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ISAIAS VASQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals,**<br><br>Plaintiffs,<br><br>v.<br><br>**LEPRINO FOODS COMPANY, a Colorado Corporation,**<br><br>Defendant. | CASE NO. 1:17-cv-00796-AWI-BAM<br><br>**ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION OF TRIAL BRIEF REGARDING CURATIVE INSTRUCTION**<br><br>(Doc. Nos. 373, 403) |

Pending before the Court is Plaintiff class representatives Isaias Vasquez and Linda Hefke's ("Plaintiffs") March 29, 2023 Motion for Reconsideration of Plaintiff's Trial Brief (Doc. No. 373), which requested that the Court instruct the jury to disregard Defendant Leprino Foods Company's representations that there is no evidence of class members being disciplined for not responding to their supervisors or radios during breaks. Doc. No. 403. Plaintiffs' Motion requests that the Court (1) strike from evidence Steven Schmidt's statements about any of the personnel records he did not personally review for lack of foundation; (2) issue a curative instruction informing the jury that Leprino failed to produce and meaningfully review 6,000 disciplinary records of Class Member to determine whether anyone was disciplined for not responding to a supervisor or radio during a break; and (3) order immediate production of the some 6,000 records Schmidt mentioned in his testimony. Id. at 2. For the reasons that follow, the Court will grant in part and deny in part Plaintiffs' motion.

**Background**

Before the class was certified, Plaintiffs propounded Request for Production of Documents Nos. 24 and 27 to Defendant, seeking all records relating to discipline issued to class members for failing to respond to superiors or radios during breaks. See Doc. No. 373 at 3; Doc. No. 283-1 at 2. On May 21, 2018, Defendants objected to these requests on the grounds that they were vague and ambiguous, overly broad, not proportional to the needs of the pre-certification stage, violative of privacy rights and attorney-client privilege, and unduly burdensome in that they would require review of individual employee files. Doc. No. 283-2 at 18-21. On December 7, 2018, the parties met and conferred and, thereafter, agreed that Request No. 24 sought all documented discipline against putative class members for insubordination with managers or supervisors, except for those records only available through review of individual employee personnel files. Doc. No. 295-1 at 3. The parties also agreed that Request No. 27 sought all documented discipline against putative class members for a failure to communicate on radio/walkie talking during meal or rest periods, except for those records only available through review of individual employee personnel files. Id.

On December 7, 2018, Plaintiffs filed a motion to compel production of the above documents. Doc. No. 32. On February 1, 2019, Defendants provided supplemental responses to Plaintiffs' Request Nos. 27 and 24, stating that no responsive documents existed for Request Nos. 24 and 27. Doc. No 295-1 at 123-25; Doc. No. 225 at 4. After several informal discovery dispute conferences, the Magistrate Judge denied Plaintiff motion to compel on the grounds that the responsive documents did not exist. Doc. No. 74.

Plaintiffs thereafter filed another motion to compel supplemental responses to Requests No. 24 and 27. Doc. No. 223 at 2. On June 29, 2021, the Magistrate Judge denied this motion, noting that given the parties' agreement over the scope of Request No. 24 ("all documented discipline against putative class members for insubordination with managers or supervisors, except for those records only available through review of individual employee personnel files.") and Request No. 27 ("all documented discipline against putative class members for a failure to communicate on radio/walkie talkie during meal or rest periods, except for those records only available through review of individual employee personnel files."), Defendants' response that they

found no non-privileged responsive documents after conducting a diligent search precluded the Court from compelling Defendants under Rule 26(e) to supplement their responses. Doc. No. 229 at 5. On July 6, 2021, Plaintiffs filed Objections to the Magistrate Judge's order, Doc. No. 232, but subsequently withdrew them on July 21, 2021. Doc. No. 242.

On January 14, 2022, in its summary judgment motion, Leprino asserted that it reviewed its disciplinary records and determined that "Leprino has no record of any discipline issued to any hourly employee due to an employee's failure to respond to a supervisor during a meal or rest break about a work-related matter." Doc. No. 243 at 20. Specifically, Leprino's Senior Director of Production Human Resources & Safety Steven Schmidt submitted a signed declaration stating:

> In the ordinary course of business, Leprino keeps records of discipline issued to our employees. I am familiar with the company's employee disciplinary records, specifically including the discipline records for employees at LEW. For the time period of May 8, 2013 through March 31, 2020, the company has records of documented discipline issued to hourly employees at LEW for: (1) taking long breaks, (2) taking short breaks, and (3) failing to clock in or out for a meal break. During that same time period of May 8, 2013 through March 31, 2020, the company has no record of documented discipline issued to any hourly employee at LEW for not responding to a supervisor or any other employee about a work-related matter while the hourly employee was on a meal or rest break. Similarly, during that same time period of May 8, 2013 through March 31, 2020, the company has no record of documented discipline issued to any hourly employee at LEW for failing to return to work when requested to do so by a supervisor or any other employee while the hourly employee was on a meal or rest break. The lack of discipline for such a failure is not surprising to me because Leprino policy provides for hourly employees to be relieved of all duty during their breaks and the company does not expect them to respond about work during their breaks.

Doc. No. 243-2 at 3-4.

On January 20, 2023, Plaintiffs filed their Motion in Limine No. 1, which looked to preclude Defendant from presenting at trial any written disciplinary records relating to class members that Defendant did not produce during discovery. Doc. No. 283. In light of the Magistrate Judge's order and the parties' December 7, 2018 agreement over the scope of Request Nos. 24 and 27, the Court denied Plaintiffs' motion to the extent that the Court would not preclude Defendant from presenting at trial disciplinary records that were "only available through review of individual employee personal files." Doc. No. 347 at 30. The Court noted that "although these documents might be prejudicial to Plaintiffs, they are not unfairly prejudicial because Plaintiffs themselves agreed to the carve outs in Request Nos. 24 and 27." Id.

On March 16, 2023, after the start of trial, Plaintiffs filed a Trial Brief requesting that the Court instruct the jury to disregard Defendant's representations that there is no evidence of class members being disciplined for not responding to their supervisors or radios during breaks. Doc. No. 373. Plaintiffs' Trial Brief also requested that the Court preclude Leprino from making these arguments throughout the remainder of trial. Id.; Doc. No. 396 at 2-3. After Defendant filed an Opposition on March 24, 2023, the Court issued an order denying Plaintiffs' Trial Brief. Doc. No. 397. The Court stated that its reasoning with respect to Plaintiffs' motion in limine No. 1 was applicable to Plaintiffs' Trial Brief in that Plaintiffs' lack of disciplinary records to present to the jury was not due to Defendant's failure or breach of duty to produce them but rather due to the parties' December 7, 2018 agreement to exclude from Request Nos. 24 and 27, as noted by the Magistrate Judge, "those records only available through review of individual employee personnel files." Id. at 3; see also Doc. No. 347 at 29 (citing Doc. No. 295-1 at 3); Doc. No. 229 at 5. The Court further noted that there was "no evidence in the record that the parties terminated their December 7, 2018 agreement or that Plaintiffs propounded another request for production of documents to which this agreement did not apply." Doc. No. 397 at 4 n.3. Moreover, the Court stated that "[a]t any rate, Defendant submitted sworn testimony to the Court that Leprino has no record of documented discipline issued to any hourly employee at its Lemoore West facility from May 8, 2013 to March 31, 2020 for not responding to a supervisor or any other employee about a work-related matter, or for failing to return to work when requested to do so by a supervisor or any other employee, while the hourly employee was on a meal or rest break." Id. at 4 (citing Doc. No. 243-2 at 3-4). The Court denied Plaintiffs' Trial Brief based in part on this sworn testimony.

On March 28, 2023, Steven Schmidt testified at trial that Leprino "had all of the employee files pulled" from the class period, and Leprino's legal department "went through all of the disciplinary actions that were issued in that time period" and prepared a summary report. There were over 6,000 instances of documented discipline, and approximately 1,400 of them related to meal or rest breaks. Schmidt reviewed the summary report and approximately 100 of the discipline records. Based on the legal department's and his review of the disciplinary records, Schmidt testified that none of the disciplinary records pertained to not being available or

4

responsive during meal or rest breaks.

On March 29, 2023, Plaintiffs filed a Motion for Reconsideration of Plaintiff's Trial Brief. Doc. No. 403.

## **Legal Standard**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**Discussion**

*Plaintiffs' Argument*

Plaintiffs argue that Schmidt's testimony at trial demonstrates that he lacks foundation to testify regarding what Leprino's some 6,000 disciplinary records said or did not say, and that Leprino's refusal to produce these records violated Rule 26 and the parties' December 2018 agreement. As a result, Plaintiffs assert that Schmidt's testimony on direct examination regarding disciplinary records should be stricken from the record. Plaintiffs also argue that a curative instruction is warranted because Schmidt's testimony confirmed that Leprino withheld disciplinary records that fell within the scope of the parties' December 2018 agreement. Furthermore, Plaintiffs contend that there is no reliable evidence of the December 2018 agreement that Leprino would get to withhold disciplinary records found within personnel files.

*Defendant's Argument*

Defendant argues that Schmidt had sufficient foundation to testify regarding Leprino's disciplinary records because he was intimately involved in the audit of the records, personally reviewed a representative sample of the records, and analyzed Leprino legal department's summary of the audit. Defendant further argues that even if Schmidt's testimony was prejudicial to Plaintiffs, that prejudice was neutralized by Plaintiffs' cross examination of Schmidt. Moreover, Defendant asserts that Schmidt's testimony does not show that Leprino violated the parties' December 2018 agreement or Rule 26, because his testimony had nothing to do with what happened during discovery or the agreement. Defendant also argues that Plaintiffs failed to present evidence that the December 2018 agreement does not exist, and that the Court need not address this issue or any other issue not raised in Plaintiffs' underlying Trial Brief at the motion for reconsideration phase.

*Discussion*

Plaintiffs' Motion for Reconsideration argues that in light of Schmidt's testimony at trial, (1) his testimony regarding Leprino's review of disciplinary records should be stricken for lack of foundation; (2) a curative instruction should be issued because Schmidt's testimony confirmed that Leprino withheld responsive discipline records outside the personnel files; and (3) Leprino

6

should be ordered to produce the 6,000 disciplinary records that Schmidt mentioned in his testimony.  Doc. No. 403.

A witness "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  "Evidence to prove personal knowledge may consist of the witness's own testimony," id., and personal knowledge "may consist of what the witness thinks he knows from personal perception." Id. advisory committee's note.  A witness who testifies to a fact which can be perceived by the senses "must have had an opportunity to observe, and must have actually observed the fact." Id.

Here, the Court finds that Schmidt did not have sufficient personal knowledge of the contents of the discipline records that he referenced in his trial testimony.  The parties do not dispute that Schmidt based his testimony on his review of the Leprino legal department's "summary" of the 6,000 some records and on his review of approximately 100 of those records.  Neither do the parties dispute that Schmidt did not personally review approximately 5,900 of the 6,000 records.  While foundation has been laid for Schmidt to testify regarding the 100 some records, Schmidt may not provide an oral summary of the remaining 5,900 without first meeting the requirements of Rule 1006.  United States v. Aubrey, 800 F.3d 1115, 1130 (9th Cir. 2015) ("Where records are voluminous, a summary, either oral or written, may be received in evidence.  However, the summary must meet the requirements of Rule 1006.") (citing Sam Macri & Sons, Inc. v. U.S. for Use of Oaks Const. Co., 313 F.2d 119, 128-29 (9th Cir. 1963)).  That is, Schmidt's oral summary of the voluminous records may not be received in evidence unless originals or duplicates of the voluminous writings are first made available for examination or copying, or both, by Plaintiffs at a reasonable time and place.  Id.  (citing Fed. R. Evid. 1006).  Because Defendant did not produce the 6,000 some disciplinary records to Plaintiffs, Schmidt's summarizing testimony of the documents was improper.[1]  Therefore, the Court will strike and instruct the jury

---

[1] Defendant cites several cases in support of its position.  See Doc. No. 405 at 5-6 (citing Perez v. United Parcel Serv., 2021 WL 3665984, *9 (N.D. Cal. Aug. 18, 2021); Siebert v. Gene Sec. Network, Inc., 75 F. Supp. 3d 1108, 1122 n.5 (N.D. Cal. 2014); United States v. Soulard, 730 F.2d 1292, 1299 (9th Cir. 1984); Navel Orange Administrative Committee v. Exeter Orange Co., 722 F.2d 449, 453 (9th Cir.1983)).  However, these cases do not address Rule 1006, they do not involve audits or investigations of discipline reports, and they are fact specific.  See Perez, 2021 WL 3665984 (timecard fraud investigation); Siebert, 75 F. Supp. 3d at 1121 (project-based accounting); Soulard, 730 F.2d at 1299 (bank deposits analysis); Navel Orange, 722 F.2d at 453 (marketing order compliance investigation).

7

1   to disregard Schmidt's testimony that there are no discipline records of class members pertaining
2   to not being available or responsive during meal or rest breaks.

3   Because the Court will provide the instruction above, the Court will decline the proposed
4   jury instruction (Doc. No. 403-2) submitted with Plaintiffs' Motion for Reconsideration.  To the
5   extent Plaintiffs request additional instructions that Leprino was required but refused to produce
6   the some 6,000 discipline records to Plaintiffs, the Court will deny that request.  Plaintiffs again
7   have not provided any meaningful evidence that the December 2018 agreement does not exist or
8   that they propounded requests for production of documents to which this agreement did not apply.
9   Although Plaintiffs indicate that they previously filed a motion for sanctions against Defendant's
10  counsel for "falsely stating" that the agreement was in place, Doc. No. 406 (citing Doc. No. 63-1),
11  Plaintiffs concede that they withdrew that motion.  Id. (citing Doc. No. 67).  Further, when the
12  Magistrate Judge subsequently denied Plaintiffs' motion to compel further responses to Request
13  Nos. 24 and 27 based on the December 2018 agreement, Doc. No. 229, Plaintiffs did not object to
14  the Magistrate Judge's order on the basis that the agreement did not exist, and at any rate,
15  Plaintiffs subsequently withdrew their objections to the Magistrate Judge's order.  Doc. No. 242.
16  Plaintiffs also did not argue, nor provide good cause for why they did not argue, in their
17  underlying Trial Brief that the December 2018 agreement did not exist.  See Rosenfeld v. United
18  States Dep't of Justice, 57 F.3d 803, 811 (9th Cir. 1995) (finding that district court did not abuse
19  its discretion in declining to consider an argument raised for the first time on reconsideration
20  without a good excuse).  Therefore, the Court will deny Plaintiffs' Motion for Reconsideration to
21  the extent it argues that the December 2018 agreement does not exist.  Accordingly, the Court will
22  not instruct the jury to disregard Defendant's opening statement regarding what they will not see
23  because "Plaintiffs' lack of disciplinary records to present to the jury is not due to Defendant's
24  failure or breach of duty to produce them; rather, Plaintiffs agreed to exclude from its request for
25  disciplinary documents, as noted by the Magistrate Judge, 'those records only available through
26  review of individual employee personnel files.'"  Doc. No. 397 (citing Doc. No. 347 at 29 & Doc.
27  No. 295-1 at 3); Doc. No. 229 at 5.  The Court will also exercise its discretion and deny Plaintiffs'
28  request that the Court compel Defendant to immediately produce the some 6,000 discipline

8

records referenced in Schmidt's testimony during trial.  Plaintiffs have not presented any binding authority for such a request, and as stated above, Plaintiffs have not shown that the December 2018 agreement does not exist.

### Order

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration (Doc. No. 403) is granted in part and denied in part as explained above.

IT IS SO ORDERED.

Dated:   April 4, 2023                              _____
                                                     SENIOR DISTRICT JUDGE