**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAIAS VASQUEZ and LINDA HEFKE on behalf of all other similarly situated individuals,<br><br>    Plaintiffs,<br><br>    v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No.: 1:17-cv-0796 JLT BAM<br><br>Consolidated with:<br>1:13-cv-02059-JLT-BAM<br>1:15-cv-00105-JLT-BAM<br>1:17-cv-00686-JLT-BAM<br>1:18-cv-01404-JLT-BAM<br>2:20-cv-00700-JLT-BAM<br><br>FINAL ORDER AND JUDGMENT |

Previously, the Court issued an order granting final approval of the "Settlement Agreement and Release." (Doc. 477.) The parties now request a final judgment be issued, consistent with the terms of their agreement and final approval. (*See* Doc. 478; *see also* Doc. 462-1 at 12, ¶ 20.) Accordingly, the Court incorporates its prior findings (Doc. 477) and **ORDERS**:

    1.    The Court adopts definitions for terms set forth in the "Settlement Agreement and Release."

    2.    Upon the Effective Date, Participating Class Members shall be deemed to have fully and finally released all claims under state, federal or local law, whether statutory, common law or administrative law, alleged in the operative complaints in the Action, or that could have been alleged based on the factual allegations in the operative complaints in the Action, including: (1) Failure to Pay

Minimum Wage; (2) Failure to Pay Overtime Wages; (3) Failure To Provide Meal Periods and Failure to Pay One Hour of Pay at Regular Rate of Compensation; (4) Failure To Provide Rest Periods and Failure to Pay One Hour of Pay at Regular Rate of Compensation; (5) Failure to Furnish Accurate Wage Statements; (6) Failure to Pay Earned Wages Upon Termination; (7) Conversion; and (8) Unfair Competition in Violation of California Business and Professions Code Section 17200, et seq., including, but not limited to, claims for injunctive relief; punitive damages; liquidated damages, penalties of any nature; interest; fees; costs; and all other claims and allegations made or which could have been made based on the allegations in the operative complaints in the Action, from November 15, 2009 through the Release Date.  zThe released claims specifically include all claims for alleged violations of California Labor Code sections 201, 202, 203, 204, 210, 218, 218.5, 218.6, 225.5, 226, 226.3, 226.6, 226.7, 510, 512, 558, 1174, 1194, 1194.2, 1197.1, 1198, and 2699; California Code of Civil Procedure sections 382 and 1021.5, and applicable Wage Orders.

3. Plaintiffs Vasquez, Hefke, Finder, Talavera, Perez, Howell, and Walter make an additional general release, as defined in the Settlement.

4. Plaintiffs expressly waive all rights and benefits under California Civil Code § 52, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlement with the debtor or released party.**

5. Nothing in this Judgment shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the payment required in accordance with the Agreement.

6. Based upon the "Order Granting Final Approval of Settlement" (Doc. 477), the Court hereby enters final judgment in this action, as defined in Rule 58(a)(1) of the Federal Rules of Civil Procedure.

7. Without affecting the finality of this Judgment in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Judgment and the Settlement.

8. The Parties are **ORDERED** to comply with the terms of the Settlement and Order Granting Final Approval, including bearing their own costs and attorneys' fees except as provided in the Settlement and ordered by the Court.

9. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 26, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE